UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v.  : | Case No.: 21-cr-564 EGS |
| : | |
| MATTHEW DASILVA, : | |
| : | |
| Defendant. : | |

### UNITED STATES' UNOPPOSED MOTION TO CONTINUE AND TO EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT AND MOTION TO CONTINUE STATUS HEARING

The United States of America hereby moves this Court for a 60-day continuance of the status conference set for January 11, 2021, and to exclude the time within which the trial must commence under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq*., on the basis that the ends of justice served by taking such actions outweigh the best interest of the public and the defendant in a speedy trial pursuant to the factors described in 18 U.S.C. § 3161(h)(7)(A), (B)(i), (ii), and (iv) from the date this Court enters an Order on this motion through and including the date of the next hearing. In support of its motion, the Government states as follows:

### FACTUAL BACKGROUND

Defendant is charged in a seven-count indictment with violating 18 U.S.C. § 231(a)(3), Civil Disorder; 18 U.S.C. § 111(a)(1), Assaulting, Resisting, or Impeding Certain Officers; 18 U.S.C. § 1752(a)(1), Entering and Remaining in a Restricted Building or Grounds; 18 U.S.C. § 1752(a)(2), Disorderly and Disruptive Conduct in a Restricted Building or Grounds; 18 U.S.C. § 1752(a)(4), Engaging in Physical Violence in a Restricted Building or Grounds; 40 U.S.C. § 5104(e)(2)(D), Disorderly Conduct in a Capitol Building; and 40 U.S.C. § 5104(e)(2)(F), Act of Physical Violence in the Capitol Grounds or Buildings on January 6, 2021. The Government seeks

a continuance for the following reasons: (1) the United States continues to provide individualized discovery to Defendant, as well as global discovery generated from other sources; (2) after review of discovery the parties intend to engage in plea negotiations in an attempt to resolve this matter pretrial: and (3) failing successful plea negotiations and taking into account the exercise of due diligence, the Defendant and the Government will need reasonable time necessary to prepare for trial.

Since the prior hearing, the Government has provided a substantial portion of the most relevant, individualized discovery to counsel. However, it is continuing to provide additional individual discovery, and did so as recently as this past week. The Government is continuing to provide global discovery in the form of evidence from other charged defendants' devices, social media accounts, and other sources which has not yet been identified or examined. Thus, the Government seeks additional time to disclose discovery, allow counsel time to review and consider that discovery, and to engage in plea negotiations that could result in an agreeable plea that would preserve judicial resources.

## ARGUMENT

Section 3161(h) of the Speedy Trial Act sets forth certain periods of delay which the Court must exclude from the computation of time within which a trial must commence. As is relevant to this motion for a continuance, pursuant to subsection (h)(7)(A), the Court must exclude:

> Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A). This provision further requires the Court to set forth its reasons for

finding that that any ends-of-justice continuance is warranted. *Id.* Subsection (h)(7)(B) sets forth a non-exhaustive list factors that the Court must consider in determining whether to grant an ends-of-justice continuance, including:

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
>
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.
> . . .
>
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B)(i)(ii) and (iv). Importantly, "[i]n setting forth the statutory factors that justify a continuance under subsection (h)(7), Congress twice recognized the importance of adequate pretrial preparation time." *Bloate v. United States*, 559 U.S. 196, 197 (2010) (*citing* §3161(h)(7)(B)(ii), (B)(iv)). Finally, an interests-of-justice finding is within the discretion of the Court. *See, e.g., United States v. Rojas-Contreras*, 474 U.S. 231, 236 (1985); *United States v. Hernandez*, 862 F.2d 17, 24 n.3 (2d Cir. 1988).

In this case, an ends-of-justice continuance is warranted under 18 U.S.C. § 3161(h)(7)(A) based on the factors described in 18 U.S.C. § 3161(h)(7)(B)(i)(ii) and (iv). The need for a reasonable time to organize, produce, and review voluminous discovery is among multiple pretrial preparation grounds that Courts of Appeals have routinely held sufficient to grant continuances

and exclude the time under the Speedy Trial Act. *See, e.g., United States v. Bikundi*, 926 F.3d 761, 777-78 (D.C. Cir. 2019). The parties would like to engage in plea negotiations and request additional time to engage in those discussions. Accordingly, the ends of justice served by granting a request for a continuance outweigh the best interest of the public and Defendant in a speedy trial.

Government counsel notified Defendant's counsel of the filing of this motion, and she consents on behalf of her client to the motion.

WHEREFORE, the Government respectfully requests that this Court grant the motion to continue the Status Hearing set for January 7, 2022 and for an additional 60 days from the date this Court enters an Order on this motion through and including the date of the next hearing, and that the Court exclude the time within which the trial must commence under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, on the basis that the ends of justice served by taking such actions outweigh the best interest of the public and Defendant in a speedy trial pursuant to the factors described in 18 U.S.C. § 3161(h)(7)(A), (B)(i), (ii), and (iv).

    Respectfully submitted,

    MATTHEW M. GRAVES
    United States Attorney
    DC Bar No. 481052

    By: /s/ *Robert Juman*
    ROBERT JUMAN
    Assistant United States Attorney
    Bar No. NJ 033201993
    United States Attorney's Office, Detailee
    555 Fourth Street, N.W.
    Washington, DC 20530
    Phone: (786) 514-9990
    E-mail: Robert.juman@usdoj.gov