UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| V. ) | CASE NO: 1:21-CR-00564 |
| ) | |
| MATTHEW DASILVA, ) | |
| ) | |
| DEFENDANT. ) | |

**RULE 12(B) MOTION TO DISMISS COUNTS ONE, TWO, FIVE, AND SEVEN**

Pursuant to Rule 12(b)(1) of the Federal Rules of Criminal Procedure, without dispute of facts relevant to this motion and seeking pretrial resolution on a question of law, Defendant moves to dismiss Counts One, Two, Five, and Seven of the Superseding Indictment as Government's facts cannot constitute the offenses charged as a matter of law. See *United States v. Yakou*, 428 F.3d 241, 246 (D.C. Cir. 2005) (dismissing an indictment pretrial pursuant to Rule 12(b) where relevant facts were undisputed, only a question of law presented); *United States v. Nitschke,* 843 F. Supp. 2d 4, 8-9 (D.D.C. 2011) (dismissing an indictment pretrial when the relevant facts are undisputed and only a question of law is presented).

**I.   Background**

On January 26, 2022, the government filed a Superseding Indictment against Mr. DaSilva, alleging a total of seven counts against the defendant.

Count One is Civil Disorder, charged under 18 U.S.C. § 231(a)(3) ("Whoever commits or attempts to commit any act to obstruct, impede, or interfere with any fireman or law enforcement officer lawfully engaged in the lawful performance of his official duties incident to and during the commission of a civil disorder which in any way or degree obstructs, delays, or adversely affects commerce or the movement of any article or commodity in commerce or the conduct or performance of any federally protected function— Shall be fined under this title or imprisoned not more than five years, or both.").

Count Two is Assault on Law Enforcement, charged under 18 U.S.C. § 111(a)(1) ("Whoever… forcibly assaults, resists, opposes, impedes, intimidates, or interferes with any person designated in section 1114 of this title while engaged in or on account of the performance of official duties… shall, where the acts in violation of this section constitute only simple assault, be fined under this title or imprisoned not more than one year, or both, and where such acts involve physical contact with the victim of that assault or the intent to commit another felony, be fined under this title or imprisoned not more than 8 years, or both.")

Count Five is Engaging in Physical Violence in a Restricted Building or Grounds, charged under 18 U.S.C. § 1752(a)(4) ("Whoever… knowingly engages in any act of physical violence against any person or property in any restricted building or grounds… or attempts or conspires to do so, shall be punished as provided in subsection (b).").

Count Seven is an Act of Physical Violence in the Capitol Grounds or Buildings, charged under 40 U.S.C. § 5104(e)(2)(F) ("An individual or group of individuals may not willfully and knowingly… engage in an act of physical violence in the Grounds or any of the Capitol Buildings…").

A summary of the government's facts alleged against the defendant are as follows:

- The defendant was in the crowd of people in front of the Capitol on January 6, 2021.

- The defendant "pushed a flagpole against a door," constituting the Government's case against the defendant under Count One, even though there were no officers on either side of that door.

- In an email correspondence with defense counsel dated November 9, 2022, the government stated, "DaSilva was on the west front pushing a flag pole against a door… [these] actions relate to the 231 charge, and not the 111(a) charge."

- In a later email correspondence with defense counsel dated December 20, 2022, defense counsel committed the prosecutor to a prior statement of facts about the lack of officers present — "you [previously] confirmed that there were no officers on either side of the door that DaSilva was pushing closed," to which the prosecutor responded, "No change… there were no officers on the other side…".

- No damage to, nor destruction of, any property is alleged.

- The defendant was "in a group of rioters pushing against the officers defending the Lower West Terrace entrance to the Capitol," however he never personally pushed any officer. No assault or threat of infliction of death or bodily harm on an individual is alleged. He is accused of simply being present in the crowd.

- And, the defendant, with his bare hands, pushed "against the riot shield held by the officers," which did not result in any movement of the officers nor result in any other physical effect on them or the shield. No assault or threat of infliction of death

or bodily harm on an individual is alleged. No damage to, nor destruction of, any property is alleged.

- The government's allegation of felonious Forcible Assault under 18 U.S.C. § 111(a) is that the defendant committed an assault at 4:20 PM (pushing on a police shield) while possessing the "intent to commit another felony" (pushing a door closed with a flagpole) — referencing an alleged felony act under 18 U.S.C. § 231(a)(3) that took place almost two hours prior at 2:45 PM.

**II.  Legal Standard**

Rule 12(b)(1) states: "A party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits."

