<strong>UNITED STATES DISTRICT COURT<br>FOR THE DISTRICT OF COLUMBIA</strong>

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| | : | |
| **v.** | : | **Case No.: 21-cr-564-CJN** |
| | : | |
| **MATTHEW DASILVA,** | : | |
| | : | |
| | : | |
| **Defendant.** | : | |

<strong><u>GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS COUNTS<br>ONE, TWO, FIVE AND SEVEN OF THE SUPERSEDING INDICTMENT</u></strong>

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits that this Court should deny defendant DaSilva's motion to dismiss Counts One, Two, Five and Seven (ECF No. 34).

<strong>FACTUAL BACKGROUND</strong>

The government incorporates by reference the factual background from its response to DaSilva's first motion to dismiss. *See* ECF No. 31.

<strong>ARGUMENT</strong>

**PRETRIAL DISMISSAL OF AN INDICTMENT IS IMPROPER WHERE THERE ARE DISPUTED FACTS**

DaSilva seeks dismissal of Counts One, Two, Five and Seven of the Superseding Indictment based on the premise that there is insufficient evidence to prove that he is guilty.

The D.C. Circuit has emphasized that "it is an 'unusual circumstance[ ]' for the district court to resolve the sufficiency of the evidence before trial because the government is usually entitled to present its evidence at trial and have its sufficiency tested by a motion for acquittal under Rule 29 of the Federal Rules of Criminal Procedure." *United States v. Yakou,* 428 F.3d 241, 247 (D.C. Cir. 2005) (quoting *United States v. Risk,* 843 F.2d 1059, 1061 (7th Cir. 1988)). Indeed,

"[i]f contested facts surrounding the commission of the offense would be of *any* assistance in determining the validity of the motion, Rule 12 doesn't authorize its disposition before trial." *United States v. Pope*, 613 F.3d 1255, 1259 (10th Cir. 2010). In *Yakou*, the Court permitted the dismissal of an indictment only because the motion was "based on a question of law" and the government had not made a timely objection to the motion. *See* 428 F.3d at 246-47. DaSilva cannot meet either of these conditions.

First, DaSilva's motion is not based on undisputed facts. The government has not stipulated to any facts, and DaSilva does not even offer to stipulate to any facts. Instead, DaSilva's motion is based on defense counsel's argumentative paraphrasing of the background facts in the government's opposition to DaSilva's first motion to dismiss (Br. 3) and informal email correspondence (Br. 6-7). That is not evidence, let alone undisputed fact.

Nor is defense counsel's paraphrasing accurate. For example, defense counsel claims that "the Government's case against the defendant under Count One" consists of the defendant pushing a flagpole against a door (Br. 3). That is incorrect. The evidence the government intends to use to establish DaSilva's guilt on the Civil Disorder charge in Count One is not limited to that evidence, but includes, for example, DaSilva's participation with a group of rioters in pushing against officers at around 4:20 p.m., and an attack on officers at about 4:33 p.m. Similarly, defense counsel claims that DaSilva "is accused of simply being present in the crowd" (Br. 3). But the government in fact contends that DaSilva was an active participant in the riot who, among other things, assaulted, interfered with, and impeded law enforcement officers during a civil disorder. DaSilva's intent is evidenced not only by his assault on officers, but also by, among other things, his efforts to block a door which *he believed* law enforcement officers were trying to get through and his

2

comments to law enforcement officers immediately after his assault.

Cases involving successful challenges concerning whether a defendant's conduct falls within the scope of a charged statute generally arise not under Rule 12 but following trials that establish the evidentiary record necessary to determine precisely what the defendant's conduct entailed. *See, e.g.*, *Marinello v. United States* 138 S. Ct. 1101, 1105 (2018) (considering scope of 26 U.S.C. § 7212(a) following defendant's conviction at trial); *Yates v. United States*, 574 U.S. 528, 534-35 (2015) (plurality opinion) (considering scope of the phrase "tangible object" in 18 U.S.C. § 1519 following defendant's conviction at trial). It is clear why that is so. In the absence of a set of undisputed facts, a factfinder cannot determine whether a defendant is guilty until after viewing the evidence at trial. In this case, for example, the question of whether DaSilva assaulted, resisted, or impeded federal officers cannot be answered without viewing, among other things, the video evidence of his assault on police. Only by viewing the actual evidence can the fact finder determine if DaSilva's attack on law enforcement involved merely "pushing on a police shield" as defense counsel describes it, or a concerted effort to force officers to give ground by pushing against them as well as attempting to wrest the riot shield from the police by pulling it away from them.

This case is unlike *Yakou;* DaSilva and the government have not agreed to or stipulated to any facts, the motion does not raise a pure question of law based on undisputed facts, and the government objects. The Court should permit the government to present its evidence and permit the factfinder to determine whether the government has proven the elements of the charged crimes.

**CONCLUSION**

For the reasons stated above, the defendant's motion should be denied.


          Respectfully submitted,

          MATTHEW M. GRAVES
          United States Attorney
          DC Bar No. 481052


By: /s/ *Robert Juman*
          ROBERT JUMAN
          Assistant United States Attorney
          Bar No. NJ 033201993
          United States Attorney's Office, Detailee
          555 Fourth Street, N.W.
          Washington, DC 20530
          Phone: (786) 514-9990
          E-mail: Robert.juman@usdoj.gov