UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| V. ) | CASE NO: 1:21-CR-00564 |
| ) | |
| MATTHEW DASILVA, ) | |
| ) | |
| DEFENDANT. ) | |

**DEFENDANT'S REPLY TO GOVERNMENT'S RESPONSE TO
RULE 12(B) MOTION TO DISMISS COUNTS ONE, TWO, FIVE, AND SEVEN**

In ECF No. 35, the Government's Response to the Defendant's 12(b) Motion to Dismiss four enumerated counts of the Superseding Indictment, the Government opposes the defendant's motion, generally, and discusses two of the counts in detail, but does not particularly address why Counts Five and Seven should not be dismissed. While the Government argues a variety of secondary and even tertiary facts, the Government does not contest the basic facts underlying the defendant's argument for dismissal. The existence of disagreement on secondary and tertiary trial facts is irrelevant to deciding whether a legal claim can be sustained as a matter of law on an indispensable element of an offense that is simply missing from the fact pattern.

Counts Five and Seven deal with an "act of physical violence." The Government makes no claim that the defendant personally inflicted or threatened to inflict bodily injury, nor that he damaged any property— elements necessary to sustain a claim of physical violence. This basic issue is the only issue necessary for the resolution of the defendant's motion to dismiss Counts Five and Seven. While the Government argues about the defendant being in a crowd, he is not

charged with conspiracy nor any other offense that carries vicarious liability for the criminal conduct of others. The Government's arguments about treating the trial as a fishing expedition aren't persuasive to prevent dismissal. As per the defendant's Motion, ECF No. 34, Counts Five and Seven cannot be sustained as a matter of law and should be dismissed.

For Count Two, the Government claims a legal conclusion as a statement of fact: that *there is an assault because the defendant committed an assault*. A legal conclusion is not a statement of fact. The *factual allegation* for this element is physical contact with an inanimate object, a police shield. This is not contested by the Government. But this type of contact is not an assault recognized by federal law, as argued by the defendant in his prior pleadings, ECF No. 34 and ECF No. 30, and incorporated herein. For purposes of the defendant's motion, the underlying substantive facts for Count Two, contact with an inanimate object that did not and could not have resulted in a physical injury to a police officer, cannot be sustained as a matter of law. All other contested factual details are simply irrelevant to this determination.

For Count One, the Government broadens its claim to that of "DaSilva[] participat[ed] with a group of rioters in pushing against officers at around 4:20 p.m., and an attack on officers at about 4:33 p.m." But the Government takes lavish liberties with its words and the truth in this claim, and attempts to drive attention to evidence outside the scope of the Indictment. Mr. DaSilva did not come with any "group." That is why his charges reflect no connection to any other individuals of said "group." He was simply an individual who was standing in a crowd. *Mr. DaSilva was an individual in a crowd made up of thousands of other people.* As Mr. DaSilva was standing behind many people, all the way in the front of that crowd assaults could have occurred by unknown individuals. Those individuals have nothing to do with Mr. DaSilva. Mr. DaSilva

does not have vicarious liability for the actions of the unknown individuals in the crowd ahead of him. The Government's assertions are general and, quite frankly, not particularized to this defendant. When one individual in a crowd commits an offense, liability for that offense does not extend to members of a crowd based merely on their presence. Thus, if someone in that crowd attacked an officer, it does not create criminal liability under 18 U.S.C. § 231(a)(3) for other individuals standing in a crowd, somewhere removed, and behind the alleged attack, such as Mr. DaSilva. But this is all irrelevant to the issue at hand because **Mr. DaSilva is not charged for the conduct of others.**

The Government's *only* particularized evidence against Mr. DaSilva for Count One is holding a door closed, which they claim meets the law enforcement element of 18 U.S.C. § 231(a)(3) by means of the defendant's alleged imagination— an alleged fantasy for which, frankly, the Government has shown zero support. *He imagined it because we imagined him to imagine it*— is not a solid legal theory. This is simply not a coherent or credible prosecution. **There is no disagreement between the parties that no police officer was present in the Government's factual claim.** The parties simply disagree on what Mr. DaSilva imagined was behind that door. This is irrelevant to the resolution of the defendant's motion. For purposes of the defendant's 12(b) motion, the parties agree that no law enforcement officer was present at 2:45 PM when Mr. DaSilva held a door closed. The court can readily decide that Count One cannot be sustained as a matter of law without the *actual presence of a law enforcement officer*. **One cannot "obstruct, impede, or interfere with" an imaginary law enforcement officer!**

The crux of the evidentiary argument in the defendant's 12(b) motion is about what the evidence *lacks* as opposed to what the evidence *shows*.

In the alternative, and at best, the Government memo's factually-troubling argument against this Rule 12(b) motion proves the need for a factually-clear indictment that will direct the defendant on the exact factual theory of prosecution against him, as the defendant argued in ECF No. 30. The Government's argument for Counts One and Two shows that it is attempting to pull a case out of thin air because its unpartuclarized and overly broad indictment leaves a wide open door to do so.

Defendant's Motion to Dismiss each of the enumerated four Counts should be granted as a matter of law.

Respectfully submitted,

By Counsel:

_____/s/_____
Marina Medvin, Esq.
*Counsel for Defendant*
MEDVIN LAW PLC
916 Prince Street
Alexandria, Virginia 22314
Tel: 888.886.4127
Email: contact@medvinlaw.com

**CERTIFICATE OF SERVICE FOR CM/ECF**

I hereby certify that on January 30, 2023, I will electronically file the foregoing with the Clerk of the Court for the United States District Court for the District of Columbia by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users, and that service will be accomplished by the CM/ECF system.

_____/s/_____
Marina Medvin, Esq.