UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| V. ) | CASE NO: 1:21-CR-00564 |
| ) | |
| **MATTHEW DASILVA,** ) | |
| ) | |
| DEFENDANT. ) | |

### NOTICE OF SUPPLEMENTAL AUTHORITY

An opinion from this District was issued this week on what type of conduct is criminalized under 18 U.S.C. § 111(a), one of the legal issues raised in the defendant's Motions to Dismiss, ECF No. 30 and ECF No. 33, which he immediately submits for this Court's consideration.

On January 16, 2023, about a month after Defendant filed his Motion to Dismiss Counts One and Three, ECF No. 30, a defendant in a concurrent prosecution in the District of Columbia filed a motion making similar arguments, seeking to dismiss a Section 111(a) count in his indictment. See *United States v. Cua*, Case 1:21-cr-00107-RDM, Dkt. 269 (D.D.C. January 16, 2023).

On February 22, 2023, Judge Moss issued a written opinion in that matter, in preparation for a bench trial scheduled for defendant Cua on February 24, 2023. *United States v. Cua*, Case 1:21-cr-00107-RDM, Dkt. 288 (D.D.C. February 22, 2023). In it, Judge Moss opines that:

> The penalties clause [of 18 U.S.C. § 111(a)], thus, creates three categories of violations: (1) acts in violation of the statute that "constitute only simple assault" (the "simple-assault provision"); (2) acts in violation of the statute the "involve physical contact with the victim of that assault" (the "physical-contact provision"); and (3) acts in violation of the statute that "involve . . . the intent to commit another felony" (the "other-felony provision")…
>
> The Court agrees with Cua that the first two provisions require an assault…
>
> The other-felony provision, in contrast, makes no mention of an assault… Giving this language its ordinary meaning, then, a defendant can violate the other-felony prong of § 111(a) by, for example, forcibly "interfer[ing] with" a designated person who is engaged in the performance of her official duties, if "such" interference involves "the intent to commit another felony."
>
> …
>
> The Court … concludes… that the phrase "such acts" refers to the verbs listed in the introductory clause of § 111(a)—"Whoever . . . forcibly assaults, resists, opposes, impedes, intimidates, or interferes with . . . ." Two textual clues point decidedly in favor of this reading, and against Cua's reading, of the statute. First, the reference to "such acts" in the final clause of § 111(a) parallels the reference to "acts in violation of this section" in the preceding clause. Thus, read as a whole, the statute treats violations of § 111(a) as a misdemeanor "where the acts in violation of this section constitute only simple assault," and as a felony "where such acts involve physical contact with the victim of that assault or the intent to commit another felony." 18 U.S.C. § 111(a) (emphasis added). There is no question that the statutory reference to "the acts in violation of this section" refers to the verbs listed in the introductory clause—"assaults, resists, opposes, impedes, intimidates, or interferes with"—and the parallel structure of the penalties provisions leaves no doubt that "such acts" refers to the same litany of unlawful conduct. See, e.g., *United States v. Briley*, 770 F.3d 267, 273 (4th Cir. 2014) (noting that the felony provision's "such acts" language refers back to the original list of acts enumerated in § 111(a)(1)).

*Id*.

The defense respectfully disagrees with Judge Moss' view of the "other-felony" provision of 18 U.S.C. § 111(a) not requiring an assault, but agrees with his finding that "the first two provisions require an assault," for reasons previously stated in ECF No. 30, ECF No. 33, and pursuant to *United States v. Wolfname*, 835 F.3d 1214 (10th Cir. 2016).

Curiously, Judge Moss' opinion makes no reference to the case most relied upon by Mr. DaSilva, *United States v. Wolfname*.

Judge Moss, instead, concentrates on the predecessor to *Wolfname, United States v. Hathaway,* 318 F.3d 1001 (10th Cir. 2003). See *United States v. Cua*, Case 1:21-cr-00107-RDM, Dkt. 288, pp 19-23 (D.D.C. February 22, 2023).

In *United States v. Wolfname,* the 10th Circuit specifically addressed the change in the wording of § 111(a) after *Hathaway,* the same wording that Judge Moss is concerned with his decision—

> Essentially, Congress amended § 111(a) to replace the phrase "in all other cases" with a slightly modified version of the definition we gave that phrase in *Hathaway*. Compare *Hathaway*, 318 F.3d at 1008-09 (defining "all other cases" to include "any assault that involves actual physical contact or the intent to commit" certain felonies), with Court Security Improvement Act of 2007, Pub. L. No. 110-177, 121 Stat 2534 ("striking `in all other cases' and inserting `where such acts involve physical contact with the victim of that assault or the intent to commit another felony'").
>
> In short, the 2008 amendment didn't controvert our holding in Hathaway; instead, it effectively codified it. Thus, Hathaway remains good law. And under Hathaway, assault is an element of any § 111(a)(1) offense.
>
> …
>
> The circuits may be split on the meaning of § 111. But they're not split on the meaning of *Hathaway*. That opinion, as the Ninth Circuit has pointed out, "leaves no room for a [§ 111(a)] conviction that does not involve at least some form of assault." *Chapman*, 528 F.3d at 1219. *Accord Green*, 543 Fed.Appx. at 272 n.9; *Davis*, 690 F.3d at 135. Moreover, our analysis in *Hathaway* appears not only to have survived the 2008 amendment to § 111(a), but perhaps to have inspired it. See 153 Cong. Rec. S15789-01 (daily ed. December 17, 2007) (statement of Sen. Kyl) (indicating that 2008 amendment "codif[ied]" *Hathaway's* "thoughtful explanation" regarding meaning of phrase "in all other cases").

