# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| **V.** ) | CASE NO: 1:21-CR-00564-CJN |
| ) | |
| **MATTHEW DASILVA,** ) | |
| ) | |
| DEFENDANT. ) | |

### DEFENDANT'S SUPPLEMENTAL BRIEF ON THE PROPER READING OF 18 U.S.C. § 111(A)

Upon request of this Court, and upon closer consideration of the new supplemental authority, albeit non-binding, for the defendant's Motions to Dismiss, argued in ECF No. 30 and ECF No. 34, the defendant submits a supplemental brief on the proper reading of 18 U.S.C. § 111(a) in support of his oral argument at the hearing held on February 28, 2023.

## I) 18 U.S.C. § 111(A) SHOULD BE DEFINED PURSUANT TO THE MODEL PENAL CODE

### A) DISCUSSION

The term "simple assault," found in the penalty section of 18 U.S.C. § 111(a), is not defined anywhere in the federal criminal code.

The Supreme Court has stated that "the settled principle of statutory construction [is] that, absent contrary indications, Congress intends to adopt the common law definition of statutory terms." *United States v. Shabani*, 513 U.S. 10, 13 (1994). Based on this principle, some circuits, without deliberation as to any *contrary indications*, adopted what they claimed was the common

law definition of simple assault — "either a willful attempt to inflict injury upon the person of another, or by a threat to inflict injury upon the person of another which, when coupled with an apparent present ability, causes a reasonable apprehension of immediate bodily harm." *United States v. Stewart*, 568 F.2d 501, 504 (6th Cir. 1978); *United States v. Estrada-Fernandez*, 150 F.3d 491, 494 n. 1 (5th Cir. 1998); *United States v. Juvenile Male*, 930 F.2d 727, 728 (9th Cir. 1991). However, reliance on common law is incorrect in evaluating a federal assault statute written in terms unused in common law and instead utilizes verbiage of the Model Penal Code. Moreover, "common law assault" was not limited to a single definition, instead being defined in various ways by various courts. *See, e.g., Edwards v. State*, 4 Ga. App. 167, 169 (1908) (discussing the varying definitions of common law assault, concluding that "an intent to injure is the gist of the offense of assault; that it necessarily includes the idea of intended violence towards the person assaulted"). The D.C. Circuit has defined common law assault as, "an attempt with force or violence to do a corporal injury to another; and may consist of any act tending to such corporal injury, accompanied with such circumstances as denote at the time an intention, coupled with the present ability, of using actual violence against the person." *Beausoliel v. United States*, 107 F.2d 292, 296 n.14 (D.C. Cir. 1939).

In contrast to other Circuits, in interpreting the verbiage *simple assault* under 18 U.S.C. § 111, the D.C. Circuit adopted the Model Penal Code definition instead of pursuing a common law definition. See *United States v. Duran*, 96 F.3d 1495, 1509 (D.C. Cir. 1996). *See also United States v. Dworken*, 855 F.2d 12, 16 (1st Cir. 1988) (choosing to apply the Model Penal Code definitions to federal statutes "to achieve a modicum of consistency"). The Model Penal Code, which specifically contains the term "simple assault," defines it as an (a) attempt to cause or

purposely, knowingly or recklessly cause bodily injury to another; or (b) negligently cause bodily injury to another with a deadly weapon; or (c) attempt by physical menace to put another in fear of imminent serious bodily injury. *Duran*, 96 F.3d at 1509; MODEL PENAL CODE § 211.1 (1985). The D.C. Circuit's reliance on the Model Penal Code definition is not inconsistent with the Supreme Court decision in *Shabani*, which specifically carves out an exception when there are "contrary indications" to reliance on common law. See *Shabani*, 513 U.S. at 13; s*ee also Johnson v. United States*, 130 S. Ct. 1265, 1270 (2010) (declining to adopt common law meaning to the statutory analysis of the term "force" in 18 U.S.C. § 924(e)(2)(B)(i), "where that meaning does not fit"). The D.C. Circuit's reliance on the Model Penal Code is correct; the other Circuits are wrong.

