UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Case No. 21-cr-564 CJN |
| : | |
| MATTHEW DASILVA, : | |
| : | |
| Defendant. : | |

GOVERNMENT'S RESPONSE TO
DEFENDANT'S SUPPLEMENTAL FILING REGARDING 18 U.S.C. § 111(a)

On February 28, 2023, the Court ordered the parties to submit supplemental briefing regarding the defendant's two pending motions to dismiss, Docs. 30 and 34. The defendant filed his supplemental brief on March 2, 2023. *See* Doc. 40. The government hereby submits this response in opposition to the defendant's supplemental brief, Doc 40; first motion to dismiss, Doc. 30; and second motion to dismiss, Doc. 34. As explained below and in the government's prior responses, Docs. 32 and 35,[1] the government respectfully requests that the Court deny both pending motions to dismiss.

I. BACKGROUND

A. Superseding Indictment, Doc. 20

On January 26, 2022, a federal grand jury returned a seven-count superseding indictment against the defendant, charging the defendant with violations of Civil Disorder, in violation of 18 U.S.C. § 231(a)(3) (Count One); Assaulting, Resisting, or Impeding Certain Officers in violation of 18 U.S.C. § 111(a)(1) (Count Two); Entering and Remaining in a Restricted Building or Grounds in violation of 18 U.S.C. § 1752(a)(1) (Count Three); Disorderly and Disruptive Conduct in a Restricted Building or Grounds in violation of 18 U.S.C. § 1752(a)(2) (Count Four); Engaging

---

[1] The government hereby incorporates its prior responses, Docs. 32 and 35, by reference.

in Physical Violence in a Restricted Building or Grounds in violation of 18 U.S.C. § 1752(a)(4) (Count Five); Disorderly Conduct in a Capitol Building in violation of 40 U.S.C. § 5104(e)(2)(D) (Count Six); and Act of Physical Violence in the Capitol Grounds or Buildings in violation of 40 U.S.C. § 5104(e)(2)(F) (Count Seven).

As the government explained in its Response to the defendant's first Motion to Dismiss, DaSilva actively participated in the January 6, 2021 riot at the Capitol. *See* Govt. Resp., Doc. 32, 1. At around 2:45 pm he forcibly pushed a flagpole against a door leading to the Lower West Terrace. *See id.* at 2. At around 4:20 pm, he was among a group of rioters pushing against the officers defending the Lower West Terrace entrance to the Capitol. *See id.* Then at about 4:33 pm, DaSilva approached officers and forcibly pushed and pulled against a riot shield held by officers trying to hold the police line against protesters. *See id.* at 3. The government offers this brief recitation of some of the facts of this case not as any kind of a proffer of evidence, but merely to provide background and orientation to the Court.

B. <u>Defendant's First Motion to Dismiss, Doc. 30</u>

On December 6, 2022, the defendant moved to dismiss Count Two (18 U.S.C. § 111, Assaulting, Resisting, Impeding a Federal Officer) under Federal Rule of Criminal Procedure 12(b)(3)(B)(v) for failure to state an offense and to dismiss both Counts One and Two under Rule 12(b)(3)(B)(iii) for lack of specificity. Doc. 30. With respect to Count Two, the defendant argued that the indictment misstated the language of the statute by excluding the language "of that assault." *See id.* at 4. This argument relied on the defendant's assertion that "assault is an element of every § 111(a)(1) offense." *See id.* at 5. With respect to Counts One and Two, the defendant argued that the indictment "fail[ed] to notify Mr. DaSilva of the facts on which the government bases the indictment [in Count One and] failed to both regurgitate the operative words of the statue

2

… and notify the defendant of the facts under which he is alleged to have violated the law" in Count Two. *See id.* at 9.