Rule 12(b)(1) allows the district court to consider facts in its dismissal of cases pre-trial and to dismiss the indictment when the facts alleged do not constitute the offense charged. See *United States v. Yakou*, 428 F.3d 241, 246 (D.C. Cir. 2005) (a district court may consider undisputed facts and dismiss an indictment before trial under Rule 12(b) based on a question of law); *United States v. Nitschke,* 843 F. Supp. 2d 4, 8-9 (D.D.C. 2011) (Judge Boasberg held that the government cannot prevent a pretrial dismissal of an indictment so long as the relevant facts are undisputed and only a question of law is presented); see also *United States v. Risk*, 843 F.2d 1059, 1061 (7th Cir. 1988) ("the government's own facts proffered to the defendant and the district court simply did not conform to the allegations in the indictment"); *United States v. Brown,* 925 F.2d 1301, 1304 (10th Cir. 1991) ("it is permissible and may be desirable where the facts are essentially undisputed, for the district court to examine the factual predicate for an

indictment to determine whether the elements of the criminal charge can be shown sufficiently for a submissible case"); *United States v. Hall*, 20 F.3d 1084 (10th Cir. 1994) (dismissing an indictment pursuant to Rule 12(b) based on undisputed evidence that the defendant was not present when the alleged crime was committed, establishing that he could not, as a matter of law, be charged with knowingly committing the indicted offense); *United States v. Levin*, 973 F.2d 463, 470 (6th Cir. 1992) (dismissal of an indictment is appropriate where undisputed facts showed that the government could not prove defendant's intent as a matter of law); *United States v. Phillips,* 367 F.3d 846, 855 & n. 25 (9th Cir. 2004). *Accord United States v. Chavez*, 460 F. Supp. 3d 1225 (D.N.M. 2020); *United States v. Lund*, No. CR16-4016-MWB (N.D. Iowa Mar. 15, 2016); *United States v. Marrowbone,* 102 F. Supp.3d 1101, 1105 (D.S.D. 2015); *United States v. Lafferty*, 608 F. Supp. 2d 1131 (D.S.D. 2009); *United States v. Edmonson*, 175 F. Supp. 2d 889 (S.D. Miss. 2001); *United States v. Rodriguez*, 931 F. Supp. 907 (D. Mass. 1996); *United States v. Brady*, 820 F. Supp. 1346 (D. Utah 1993). T

Counts Five and Seven deal with an "act of physical violence." The term "act of physical violence" is only defined in 40 U.S.C. § 5104. Pursuant to 40 U.S.C. § 5104(a)(1), the term "'act of physical violence' means any act involving— (A) an assault or other infliction or threat of infliction of death or bodily harm on an individual; or (B) damage to, or destruction of, real or personal property."

There is no case law discussing the definition of "act of physical violence" for any federal criminal charge. And, the term "physical violence" has not been defined in the D.C. Circuit.

The D.C. Circuit defines assault as an (a) attempt to cause or purposely, knowingly or recklessly cause bodily injury to another; or (b) negligently cause bodily injury to another with a deadly weapon; or (c) attempt by physical menace to put another in fear of imminent serious bodily injury. *United States v. Duran*, 96 F.3d 1495, 1509 (D.C. Cir. 1996).

### III. Argument

A) Count One.

Count One, charged under 18 U.S.C. § 231(a)(3), states:

> On or about January 6, 2021, within the District of Columbia, MATTHEW DASILVA committed and attempted to commit an act to obstruct, impede, and interfere with **a law enforcement officer** lawfully engaged in the lawful performance of his/her official duties incident to and during the commission of a civil disorder which in any way and degree obstructed, delayed, and adversely affected commerce and the movement of any article and commodity in commerce and the conduct and performance of any federally protected function.

Count One, necessarily, as an element of the offense, requires a law enforcement officer. Yet, counsel for the Government concedes that the facts underlying this accusation lack a law enforcement officer.

In an email correspondence with defense counsel dated November 9, 2022, the prosecutor stated, "DaSilva was on the west front pushing a flag pole against a door… [these] actions relate to the 231 charge, and not the 111(a) charge." The flag pole incident, however, did not involve law enforcement officers. Counsel for the Government admitted in at least two separate conversations with defense counsel that there was no law enforcement officer present on either side of that door. In an email correspondence between counsel dated December 20, 2022, defense counsel committed the prosecutor to a prior statement of facts about the lack of officers

present — "you [previously] confirmed that there were no officers on either side of the door that DaSilva was pushing closed," to which the prosecutor responded, "No change… there were no officers on the other side…"

Without being able to present any evidence of the presence of a law enforcement officer, the Government lacks the requisite evidence to sustain a conviction for Count One as a matter of law. Count One should be dismissed.