*Wolfname*, 835 F.3d at 1220-23.

In Footnote 3, *Wolfname* continues—



> ... circuits are also split on the meaning of the 2008 amendment itself. Compare *Davis*, 690 F.3d at 136 (concluding that amendment itself demonstrates Congress' intent to require proof of assaultive conduct), with *Williams*, 602 F.3d at 317 (concluding that amendment "supports the conclusion that § 111(a)(1) prohibits more than assault, simple or otherwise"); see also *United States v. Gagnon*, 553 F.3d 1021, 1025 n.4 (6th Cir. 2009) (stating that 2008 "amendment does little to clarify ... whether § 111 is limited only to assaults or includes all the actions spelled out in § 111(a)"). We decline to rely on this circuit split as persuasive evidence that the error in this case isn't plain for two reasons. First, both the Sixth Circuit in *Gagnon* and the Fifth Circuit in *Williams* were writing on a clean slate; neither had to take *Hathaway's* analysis into account in interpreting the 2008 amendment. Second, in discussing the amendment, both the Sixth Circuit in *Gagnon* and the Fifth Circuit in *Williams* elided Congress' use of the phrase "involve[s] physical contact with the victim of that assault." Court Security Improvement Act of 2007, Pub. L. No. 110-177, 121 Stat 2534 (emphasis added). In fact, the *Gagnon* court went so far as to replace that phrase with ellipses in quoting the amended version of the statute. 533 F.3d at 1025 n.4. Because this phrase unambiguously expresses that assault is an element of every felony § 111(a) conviction…

*Wolfname*, 835 F.3d at 1222, n.3.

Section 111(a) is one long sentence consisting of 127 words, separated into four main sections. The sentence structure and wordiness of the code have created significant confusion and circuit splits. Section 111(a) provides:

> (a)  In General.—Whoever—
>
> (1)  forcibly assaults, resists, opposes, impedes, intimidates, or interferes with any person designated in section 1114 of this title while engaged in or on account of the performance of official duties; or
>
> (2)  forcibly assaults or intimidates any person who formerly served as a person designated in section 1114 on account of the performance of official duties during such person's term of service,
>
> shall, where the acts in violation of this section constitute only simple assault, be fined under this title or imprisoned not more than one year, or both, and where such acts involve physical contact with the victim of that assault or the intent to commit another felony, be fined under this title or imprisoned not more than 8 years, or both.

It is near settled that a misdemeanor violation of § 111(a) requires proof of an assault. But the portion of § 111(a) that describes a felony offense *also* requires an assault for the offense, be it whether "such acts involve physical contact with the victim *of that assault*" or "the intent to commit another felony" during that assault. The words "*of that assault*" extend to both ways in which one can be found guilty of a felony offense under § 111(a). If the assaultive requirement was not meant to extend to the portion of the sentence referencing "intent to commit another felony," the phrase would have been separated by a comma.

*Compare the law* —

> shall, where the acts in violation of this section constitute only simple assault, be fined under this title or imprisoned not more than one year, or both, and where such acts involve physical contact with the victim of that assault or the intent to commit another felony, be fined under this title or imprisoned not more than 8 years, or both.

*With a version that has a comma*—

> shall, where the acts in violation of this section constitute only simple assault, be fined under this title or imprisoned not more than one year, or both, and where such acts involve physical contact with the victim of that assault**,** or the intent to commit another felony, be fined under this title or imprisoned not more than 8 years, or both.

(Even with a comma, it's unclear that "such acts" refer to the list of verbs found two subsections prior and how they modify the terms "the intent to commit another felony.")

Judge Moss' interpretation appears to conflict with the Rule of the Last Antecedent. *See Barnhart v. Thomas*, 540 U.S. 20, 26 (2003); *Lockhart v. United States*, 136 S.Ct. 958, 963 (2016) ("The rule reflects the basic intuition that when a modifier appears at the end of a list, it is easier to apply that modifier only to the item directly before it."). The penalty clause of § 111(a) lists the ways in which a defendant can be penalized, stating that, "where **the acts** in violation of

this section constitute only simple assault, be fined under this title or imprisoned not more than one year, or both, **and where <u>such acts</u> involve physical contact with the victim of that assault or the intent to commit another felony**, be fined under this title or imprisoned not more than 8 years, or both." Judge Moss reads the meaning of "such acts" as a list of terms found 89 words prior, instead of as referenced in the clause in which the term is located. In the clause where the penalty is found, the words "the acts" is defined as conduct that constitutes an "assault." Judge Moss' interpretation makes "it a heavy lift," as Judge Sotomayor characterized in *Lockhart,* an 89-word lift, in this case. *See* 136 S.Ct. at 963.

If the words "the intent to commit another felony" were separated by a comma from the "victim of that assault," then a stronger argument could be made that they reference conduct independent of the acts which constitute an assault. But there is no comma. The plain reading of the sentence combines the "such acts" that constitute "that assault" with "intent to commit another felony" into the offense penalized as a felony.

Accordingly, the supplemental authority is presented to the court for consideration, with notation of some agreement and some disagreement from the defense.

Respectfully submitted,

By Counsel:

_____/s/_____
Marina Medvin, Esq.
*Counsel for Defendant*
MEDVIN LAW PLC
916 Prince Street
Alexandria, Virginia 22314
Tel:  888.886.4127

Email: contact@medvinlaw.com

## **CERTIFICATE OF SERVICE FOR CM/ECF**

I hereby certify that on February 23, 2023, I will electronically file the foregoing with the Clerk of the Court for the United States District Court for the District of Columbia by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users, and that service will be accomplished by the CM/ECF system.

_____/s/_____
Marina Medvin, Esq.