Indeed, the federal criminal assault code utilizes the language of the Model Penal Code in discussing variations of assaults. Key phrases from Model Penal Code, terms such as "bodily injury," appear in *almost all of the assault charges listed in Chapter 7 of the U.S. Code*, which punishes assaults under federal law. Look at 18 U.S.C. § 111, 18 U.S.C. § 112, 18 U.S.C. § 113, 18 U.S.C. § 115, and 18 U.S.C. § 117 — each of these assault statutes references *bodily injury,* directly invoking the language of the Model Penal Code. Conspicuously missing from Chapter 7 of the U.S. Code is the term *battery*, a staple of common law assault, as well as any reference to offensive touching. See, e.g., *Johnson v. United States*, 130 S. Ct. 1265, 1267 (2010) (the common-law crime of battery was satisfied by even the slightest offensive touching). The U.S. Code only discusses assaults with a minimum of *bodily injury* — directly invoking the Model Penal Code. While the common law distinguished between an assault and a battery by even the slightest offensive touching, the Model Penal Code did not utilize the battery distinction at all,

nor its definition— instead grouping assault and battery into a single offense, just as we see in Section 111(a). The Model Penal Code then *grades* assaults as simple or aggravated. See MODEL PENAL CODE § 211.1 (1985).

In drafting Section 111(a), Congress used Model Penal Code verbiage *simple assault*, *bodily injury*, and *serious bodily injury*— as opposed to common law terms such as *assault and battery.* Congress specifically relied on the Model Penal Code in drafting this assault law. The choice of Model Penal Code terminology over common law wording is precisely that "contrary indication" that the Supreme Court warned about in *Shabani.* See *Shabani*, 513 U.S. at 13; s*ee also Johnson*, 130 S. Ct. at 1270. Accordingly, the D.C. Circuit's definition of assault is both controlling and accurately applied.[1]

### B) DEFINITIONS FOR SECTION 111(A)

Simple assault is not the only undefined term in Section 111. Just as it does not define *simple assault*, 18 U.S.C. § 111 does not define *bodily injury* nor *serious bodily injury.* Other assault code sections of Chapter 7 of the U.S. Code, however, do. 18 U.S.C. § 113 and 18 U.S.C. § 115, two other assault statutes found near the code section at issue, both point to definitions listed in 18 U.S.C. § 1365, as do many other criminal law code sections in Title 18 of the U.S. Code. 18 U.S.C. § 1365 contains the definitions of *bodily injury* and *serious bodily injury.*

*Serious bodily injury* is defined in the federal code as a bodily injury that involves (a) a substantial risk of death, (b) extreme physical pain, (c) protracted and obvious disfigurement, or,

---

[1] Judge Moss' Opinion in *United States v. Cua,* see pages 10 and 17, does not follow the D.C. Circuit's precedent. Judge Moss' opinion utilizes the common law definition of assault instead of the Model Penal Code definition, ignoring the precedent set in *United States v. Duran*, 96 F.3d 1495 (D.C. Cir. 1996). See *United States v. Cua*, Case 1:21-cr-00107-RDM, Dkt. 288 (D.D.C. February 22, 2023). The Opinion does not mention *Duran* at all.

(d) protracted loss or impairment of the function of a bodily member, organ, or mental faculty.

See 18 U.S.C. § 1365. Under the Model Penal Code, *serious bodily injury* is similarly defined, as

"bodily injury which creates a substantial risk of death or which causes serious, permanent

disfigurement, or protracted loss or impairment of the function of any bodily member or organ."

MODEL PENAL CODE § 210.0 (1985). The lesser term, *bodily injury*, under the U.S. Code is

defined as,  (a) a cut, abrasion, bruise, burn, or disfigurement, (b) physical pain, (c) illness, (d)

impairment of the function of a bodily member, organ, or mental faculty; or (e) any other injury

to the body, no matter how temporary. See 18 U.S.C. § 1365. Under the Model Penal Code,

*bodily injury* is defined more summarily, as "physical pain, illness or any impairment of physical

condition." MODEL PENAL CODE § 210.0 (1985).

　　　As stated previously, both the D.C. Circuit and the Model Penal Code define simple

assault as an (a) attempt to cause or purposely, knowingly or recklessly cause bodily injury to

another; or (b) negligently cause bodily injury to another with a deadly weapon; or (c) attempt by

physical menace to put another in fear of imminent serious bodily injury. *Duran*, 96 F.3d at 1509;

MODEL PENAL CODE § 211.1 (1985).

　　　Applying the available U.S. Code and supplemental Model Penal Code definitions to 18

U.S.C. § 111(a), there can be no conviction for  "simple assault" without a defendant's

*employment of force,* nor without an *actus reas* that involves either the causation of a *bodily*

*injury* or the fear of an imminent *serious bodily injury*.

## II. FUNCTION OF THE TERM *FORCIBLY* IN 18 U.S.C. § 111(A)(1)

The term *forcibly*, as used in Section 111(a), has the grammatical function of a *series-qualifier,* which serves to modify each verb in the series that follows it. This is "a matter of common English." See Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* § 19 (2012).