The government responded on December 19, 2022. Doc. 32. First, the government argued that the defendant's reading of § 111(a) was incorrect. Critically, the defendant's interpretation of the statute renders five other verbs in the statute superfluous. *See id.* at 5. More, although the D.C. Circuit has yet to opine on this particular issue, the majority of the Courts of Appeals that have addressed this question directly have agreed that § 111(a) does *not* require an assault. *See id.*; *see also United States v. Stands Alone*, 11 F. 4th 532, 536 (7th Cir. 2021); *United States v. Briley*, 770 F.3d 267, 273 (4th Cir. 2014); *United States v. Williams*, 602 F.3d 313, 317 (5th 2010); *contra United States v. Wolfname*, 835 F.3d 1214 (10th Cir. 2016). In addition, the government pointed to decisions in this district holding that § 111(a) does not require an assault. *See* Govt. Resp., Doc. 32 at 11. Second, the government argued that even if the defendant had correctly interpreted § 111, dismissal of Count Two would be inappropriate at this stage of the case. *See id.* at 12. Even under the defendant's reading of the statute, the government maintains that it can still prove that the defendant violated the statute. *See id.* Accordingly, the defendant's arguments are best addressed after trial, once there is a factual record of evidence on which the factfinder can base its decision. *See id.* at 12–13. Third, the government argued that neither Counts One or Two lack specificity. *Id.* An indictment is sufficient if it "contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend." *United States v. Resendiz-Ponce*, 549 U.S. 102, 108 (2007). The indictment here satisfies those requirements and therefore should not be subject to dismissal. *See* Govt. Resp., Doc. 32 at 15.

    C. <u>Defendant's Second Motion to Dismiss, Doc. 34</u>

On January 16, 2023, the defendant filed a second motion to dismiss and argued therein for the dismissal of Counts One, Two, Five, and Seven "as Government's facts cannot constitute the offenses charged as a matter of law." *See* Doc. 34 at 1. First, the defendant contended that he could not have committed the offense described in Count One (18 U.S.C. § 231(a)(3), Civil Disorder). Relying on email correspondence with government counsel, the defendant argued that he could not have committed the crime charged because there was no law enforcement officer present when he forcibly pushed a flagpole against a door leading into the Capitol Building. *See id.* at 6–7. Second, the defendant argued that Count Two (18 U.S.C. § 111(a), Assaulting, Resisting, Impeding a Federal Officer) should be dismissed, because of "the Government's inability to factually prove the offense charged." *See id.* at 7. The defendant argued that he did not make physical contact with an officer (because the contact was instead with the officer's riot shield) and that the "other felony" for § 111(a) purposes was the Count One Civil Disorder, which the defendant argued had already concluded "two hours prior" to the alleged § 111(a) violation. *See id.* 7–8. The defendant therefore concluded that he could not have committed Count Two. Third, the defendant argued that Counts Five (18 U.S.C. § 1752(a)(4), Physical Violence on Restricted Grounds) and Seven (40 U.S.C. § 5104(e)(2)(F), Physical Violence on Capitol Grounds) should be dismissed, because, he claimed, the statutes require bodily injury, infliction or threat of bodily harm, or damage to property, and "the Government does not have evidence to constitute this crime." *See id.* at 11.

The government responded on January 23, 2023. *See* Govt. Resp., Doc. 35. In its response, the government highlighted that the defendant's second attempt at dismissal hinged on the faulty premise that his motion was based on undisputed facts. *See id.* at 2. In the absence of stipulated

4

facts, the government emphasized that the government's first response, Doc. 32, and its email correspondence with counsel, "is not evidence, let alone undisputed fact." *See* Govt. Resp., Doc. 35 at 2. Ultimately, Rule 12 does not provide an avenue for dismissal in a case where, as here, the facts remain in dispute. *See id.* at 3. The question at the Rule 12 stage is whether the allegations of the indictment state an offense.

D.  February 28 Hearing

The Court heard oral argument on the defendant's pending motions to dismiss on February 28, 2023. At the hearing, defense counsel raised new arguments regarding the interpretation of § 111 that the parties had not previously briefed. Accordingly, the Court ordered supplemental briefing on the subject.

E.  The Defendant's Supplemental Filing, Doc. 40

Consistent with the Court's order, the defendant filed a supplemental brief on his interpretation of 18 U.S.C. § 111(a) on March 7, 2023. *See* Doc. 40.

In this third attempt, the defendant makes several new arguments regarding his interpretation of § 111(a), and rehashes some old lines of reasoning as well. The defendant begins by arguing that in the D.C. Circuit, the Model Penal Code, rather than the common law, should inform the Court's interpretation of the term "simple assault." *See id.* at 1. The defendant then argues that the inclusion of the modifier "forcibly" in the statute "convert[s]" the other verbs in the statute into "variations of *assaultive* conduct" and imports specific intent into the statute. *See id.* at 9, 10 (emphasis in original). The defendant further reasons that the phrase "such acts" in the penalty clause of the statute refers to the simple assault described in the misdemeanor clause of the statute. *See id.* at 11. Finally, the defendant returns to the thrust of the argument he made in the first motion to dismiss—that this Court should adopt the Tenth Circuit's minority view of § 111(a)

and hold that all permutations of the statute require assaultive conduct. Under this reading of the law, the defendant argues he cannot have violated the statute based on the government's "alleged facts." *See id.* at 13–18. The defendant maintains that to hold otherwise would violate the defendant's due process rights. *See id.* at 19.