Count One should, alternatively or additionally, be dismissed on the independent grounds outlined in Defendant's Motion to Dismiss Counts One and Two, ECF No. 30.

B) Count Two.

Count Two, charged under 18 U.S.C. § 111(a)(1), states:

> On or about January 6, 2021, within the District of Columbia, MATTHEW DASILVA did forcibly **assault**, resist, oppose, impede, intimidate, and interfere with, an officer and employee of the United States, and of any branch of the United States Government (including any member of the uniformed services), while such person was engaged in and on account of the performance of official duties, and where the acts in violation of this section involve **physical contact with the victim** and **the intent to commit another felony.**

Count Two should be dismissed pursuant to the reasons outlined in Defendant's Motion to Dismiss Counts One and Two, ECF No. 30. Alternatively or additionally, Count Two should be dismissed for the Government's inability to factually prove the offense charged.

The Government alleges a felony on the grounds that the defendant either had physical contact with the victim or that the defendant had the intent to commit another felony.

The defendant, however, had no physical contact with the alleged victim. The Government's facts show that Defendant's contact was with a door and a shield, two inanimate

objects. Physical contact requires contact with *the body*. *See*, e.g., *Florence v. Board of Chosen Freeholders of County of Burlington*, 132 S. Ct. 1510, 1524 (2012) (Alito, S., concurring) (differentiating visual searches from those involving physical contact). And, neither the shield nor the door is "the victim" as is referenced in Count Two and § 111(a)(1), referring to an officer as a victim. Accordingly, the Government cannot sustain the allegation of physical contact with a victim.

Alternatively, the government seeks a felony conviction for the defendant allegedly having the intent, at the time of the alleged § 111(a)(1) assault, of committing *another felony*. The only other felony charged is Count One, under 18 U.S.C. § 231(a)(3). But, aside from the Government's inability to prove Count One, rendering reliance on it by Count Two defective, the facts underlying the allegations for Count One are alleged to have been committed at 2:45 PM. The facts underlying Count Two are alleged to have been committed at 4:20 PM. This means that the government relies on the allegation that the defendant had *already committed* a felony act *almost two hours prior*. But the charge requires a future intent, not a past one. The "intent to commit" language is necessarily referencing an act that has not yet been done, but that is expected to be done in some future period. The language used is "to commit" as opposed to "committed." Therefore, the Government's reliance on Count One as a predicate for a felony conviction under Count Two is rendered impossible by the temporal constraints of future behavior required by the language of Count Two and § 111(a)(1).

There is no legal path for the Government to reach a felony conviction under Count Two.

Moreover, and independently, as discussed in depth in ECF No. 30 and ECF No. 33, the Government's facts cannot constitute an assault as defined by law.

18 U.S.C. § 111(a)(1) does not authorize punishment for the allegation of someone who only "resists, opposes, impedes, intimidates, or interferes" with an officer, without having committed a simple assault, at a minimum. 18 U.S.C. § 111(a)(1) (penalizing the proscribed conduct narrowly: "… where the acts in violation of this section constitute only simple assault, be fined under this title or imprisoned not more than one year, or both, and where such acts involve physical contact with the victim of that assault or the intent to commit another felony, be fined under this title or imprisoned not more than 8 years, or both.") Accordingly, an assault is required for conviction under § 111(a)(1) of either a misdemeanor or felony version of the offense. See *United States v. Wolfname*, 835 F.3d 1214, 1218 (10th Cir. 2016).

"Assault" is defined in the D.C. Circuit as an (a) attempt to cause or purposely, knowingly or recklessly cause bodily injury to another; or (b) negligently cause bodily injury to another with a deadly weapon; or (c) attempt by physical menace to put another in fear of imminent serious bodily injury. *United States v. Duran*, 96 F.3d 1495, 1509 (D.C. Cir. 1996). The Government's facts do not allege any act capable of causing bodily injury to the alleged victim officer. A man pushing on a police shield with his hands, without any resulting effect therefrom, is incapable of causing an injury. (Indeed, a shield serves to shield the officer from injuries—those much worse than the pushing of hands.)

Washington D.C. sees its share of protests and its share of protesters' hands on police shields. As does the rest of the country. Yet the case law is bare of such prosecutions and convictions because such acts do not rise to the level of forcible assault under federal law.

Count Two should be dismissed.

<u>C) Count Five.</u>

Count Five, charged under 18 U.S.C. § 1752(a)(4), states:

> On or about January 6, 2021, within the District of Columbia, MATTHEW DASILVA did knowingly engage in any **act of physical violence** against any person and property in a restricted building and grounds, that is, any posted, cordoned-off, and otherwise restricted area within the United States Capitol and its grounds, where the Vice President was temporarily visiting.