The structure of the Section 111(a) sentence, "Whoever— forcibly assaults, resists, opposes, impedes, intimidates, or interferes with any person…," parallels the structure of the Fourth Amendment— "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures…" Just as the adjective "unreasonable" qualifies all the terms that follow in the Fourth Amendment, "seizures" *and* "searches," the adverb "forcibly" in Section 111(a) qualifies the terms that follow it— "assaults, resists, opposes, impedes, intimidates, [and] interferes." See Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* § 19 (2012).

The D.C. Circuit agrees with the common English reading of Section 111(a). *United States v. Arrington*, 309 F.3d 40, 44 (D.C. Cir. 2002) ("the adverb 'forcibly' in the first element of the offense modifies each of the prohibited acts specified in the second element: that is, a defendant does not violate the statute unless he forcibly assaults or forcibly resists or forcibly opposes, etc."); see also *Long v. United States*, 199 F.2d 717, 719 (4th Cir. 1952) (explaining that, under "ordinary rules of grammatical construction," the "use of the adverb `forcibly' before the first of the string of verbs, with the disjunctive conjunction used only between the last two of them, shows quite plainly that the adverb is to be interpreted as modifying them all"); *United*

*States v. Schrader*, 10 F.3d 1345, 1348 (8th Cir. 1993) ("Force is a necessary element of any §
111 violation.").

Force is generally defined as "[p]ower, violence, or pressure directed against a person or
thing." Black's Law Dictionary 717 (9th ed. 2009); *Johnson v. United States*, 130 S. Ct. 1265,
1270 (2010). As the Supreme Court surmised in *Johnson*, "these definitions suggest a degree of
power that would *not* be satisfied by the merest touching" — this definition invokes a more
serious degree of contact. See *Johnson,* 130 S. Ct. at 1270. *But* see *United States v. Castleman*,
134 S. Ct. 1405, 1408-1411 (2014) (finding that "the misdemeanor crime of domestic violence"
as used in state law and referenced in 18 U.S.C. § 921(a)(33)(A)(ii) has, as an element of the
offense, "the use or attempted use of physical force," which should be defined under the
definition of common law battery, "namely, offensive touching"— "because perpetrators of
domestic violence are 'routinely prosecuted under generally applicable [state] assault or battery
laws'"). (See discussion on the improper application of common law definitions to 18 U.S.C. §
111, *supra*). Thus, to forcibly assault, or forcibly resist, or forcibly oppose, or forcibly impede, or
forcibly intimidate, or forcibly interfere— the defendant must exert power, violence, or pressure
on that officer to the point of being able to cause *bodily injury* or put the officer in fear of *serious
bodily injury—* with some degree of intent.[2]

But what degree of intent or scienter is conveyed by the term *forcibly*? "Certainly, more
consciousness of wrongdoing than simply an intent to do an act is necessary for the crime. The
crime of assault normally requires a form of guilty knowledge — whether we call it scienter,

---

[2] The Model Penal Code does not define "forcibly." The closest definition is for the term "unlawful force," which is
defined as "force, including confinement, which is employed without the consent of the person against whom it is
directed and the employment of which constitutes an offense or actionable tort or would constitute such offense or
tort." MODEL PENAL CODE § 3.11 (1985).

malice, specific intent, or give it some other label… a distinct mental element requiring some deliberation and more than simply an intent to do an act must be present." *United States v. Kimes*, 246 F.3d 800 (6th Cir. 2001) (N. MERRITT, dissenting.); see also *United States v. Simmonds*, 931 F.2d 685 (10th Cir. 1991); *United States v. Taylor*, 680 F.2d 378 (5th Cir. 1982); *United States v. Caruana*, 652 F.2d 220 (1st Cir. 1981). The Eleventh Circuit and the Fifth Circuit have applied a "willful" *mens rea* to "forcible assault" under Section 111(a). *United States v. Fallen,* 256 F.3d 1082 (11th Cir. 2001) (defining "forcible assault" as "any willful threat or attempt to inflict bodily injury upon the person of another when coupled with an apparent present ability to do so, and includes any intentional display of force such as would give the victim reason to fear or expect immediate bodily harm"); *United States v. Renfro*, 620 F.2d 497, 500 (5th Cir. 1980). *Willful* is defined as "knowledge that [one's] conduct was unlawful." *Bryan v. United States*, 524 U.S. 184, 191 (1998) (internal quotations omitted).