## II.    ARGUMENT

A. <u>The Defendant's Rule 12 Motions to Dismiss</u>

As discussed in the government's prior filings,[2] the defendant's first two motions to dismiss asked the Court to grant relief that is unavailable under Rule 12 at this stage of the criminal proceeding. Though the defendant ostensibly invoked Rule 12 in those filings, the defendant's arguments took the Court on a detour from the requirements of Rule 12 and ventured into Rule 29 territory. The defendant's latest filing wanders even farther afield of Rule 12's text and purpose.

At the motion to dismiss stage, "an indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend,

---

[2] *See* Govt. Resp., Doc. 32 at 12 ("Even if the Court were to conclude that the only way to violate Section 111(a) is by an assault, dismissal of Count Two is not appropriate because the government could prove at trial that DaSilva's conduct violated the statute. Cases involving successful challenges by defendants concerning whether their *conduct*—and not merely the allegations against them—falls within the scope of the charged statute generally arise not under Rule 12 but following trials that establish the evidentiary record necessary to determine precisely what the defendant's conduct entailed."); *see also id.* at 13 ("Even assuming DaSilva's interpretation of Section 111(a) were correct, the Court cannot determine whether DaSilva's conduct violates the statute until after a trial, at which the government is not limited to the indictment's allegations. And at trial, the government could prove that DaSilva's acts of forcibly pushing one or more officers constituted assault."); Govt. Resp., Doc. 35 at 1 ("[I]t is an 'unusual circumstance[]' for the district court to resolve the sufficiency of the evidence before trial because the government is usually entitled to present its evidence at trial and have its sufficiency tested by a motion for acquittal under Rule 29 of the Federal Rules of Criminal Procedures.") (quoting *United States v. Yakou*, 428 F.3d 241, 247 (D.C. Cir. 2005); *id.* at 3 ("Cases involving successful challenges concerning whether a defendant's conduct falls within the scope of a charged statute generally arise not under Rule 12 but following trials that establish the evidentiary record necessary to determine precisely what the defendant's conduct entailed.").

and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States*, 418 U.S. 87, 117 (1974). Given these limited requirements, it is "generally sufficient that an indictment set forth the offense in the words of the statute itself, as long as 'those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished.'" *Id.* (quoting *United States v. Carll*, 105 U.S. 611, 612 (1882)). *Accord United States v. Ring*, 628 F. Supp. 2d 195, 204 (D.D.C. 2009). "[T]he validity of an indictment 'is not a question of whether it could have been more definite and certain.'" *United States v. Verrusio*, 762 F.3d 1, 13 (D.C. Cir. 2014) (quoting *United States v. Debrow*, 346 U.S. 374, 378 (1953)). And an indictment need not inform a defendant "as to every means by which the prosecution hopes to prove that the crime was committed." *United States v. Haldeman*, 559 F.2d 31, 124 (D.C. Cir. 1976).

Here, every count in the superseding indictment, Doc. 20, explains the statute that was violated, the location of the offense, and the date of that offense. There is no doubt from the superseding indictment that the grand jury charged the defendant with several criminal violations for his conduct on January 6, 2021 within the jurisdiction of the District of Columbia. The grand jury's superseding indictment thus "fairly informs" the defendant of the charges of which he stands accused and prevents the risk of a subsequent prosecution for the same conduct. Nothing more is required. *See, e.g.*, *United States v. Resendiz-Ponce*, 549 U.S. 102, 108 (2007) ("[T]he time-and-date specification in respondent's indictment provided ample protection against the risk of multiple prosecutions for the same crime."); *United States v. Williamson*, 903 F.3d 124, 130 (D.C. Cir. 2018) (applying *Resendiz-Ponce* and affirming sufficiency of indictment); *United States v. John-Baptiste*, 747 F.3d 186, 196 (3d Cir. 2014) ("[A] defendant has sufficient notice to guard against

a future prosecution in violation of the protection against double jeopardy if an indictment specifies the time frame for the criminal conduct."); *United States v. Walsh*, 194 F.3d 37, 44 (2d Cir. 1999) ("We have consistently upheld indictments that do little more than to track the language of the statute charged and state the time and place (in approximate terms) of the alleged crime.") (quotation marks omitted).