The term "act of physical violence" has no direct definition in Chapter 18 of the U.S. Code, nor case law that assists in defining the term. This term is precisely defined in 40 U.S.C. § 5104, though the definition is limited to that section. 40 U.S.C. § 5104(a)(1) defines "act of physical violence" as "any act involving— (A) an assault or other infliction or threat of infliction of death or bodily harm on an individual; or (B) damage to, or destruction of, real or personal property."

Looking at the term "act of physical violence" through natural meaning, the term is more narrow— meaning the use of force against the body. The term "violence" is defined as "the use of physical force." *Black's Law Dictionary* 1601 (8th ed. 2004). The term "physical," which is not defined in either *Black's Law Dictionary* or *Ballentine's Law Dictionary,* is defined as "of or relating to the body" by *Mirriam Webster*. *Physical*, MERRIAM-WEBSTER DICTIONARY ONLINE, https://www.merriam- webster.com/dictionary/physical.

The D.C. Circuit defines assault as an (a) attempt to cause or purposely, knowingly or recklessly cause bodily injury to another; or (b) negligently cause bodily injury to another with a deadly weapon; or (c) attempt by physical menace to put another in fear of imminent serious bodily injury. *United States v. Duran*, 96 F.3d 1495, 1509 (D.C. Cir. 1996).

The definition of "act of physical violence" is likely narrower than the definition outlined in § 5104(a)(1), as this definition adds property damage into the scope, in addition to bodily injury. Nonetheless, for purposes of this Motion, even if the § 5104(a)(1) definition were to be applied in full to 18 U.S.C. § 1752(a)(4), the Government does not have evidence to constitute this crime.

The facts alleged by the government show Mr. DaSilva pushing closed a door and pushing with his hands on a police shield, without any resulting impact or effect on the officer alleged to be holding the shield. The actions do not and cannot cause bodily injury. The actions did not result in any property damage.

Because the facts of this case do not allege any act that is capable of causing bodily injury, infliction or threat of bodily harm, or damage to any property (if we apply the definition under 40 U.S.C. § 5104(a)(1)), as a matter of law, the Government cannot prove that Mr. DaSilva committed an "act of physical violence" as is required under 18 U.S.C. § 1752(a)(4). Accordingly, Count Five should be dismissed.

D) Count Seven.

Count Seven, charged under 40 U.S.C. § 5104(e)(2)(F), states:

> On or about January 6, 2021, within the District of Columbia, MATTHEW DASILVA willfully and knowingly engaged in an **act of physical violence** within the United States Capitol Grounds and any of the Capitol Buildings.

Pursuant to 40 U.S.C. § 5104(a)(1), applicable directly to this offense, the term "'act of physical violence' means any act involving— (A) an assault or other infliction or threat of

infliction of death or bodily harm on an individual; or (B) damage to, or destruction of, real or personal property."

The D.C. Circuit defines assault as an (a) attempt to cause or purposely, knowingly or recklessly cause bodily injury to another; or (b) negligently cause bodily injury to another with a deadly weapon; or (c) attempt by physical menace to put another in fear of imminent serious bodily injury. *United States v. Duran*, 96 F.3d 1495, 1509 (D.C. Cir. 1996).

The facts alleged by the government show Mr. DaSilva pushing closed a door and pushing with his hands on a police shield, without any resulting impact or effect on the officer alleged to be holding the shield.

The facts of this case do not allege any act that is capable of causing bodily injury, infliction or threat of bodily harm, or damage to any property. As a matter of law, the Government cannot prove that Mr. DaSilva committed an "act of physical violence" as is required under 40 U.S.C. § 5104(e)(2)(F). Accordingly, Count Seven should be dismissed.

## IV.  Conclusion

Defendant's Motion to Dismiss each of the enumerated four Counts should be granted as a matter of law.

Respectfully submitted,

By Counsel:

_____/s/_____
Marina Medvin, Esq.
*Counsel for Defendant*

MEDVIN LAW PLC
916 Prince Street
Alexandria, Virginia 22314
Tel: 888.886.4127
Email: contact@medvinlaw.com

**CERTIFICATE OF SERVICE FOR CM/ECF**

  I hereby certify that on January 16, 2023, I will electronically file the foregoing with the Clerk of the Court for the United States District Court for the District of Columbia by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users, and that service will be accomplished by the CM/ECF system.

          /s/
        Marina Medvin, Esq.