The Sixth Circuit, on the other hand, defined forcible, as used in Section 111, as "a general intent crime." *United States v. Kimes*, 246 F.3d 800 (6th Cir. 2001). The dissent in *Kimes* argued that this decision, claiming Section 111(a) is a general intent crime, has converted assault into "a mindless strict liability crime contrary to its common law origin." *Kimes*, 246 F.3d at 811 (N. MERRITT, dissenting). Common law assault, according to many Circuits, required the defendant to have acted *willfully*, not just intentionally. See *United States v. Chestaro*, 197 F.3d 600, 605 (2d Cir. 1999); *United States v. Bell*, supra; *United States v. Rizzo*, 409 F.2d 400 (7th Cir.), cert. denied, 396 U.S. 911 (1969); *Brundage v. United States*, 365 F.2d 616 (10th Cir. 1966); *Shaffer v. United States*, 308 F.2d 654 (5th Cir. 1962), cert. denied, 373 U.S. 939 (1963); *United States v. Dupree,* 544 F.2d 1050, 1051 (9th Cir. 1976). And, historically, the D.C. Circuit

defined common law assault as a specific-intent offense— "an attempt with force or violence to do a corporal injury to another; and may consist of any act tending to such corporal injury, accompanied with such circumstances as denote at the time an intention, coupled with the present ability, of using actual violence against the person." *Beausoliel v. United States*, 107 F.2d 292, 296 n.14 (D.C. Cir. 1939) (noting that common law assault was defined in various ways).[3]

Under the Model Penal Code, simple assault can be achieved "purposely, knowingly or recklessly." See MODEL PENAL CODE § 211.1, § 2.02 (1985). The addition of the term *forcibly* to *purposely, knowingly or recklessly* functions to convey a specific intent to use force to cause that bodily injury— which is conceptually very similar to the common law assault definition from the District of Columbia. See *Beausoliel v. United States*, 107 F.2d 292, 296 n.14 (D.C. Cir. 1939); *Patterson v. Pillans*, 43 App. D.C. 505, 506-07 (1915).

The term *forcibly* thus functions to convert the otherwise less-serious acts of resisting, opposing, impeding, intimidating, and interfering into variations of *assaultive* conduct. This becomes apparent when comparing § 111 to other code sections. For example, compare the prohibited conduct under 18 U.S.C. § 111(a) to that of § 231(a)(3), which criminalizes the non-forcible, non-assaultive variations of such behavior as "any act to obstruct, impede, or interfere" with a federal law enforcement officer during a civil disorder — *any act*. See 18 U.S.C. § 231(a)(3). Comparing the two, we see that under § 231(a)(3) *any act* is punished, while under § 111(a) only *forcible* variations of such acts are punished. Considering the term *forcible*, and applying the Supreme Court's definition of force in *Johnson*, the distinction between 18 U.S.C. § 111(a) and § 231(a)(3) amounts to that of assault. See *Johnson v. United States*, 130 S. Ct. 1265, 1270

---

[3] Judge Moss' Opinion in *United States v. Cua,* see page 10, in utilizing his version of a common law definition of assault, sets only an "intentional" *mens rea* requirement for conviction.

(2010) (force is defined as "[p]ower, violence, or pressure directed against a person or thing").

Accordingly, and pursuant to the penalty section of 18 U.S.C. § 111(a), the enumerated behaviors in 18 U.S.C. § 111(a)(1) are all variations of *assaults*. (See complete discussion *infra*.)

Consequently, some type of specific-intent *scienter* and assaultive *actus reas* is required for any conviction under 18 U.S.C. § 111(a). Absent a deadly weapon, within the confines of 18 U.S.C. § 111(a), regardless of how the assaultive *actus reas* was done— be it through forcible assault, or forcible resistance, or forcible opposition, or forcible impediment, or forcible intimidation, or forcible interference— these acts must have been done with the *specific intent* to cause *bodily injury* or put the officer in reasonable fear that the defendant was capable of imminently causing *serious bodily injury*.

### III. THE *FUNCTION* OF THE PENALTY LANGUAGE IN 18 U.S.C. § 111(A)

The penalty subsection of 18 U.S.C. § 111(a) states in relevant part, "where the acts in violation of this section constitute only simple assault, be fined under this title or imprisoned not more than one year, or both, and where such acts involve physical contact with the victim of that assault or the intent to commit another felony, be fined under this title or imprisoned not more than 8 years, or both."

The function of the felony penalty clauses is to enhance penalties for simple assault offenses when one of two conditions are met: when the simple assault involves physical contact with the victim of that assault or when the simple assault is accompanied by an intent to commit another felony.