The government acknowledges that in *Miller*, the Court held that, in pleading a violation of 18 U.S.C. § 1512(c)(2), it was not sufficient for the indictment to track the statutory text and specify the time and place of the offense. *United States v. Miller*, 589 F. Supp. 60 (D.D.C. March 7, 2022). As the Court is aware, the government's appeal on this issue remains pending. *See* D.C. Cir. Case No. 22-3038. Even *Miller*, however, does not require any greater specificity in the indictment here. The Court recognized in *Miller* that an indictment that "'echoes the operative statutory text while also specifying the time and place of the offense' can be sufficient." *Miller*, 605 F. Supp. 3d at 69 (quoting *United States v. Williamson*, 903 F.3d 124, 140 (D.C. Cir. 2018)). The Court also recognized that "neither the Constitution, the Federal Rules of Criminal Procedure, nor any other authority suggests that an indictment must put the defendants on notice as to every means by which the prosecution hopes to prove that the crime was committed." *Id.* at 70 (quoting *Haldeman*, 559 F.2d at 12). Yet that is precisely what defendant here urges: a pleading that includes evidentiary detail not required at this stage.

Even accepting *Miller's* heightened pleading requirements for § 1512(c)(2), § 111 should not be subject to the same requirement. In *Miller*, the Court believed more detailed pleading was necessary because, under the government's interpretation, "just about any actus reus could satisfy" § 1512(c)(2), including First Amendment-protected conduct. *Id.* at 70. It concluded this was true in part because the statute's verbs "refer to the effect that an action has, not to the act itself." *Id.*

8

Section 111, by contrast, includes a list of verbs that describe the actus reus: "assaults, resists, opposes, impedes, intimidates, or interferes." Defendant does not suggest – nor could he – that a statute that criminalizes forcible attacks on federal officers raises First Amendment overbreadth concerns. The indictment here thus does not implicate the Court's concerns described in *Miller*, and standard notice pleading – where an indictment that tracks the statutory language and includes the date and location of the alleged offense – is sufficient.

With respect to the defendant's arguments about the scope of § 111(a), Rule 12 permits a party to raise in a pretrial motion "any defense, objection, or request that the court can determine *without a trial on the merits*." Fed. R. Crim. P. 12(b)(1) (emphasis added). But Rule 12 "does not explicitly authorize the pretrial dismissal of an indictment on sufficiency-of-the-evidence grounds" unless the government "has made a *full* proffer of evidence" or the parties have agreed to a "stipulated record." *United States v. Yakou*, 428 F.3d 241, 246–47 (D.C. Cir. 2005) (emphasis added); *accord United States v. DeLaurentis*, 230 F.3d 659, 660–61 (3d Cir. 2000) ("[u]nless there is a stipulated record … a pretrial motion to dismiss an indictment is not a permissible vehicle for addressing the sufficiency of the government's evidence"); *United States v. Critzer*, 951 F.2d 306, 307 (11th Cir. 1992) ("there is no summary judgment procedure in criminal cases."); 1A Wright & Miller, Federal Practice & Procedure, Criminal, § 195 (5th ed.) ("Rule 12 was [not] intended to permit 'speaking motions,' that is, motions challenging an indictment's sufficiency based on facts that are outside the pleadings.").

Indeed, "[i]f contested facts surrounding the commission of the offense would be of *any* assistance in determining the validity of the motion, Rule 12 doesn't authorize its disposition before trial." *United States v. Pope*, 613 F.3d 1255, 1259 (10th Cir. 2010) (Gorsuch, J.). Criminal cases have no mechanism equivalent to the civil rule for summary judgment. *United States v.*

*Bailey*, 444 U.S. 394, 413 n.9 (1980) (motions for summary judgment are creatures of civil, not criminal trials); *Yakou*, 428 F.2d at 246-47 ("There is no federal criminal procedural mechanism that resembles a motion for summary judgment in the civil context"); *United States v. Oseguera Gonzalez*, No. 20-cr-40 (BAH), 2020 WL 6342940, at *5 (D.D.C. Oct. 29, 2020) (collecting cases explaining that there is no summary judgment procedure in criminal cases or one that permits pretrial determination of the sufficiency of the evidence).