As such, this code section punishes simple assaults as misdemeanors. It also creates a felony penalty enhancement for simple assaults when either one of two potential elements is present in addition to the commission of a simple assault: (1) physical contact with the victim of that assault, or, (2) an accompanying intent to commit another felony.

## IV. THE TERM *SUCH ACTS* IN 18 U.S.C. § 111(A) REFERS TO ASSAULTIVE CONDUCT

Section 111(a) measures 127 words in length and is a heavy run-on sentence. The law states (emphasis added):

> Whoever— **forcibly assaults, resists, opposes, impedes, intimidates, or interferes** with any person designated in section 1114 of this title while engaged in or on account of the performance of official duties; or forcibly assaults or intimidates any person who formerly served as a person designated in section 1114 on account of the performance of official duties during such person's term of service, shall, **where the acts in violation of this section constitute only <u>simple assault</u>**, be fined under this title or imprisoned not more than one year, or both, **and where <u>such acts</u> involve physical contact with the victim <u>of that assault</u> or the <u>intent to commit another felony</u>**, be fined under this title or imprisoned not more than 8 years, or both.

The most complex question raised before this court is the meaning of the terms "such acts" within the portion of this sentence that reads: "and where such acts involve physical contact with the victim of that assault or the intent to commit another felony." As argued in Defendant's *Notice of Supplemental Authority*, this term evokes the Rule of the Last Antecedent.

The Rule of the Last Antecedent is "the legal expression of a commonsense principle of grammar." Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* § 18 (2012). "It is clearly desirable that an anaphoric (backward-looking) or cataphoric (forward-looking) pronoun should be placed as near as the construction allows to the noun or noun phrase to which it refers, and in such a manner that there is no risk of ambiguity." *Id*. (internal citations

omitted). The Rule of the Last Antecedent directs us to find the meaning of the term "such acts" near the referrer "of that assault."

The phrase "and where such acts involve physical contact with the victim of that assault or the intent to commit another felony" in Section 111(a) raises the question of *what are the "such acts" that are referenced*. Utilizing the Rule of the Last Antecedent, the term "such acts" is immediately qualified in the few words that follow— "*that* assault." Not just any assault — which would have been phrased as *an* assault— but *that* assault. Which assault is *that assault*? *That assault* refers directly to the clause that precedes the comma and the conjunction "and"— "the acts in violation of this section constitute only simple assault." As such, the term "such acts" refers to *that simple assault* that violates *this section*. See also *United States v. Wolfname*, 835 F.3d 1214, 1218 (10th Cir. 2016) (finding that assault is an essential element of every Section 111 offense).

Accordingly, whether the simple assault results in "physical contact with the victim of that assault" or whether "such acts [acts which constitute *that simple assault* which violates *this section*] involve… the intent to commit another felony," a defendant can be found guilty of a felony offense under Section 111(a).

If Congress wished to separate the two felonies in order to refer to acts other than the simple assault, they would have added a comma or some other indication of separation. Instead, the two felony penalty enhancements are presented without any separation from one another and prefaced by the term "and," which joins them as one unit to the preceding clause that discusses simple assaults. In contradiction to Judge Moss' Opinion in *Cua*, the two felonies are not

independent of one another for purposes of their underlying and lesser-included offense of simple assault. Both penalty enhancements are dependent on the simple assault predicate.

## V. ANY CONVICTION UNDER 18 U.S.C. § 111(A) REQUIRES PROOF OF AN ASSAULT

Based on the grammatical review of the code and application of the Model Penal Code, regardless of whether 18 U.S.C. § 111(a) is read with emphasis on the first portion or the penalty portion, the outcome is the same— any conviction under 18 U.S.C. § 111(a) requires proof of an assault.

Reading 18 U.S.C. § 111(a) from the top-down, from the primary perspective of the six *forcible* verbs that introduce the law, there must be a *specific intent* in the use of the force to cause *bodily injury,* or put the officer in reasonable apprehension of imminent *serious bodily injury,* for conviction, with the addition of certain factors for the implementation of a felony penalty. The result is, at minimum, a simple assault.

Reading the code down-up, from the primary perspective of the penalty section, simple assault is required, at a minimum, for the conviction of a misdemeanor or felony, with the addition of certain factors for the implementation of a felony penalty. The result is the same, no matter how it is worded.

Judge Moss' concerns in *Cua* about not giving meaning to every term at the start of § 111(a)(1) and the subsequent compensation for this concern by expanding the function of the penalty clause of § 111(a) is thus misplaced. When reading the law with Model Penal Code definitions in mind and properly applying the term forcible to the verbs, following the analysis as argued in this Memorandum, the result is the same from both perspectives.