Here, the defendant has dedicated many pages across three filings to legal argument regarding the breadth of § 111 and how the facts (as the defendant perceives them) map onto that legal argument. All of this argument is misplaced in briefing Rule 12 motions to dismiss. Instead, these arguments are properly raised through a Rule 29 motion, or in argument to the Court regarding jury instructions or legal definitions for the factfinder to use, *once the evidentiary record is developed*. For now, the questions of whether to apply the Model Penal Code or common law, whether assault is an element of every permutation of § 111, and the impact of the inclusion of "forcibly" in the statute, are all irrelevant to the only question before the Court at this stage: whether the superseding indictment states an offense. The answer to that question is yes—the superseding indictment clearly states seven offenses for which the defendant should be tried.

B. The Interpretation of Section 111(a)

The government maintains that the Court need not venture into the statutory interpretation exercise that the defendant invites. Still, for the sake of completeness, the government addresses the defendant's new arguments below.

*First*, in arguing that the Court should rely on the Model Penal Code's definition of assault, the defendant states, without support, that the phrase "simple assault" was "unused in common law." *See* Doc. 40 at 2. This statement is misleading; the Model Penal Code did not invent the

10

phrase "simple assault" out of thin air. Indeed, the phrase "simple assault" appears hundreds of times in case law before the promulgation of the Model Penal Code in 1962. *See, e.g.*, *Allen v. United States*, 164 U.S. 492, 497 (1896); *MacIllrath v. United States*, 188 F.2d 1009, 1009 (D.C. Cir. 1951) (per curiam) (finding no error where the trial court failed to give an instruction regarding "the lesser offense of simple assault" in an assault with a dangerous weapon case); *see also Roberts v. Pepersack*, 286 F.2d 635 (4th Cir. 1960) (dismissing habeas corpus petition of a defendant who was convicted of "two charges of simple assault" in the Criminal Court of Baltimore City, Maryland, a "so-called common law state"); *United States v. Walker*, 25 C.M.R. 144, 146 (1958) ("*At common law*, and in most American jurisdictions, a *simple assault* and battery was and is sufficient force and violence to make out the offense of robbery, when the other elements are present, and this is the military rule as well.") (citing 2 Burdick, Law of Crime, 1946 ed, § 591; 2 Bishop, Criminal Law, 9th ed, § 1167; 46 Am Jur, Robbery, § 15) (emphasis added); *United States v. Jackson*, 6 C.M.R. 390, 393 (1952) (evidence of voluntary intoxication may negate evidence of a defendant's state of mind that would have otherwise elevated a "*simple assault* to the more aggravated type of assault involving an intent to commit a serious offense") (emphasis added); *United States v. Barnaby*, 51 F. 20 (C.C.D. Mont. 1892) ("An 'assault' is generally defined to be an unlawful attempt coupled with a present ability to commit a violent injury upon the person of another. When a *simple assault* is alleged, a court cannot judicially see whether or not it is of such nature, if consummated, death would ensue.") (emphasis added). Accordingly, the defendant has not clearly overcome the *Shabani* principle that "absent contrary indications, Congress intends to adopt the common law definition of statutory terms." *United States v. Shabani*, 513 U.S. 10, 13 (1994).

More, the D.C. Circuit's use of the Model Penal Code in *United States v. Duran*, 96 F.3d 1495 (D.C. Cir. 1996) to interpret the term "simple assault" is not as straightforward as the defendant suggests. At least one circuit court has opined that the D.C. Circuit's use of the Model Penal Code was both "incorrect[]" and "[i]n any event, … dictum because the defendant's conduct involved physical conduct and thus constituted assault under any definition." *United States v. Chestaro*, 197 F.3d 600, 606 (2d Cir. 1999); *see also United States v. Ramirez*, 233 F.3d 318, 321–22 (5th Cir. 2000), *overruled on other grounds by United States v. Cotton*, 535 U.S. 625, 629–31 (2002) (relying on *Shabani* to apply the common law definition of simple assault to § 111); *United States v. Stewart*, 568 F.2d 501, 504 (6th Cir. 1978) (same).