Thus, giving effect to every term in § 111(a), a Model Penal Code-defined simple assault is required for any conviction, be it a misdemeanor or a felony. Accordingly, simple assault is a lesser included offense of any conviction under § 111(a). See also *United States v. v. Rivera-Alonzo*, 584 F.3d 829 (9th Cir. 2009) (finding that assault is required for any conviction under § 111(a) and that simple assault is a lesser-included offense of any felony under § 111).

## VI. DISPARITY AMONG CIRCUITS

Unlike the usual circuit split into two schools of thought, the disagreement over 18 U.S.C. § 111(a) splits into three contrary views of the law.

### A) GROUP 1: COURTS HOLDING THAT A FINDING OF ASSAULT IS NOT REQUIRED FOR A MISDEMEANOR CONVICTION UNDER § 111(A)

The first interpretation of Section 111(a) is that proof of assault is not required for any conviction under § 111(a). The Seventh Circuit in *United States v. Stands Alone*, 11 F. 4th 532 (7th Cir. 2021), decided that the "proper reading of the text militates against defining resist, oppose, impede, intimidate, and interfere merely as synonyms of 'assault.' That is because requiring assault as an essential element of every § 111 offense would render the remaining five verbs superfluous." *Stands Alone*, 11 F. 4th at 535. The Fourth, Fifth, and Sixth Circuits came to similar conclusions. See *United States v. Briley*, 770 F.3d 267, 274 (4th Cir. 2014) ("the misdemeanor provision is not limited to assault"); *United States v. Williams*, 602 F.3d 313, 318 (5th Cir. 2010) ("a misdemeanor conviction under § 111(a)(1) does not require underlying assaultive conduct"); *United States v. Gagnon*, 553 F.3d 1021, 1027 (6th Cir. 2009) (finding that

simple assault is "a term of art that includes the forcible performance of any of the six proscribed actions in § 111(a) *without* the intent to cause physical contact or to commit a serious felony").

As argued above, this is inaccurate when considering the verbs in the context of the law as a whole.

B) G̲R̲O̲U̲P̲ 2: C̲O̲U̲R̲T̲S̲ ̲H̲O̲L̲D̲I̲N̲G̲ ̲T̲H̲A̲T̲ ̲A̲ ̲F̲I̲N̲D̲I̲N̲G̲ ̲O̲F̲ ̲A̲S̲S̲A̲U̲L̲T̲ ̲I̲S̲ ̲R̲E̲Q̲U̲I̲R̲E̲D̲ ̲F̲O̲R̲ ̲A̲ M̲I̲S̲D̲E̲M̲E̲A̲N̲O̲R̲,̲ ̲B̲U̲T̲ ̲N̲O̲T̲ ̲F̲O̲R̲ ̲A̲ ̲F̲E̲L̲O̲N̲Y̲ ̲I̲F̲ ̲T̲H̲E̲R̲E̲ ̲I̲S̲ ̲A̲N̲ ̲A̲C̲C̲O̲M̲P̲A̲N̲Y̲I̲N̲G̲ ̲I̲N̲T̲E̲N̲T̲ ̲T̲O̲ ̲C̲O̲M̲M̲I̲T̲ A̲N̲O̲T̲H̲E̲R̲ ̲F̲E̲L̲O̲N̲Y̲.

The second interpretation is that while a *misdemeanor* conviction under 18 U.S.C. § 111(a) requires the finding of assault, "the statute's five non-assault acts would appear to be criminally prohibited by the felony clause 'where such acts involve... the intent to commit another felony.'" *United States v. Davis*, 690 F.3d 127, 136-137 (2d Cir. 2012) (finding that "for a defendant to be guilty of the misdemeanor of resisting arrest under Section 111(a), he necessarily must have committed common law simple assault").

Judge Moss' opinion in *Cua* joins the Second Circuit in this school of thought. *United States v. Cua*, Case 1:21-cr-00107-RDM, Dkt. 288 (D.D.C. February 22, 2023) (critiquing the findings of the Fourth, Fifth, and Sith Circuit and finding that a misdemeanor conviction under § 111(a) requires proof of assault).

While this position is half-way correct, it misreads the penalty section of Section 111(a).

C) GROUP 3: COURTS HOLDING THAT ASSAULT IS AN ESSENTIAL ELEMENT OF EVERY §

111(A) OFFENSE

The Ninth Circuit and Tenth Circuit, seemingly accompanied by the Eleventh Circuit,

have found that assault is an essential element of any conviction under § 111(a), misdemeanor

and felony alike. See *United States v. Chapman*, 528 F.3d 1215 (9th Cir. 2008) ("convictions

under this statute require at least some form of assault"); *United States v. v. Rivera-Alonzo*, 584

F.3d 829 (9th Cir. 2009) (finding that assault is required for any conviction under § 111(a) and

that simple assault is a lesser-included offense of any felony under § 111); *United States v.