Regardless, the Court need not definitively choose between the common law and the Model Penal Code definitions at this juncture. Under *either* definition of assault, the government will be able to prove at trial that the defendant violated § 111(a). To the extent that the Court selects one definition or another, the government respectfully submits that the Court should adhere to *Shabani*, follow the decisions of countless courts in this district, and use the common law to interpret the statute. *See, e.g.*, *United States v. Cua*, No. CR 21-107 (RDM), 2023 WL 2162719, at *25–26 (D.D.C. Feb. 22, 2023).[3]

*Second*, the defendant places more weight upon the word "forcibly" than it can bear. *See* Doc. 40 at 6. The government agrees that forcibly modifies the other verbs listed in the statute after "assault." *See United States v. Arrington*, 309 F.3d 40, 44 (D.C. Cir. 2002) ("[T]he adverb 'forcibly' in the first element of the offense modifies each of the prohibited acts specified in the

---

[3] Importantly, in the *Cua* decision, Judge Moss "question[ed] whether Cua's motion [was] properly framed as a motion to dismiss pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B)(v)." *Id.* at *3. There, the Court concluded that "even under Cua's reading of the statute, the Indictment states an offense." *Id.*

12

second element: that is, a defendant does not violate the statute unless he forcibly assaults or forcibly resists or forcibly opposes, etc."). Still, the inclusion of forcibly does not erase the other verbs in the statute,[4] and the government again urges the Court to follow the guidance of the majority of circuit courts that have *directly* addressed this issue. *See* Govt. Resp., Doc. 32 at 3–13; *see also Cua*, 2023 WL 2162719 at *6.

Even if the defendant's preferred definitions were applied in this case, those definitions do nothing to suggest that the government will not be able to prove its case at trial. To illustrate, consider the defendant's definition of "forcibly"—"power, violence, or pressure directed against a person or thing." *See* Doc. 40 at 7. For the sake of argument, if the Model Penal Code definition of simple assault were used, then the defendant could be convicted if: (a) he *forcibly* (i.e. used *pressure* against a victim officer *or their riot shield*), (b) *resisted* a designated person while engaged in the performance of their official duties, and (c) did so with the intent to commit another felony (i.e. the violation of § 231(a)(3) alleged in Count One). The defendant's conduct here fits comfortably within even the defendant's chosen definitions.

*Third*, contrary to the defendant's arguments, § 111(a) is a general intent crime. *See United States v. Kleinbart*, 27 F.3d 586 (D.C. Cir. 1994) (citing *United States v. Feola*, 420 U.S. 671, 686 (1975) ("We hold, therefore, that in order to incur criminal liability under § 111 an actor must entertain merely the criminal intent to do the acts therein specified."); *see also United States v.*

---

[4] For the same reasons as articulated here and in the government's prior filings, the defendant's suggestion that a conviction without proof of an assault would violate his due process rights is unpersuasive. *See* Doc. 40 at 19. Though there is acknowledged disagreement among some circuit courts as to the outer bounds of § 111, the mere existence of such disagreement does not a constitutional violation make. A statute is not unconstitutionally vague simply because its applicability is unclear at the margins, *United States v. Williams*, 553 U.S. 285, 306 (2008), or because a reasonable jurist might disagree on where to draw the line between lawful and unlawful conduct in particular circumstances, *Skilling v. United States*, 561 U.S. 358, 403 (2010). The statute fairly informs the public of the prohibited conduct.

*Duran*, 884 F. Supp. 577, 584 (D.D.C. 1995), aff'd, 96 F.3d 1495 (D.C. Cir. 1996) (relied on by defendant) ("assault on a federal officer is a general intent crime"). And again, even if the defendant were correct, and § 111(a) requires proof of specific intent, the government intends to prove the defendant's intent at trial.

Ultimately, regardless of the legal definitions that the Court adopts, the government will be able to prove that the defendant is guilty of all seven counts beyond a reasonable doubt at trial. In the context of this case, the defendant's arguments regarding the proper construction of § 111(a) raise purely academic questions about the outer bounds of the statute that are not dispositive of any of the charges against the defendant and are not ripe at this stage.

### III.   CONCLUSION

For the foregoing reasons, and for all of the reasons stated in the government's prior responses at Docs. 32 and 35, the government respectfully submits that the defendant's pending motions to dismiss should be denied.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar No. 481052

By:   /s/ *Katherine E. Boyles*
Katherine E. Boyles
Assistant United States Attorney
D. Conn. Fed. Bar No. PHV2032
United States Attorney's Office
601 D Street NW
Washington, D.C. 20001
Ph. 203-931-5088
Katherine.Boyles@usdoj.gov