Wolfname*, 835 F.3d 1214, 1220 (10th Cir. 2016) (finding that a felony § 111(a) violation

"requires proof of 'all other cases' assault, i.e., 'any assault that involves actual physical contact

or the intent to commit [certain felonies] but does not involve a deadly or dangerous weapon or

bodily injury,'" which requires the finding of an attempt or threat of physical injury); and see

*United States v. Martinez*, 486 F.3d 1239 (11th Cir. 2007) (interpreting the earlier version of this

code section, the court found that "§ 111(a) establishes these categories of forcible assault, each

with its own penalty").[4]

The First Circuit, in a footnote, appears to indicate some agreement with *Wolfname*, but

does not discuss the issue further. See *United States v. Taylor*, 848 F.3d 476, 493, n.6 (1st Cir.

2017) ("Many courts have determined that an 'assault' is a necessary element of any § 111(a)

conviction, meaning that even to prove a defendant forcibly intimidated an officer, for example,

the prosecution must show an assault occurred.").

---

[4] While Judge Moss took a different position in *Cua*, he did not address the 2016 case of *United States v. Wolfname* from the Tenth Circuit, which directly contradicts the arguments Judge Moss makes in his Order, nor the array of cases out of the Ninth Circuit which hold the same view as the Tenth Circuit.

The Third Circuit, in an unpublished opinion, appears to agree with this view as well, without stating as such explicitly. See *United States v. Green*, 543 Fed. Appx. 266, 272 (3d Cir. 2013) (unpublished) (the court found that § 111(a) requires proof of an element of "use, attempted us[e], or threatened use of physical force against another" for a conviction, as well as "conduct that presents a serious potential risk of physical injury to another," and that any conviction under § 111 is "a crime of violence"— hinting at agreement with the Ninth and Tenth Circuits, though withholding such a finding because the issue was not directly raised) (available at http://www2.ca3.uscourts.gov/opinarch/132056np.pdf).

D) DEFENDANT ASKS THIS COURT TO JOIN GROUP 3 IN HOLDING THAT ASSAULT IS AN ESSENTIAL ELEMENT OF EVERY § 111(A) OFFENSE

The defense argues for this Court to join the Ninth and Tenth Circuits, along with apparent support from the Eleventh circuit, as well as the indication of support from the First and Third Circuits, in the view that assault is an essential element for any finding of guilt under § 111(a).

The defendant's argument presents a unique theory as to *why* the Ninth and Tenth Circuits are correct and provides an argument partially independent of the ones already presented by these Circuits in reaching the same result. None of the Circuits have addressed the issue of the application of Model Penal Code definitions in reading § 111(a).

## VII. APPLICATION TO DEFENDANT'S CASE

The crux of Section 111(a) is simple assault. Simple assault requires an intent to cause a bodily injury, or threatening conduct that is capable of causing serious bodily injury.

The Government's alleged facts for Count Two of the Superseding Indictment is that defendant made contact with a police shield, pushed on that shield, and "a jury may conclude he was also pulling on that shield," the prosecutor stated at oral argument. Even if, for the sake of argument, these statements are taken as true— the actions do not, and could not, amount to an act capable of causing a bodily injury nor threatening a serious bodily injury — which is a minimum requirement for assault. The Government does not attempt to argue as such. Instead, the Government relies on the common law concept of contact with an object held by an alleged victim. Even if a court were to see the conduct as offensive touching of an object held by an officer, offensive touch is insufficient for a conviction under federal assault law— and, for that matter, offensive touching is insufficient for a conviction under common law in DC as well. See *Patterson v. Pillans*, 43 App. D.C. 505, 506-07 (1915); *Beausoliel v. United States*, 107 F.2d 292, 296 n.14 (D.C. Cir. 1939). Bodily injury is simply not a factual component of the Government's case against Mr. DaSilva, offensive touching is.

Similarly, Counts Five and Seven of the Superseding Indictment require the government to prove that the defendant committed "an act of physical violence," which requires, at a minimum, proof of an assault "on an individual." Adding the words "on an individual," as opposed to just simple assault, show the deliberate intent of Congress to use language necessitating an *individual* to be the recipient of that serious injury, as opposed to an object held (as the Government had argued). The actions alleged against Mr. DaSilva do not amount to an

act that caused a bodily injury, nor did the defendant threaten conduct capable of causing a serious bodily injury to any individual. Defendant made no direct contact with any individual.

The reality is that a protester making contact with a police shield is not uncommon in American protests. Video footage of protests throughout America, throughout the last few decades, depict protestors pushing on police shields. The DOJ has no history of charging these protestors. For example, in the summer of 2020, protestors in Washington DC, right outside of the White House, engaged with law enforcement, many of whom were pushing on police shields. None were charged. The government has never before argued that merely pushing on a police shield is an assault on a law enforcement officer.



Screen shot from public source video of protesters in front of the White House in May 2020 pushing on police shields.

The Government's case against Mr. DaSilva is simply insufficient as a matter of law to proceed to trial.

## VIII. IMPOSITION OF PENALTY FOR CONDUCT BELOW THE LEVEL OF ASSAULT IS A VIOLATION OF THE DEFENDANT'S DUE PROCESS RIGHTS

Nowhere in the Code is notification given to the defendant that the Court can impose a penalty for *only* resisting, or *only* opposing, or *only* impeding, or *only* intimidating, or *only* interfering under § 111(a). The penalty portion of § 111(a) only references penalties for assault. Therefore, penalizing a defendant under § 111(a), without holding the government to proof of an assault, is a violation of the defendant's due process rights.

The Code serves as public notice to all People as to crime and punishment. As such, Courts cannot impose penalties in excess of the notifications listed in the Code without running afoul of the Fifth Amendment's Due Process Clause and the standard of fair notice to defendants. See *BMW of North America, Inc. v. Gore*, 517 U.S. 559, 574 (1996) ("Elementary notions of fairness enshrined in this Court's constitutional jurisprudence dictate that a person receive fair notice not only of the conduct that will subject him to punishment but also of the severity of the penalty that a State may impose."); *Winters v. New York*, 333 U. S. 507, 515 (1948) ("The standards of certainty in statutes punishing for offenses is higher than in those depending primarily upon civil sanction for enforcement."); *United States v. Allen*, 983 F.3d 463, 472 (10th Cir. 2020) ("... the Due Process Clause requires that criminal laws have clear prohibitions and penalties, because persons 'of common intelligence cannot be required to guess' what conduct the law prohibits and what penalties apply when the law is violated."); *Lankford v. Idaho*, 500 U. S. 110 (1991) (due process violated because the defendant and his counsel did not have adequate notice that judge might impose death sentence); *Jones v. United States*, 526 U.S. 227 (1999). See also *United States v. Batchelder*, 442 U.S. 114, 121 (1979) (discussing the rule of lenity as it applies to sentencing and to substantive provisions used in determining penalties); *Miller v. Florida*, 482 U. S. 423 (1987) (Ex Post Facto Clause violated by the retroactive imposition of revised sentencing guidelines that provided longer sentence for defendant's crime); *Bouie v. City of Columbia*, 378 U. S. 347 (1964) (retroactive application of new construction of statute violated due process).

As such, "a § 111(a)(1) conviction for resisting, opposing, impeding, intimidating, or interfering … necessarily involves — at a minimum — simple assault." *United States v. Wolfname*, 835 F.3d 1214, 1218 (10th Cir. 2016).

## IX. CONCLUSION

In summation, 18 U.S.C. § 111(a) is elucidated by definitions from the Model Penal Code, as well as definitions found in other U.S. Code sections defining terminology used in § 111. The penalty section of § 111(a) requires all convictions under this law to reach, at a minimum, a simple assault. While the D.C. Circuit has not yet ruled on this issue, the Defendant's reading of the law is supported by holdings from the Ninth Circuit and the Tenth Circuit. The defendant's read of the law is gramatically-sound and compliant with the rule of the last antecedent. A contrary finding implicates the Due Process Clause, as defendant was not properly put on notice that this law penalizes conduct below the standard of simple assault. Accordingly, the defendant asks that each of his Motions to Dismiss be granted.

Respectfully submitted,

By Counsel:

_____/s/_____
Marina Medvin, Esq.
*Counsel for Defendant*
MEDVIN LAW PLC
916 Prince Street
Alexandria, Virginia 22314
Tel:  888.886.4127
Email: contact@medvinlaw.com



## CERTIFICATE OF SERVICE FOR CM/ECF

I hereby certify that on March 7, 2023, I will electronically file the foregoing with the Clerk of the Court for the United States District Court for the District of Columbia by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users, and that service will be accomplished by the CM/ECF system.

_____/s/_____
Marina Medvin, Esq.