UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | CRIMINAL CASE NO: 1:21-CR-00564 |
| ) | |
| MATTHEW DASILVA ) | TRIAL: JULY 17, 2023 |
| ) | |
| DEFENDANTS. ) | |

### DEFENDANT'S MOTION IN LIMINE TO
### EXCLUDE GENERALIZED, SWEEPING, NON-PARTICULARIZED JANUARY 6 EVIDENCE

Pursuant to Fed. R. Evid. 401, 402, and 403, Defendant moves *in limine* to exclude any sweeping, non-case-specific evidence pertaining to the events of January 6th, 2021, as well as any generalized testimony recounting the experiences of federal officers on that day. The defendant seeks a ruling from this court that confines the Government to case-specific evidence. Unless a video specifically depicts the defendant, that video should not be admitted; and, unless testimony involves observation about the defendant or bears directly on an element of the offense or proof thereof, it should be inadmissible.

January 6, 2021, drew hundreds of thousands of people to protest in front of the Capitol.[1] Out of them, over a thousand people have been charged for unlawful activities related to the protest.[2] Matthew DaSilva is but one individual, who came to the Capitol alone and who left the Capitol alone. Mr. DaSilva is being tried alone.

---

[1] Jenni White, *What I Saw at the 'Save America Rally' in Washington, DC on Jan. 6*, THE FEDERALIST, Jan. 11 2021, https://thefederalist.com/2021/01/11/what-i-saw-at-the-save-america-rally-in-washington-dc-on-jan-6.

[2] *27 Months since the Jan. 6 Attack on the Capitol*, THE UNITED STATES DEPARTMENT OF JUSTICE, April 6 2023, https://www.justice.gov/usao-dc/27-months-jan-6-attack-capitol.

Evidence of the sweeping, non-case-specific evidence pertaining to the events of January 6th, or broad accounts of the same, bear no relevance to Mr. DaSilva's charges under Fed. R. Evid. 401 and 402. The same is true for mentions or proof of any particular acts of criminal behavior carried out by persons other than Mr. DaSilva, or occurrences of harm, distress, or damages resulting from actions perpetrated by individuals other than the defendant in question. The charges pending before this court are distinctly tailored to address the actions of an individual defendant. Due to the socio-political impact of January 6 and the stigma against the people associated with it, it is of utmost importance for fair adjudication to separate the individual defendant and his individual conduct from that of the impact of the crowd as a whole and from the actions of other individuals. The admissible evidence should reflect the focus of this trial — which is neither the multitude present on that day nor the consequence of January 6 itself— but rather the particularized accusations against the individual who is on trial.

Even if this court felt that the Government's broad-sweeping evidence of January 6 was somehow relevant to the case at hand, it would still be inadmissible as unfairly prejudicial, confusing the issues before the court, misleading to the factfinder, wasteful of the court's time, and needlessly cumulative.[3] Under Rule 403, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. The Government's presentation of defendant-unparticularized, comprehensive evidence related to January 6 as a whole, or what

---

[3] The parties will confer at a later time to discuss a full list of stipulations. In the event that Count One is not dismissed per Defendant's motions, ECF No. 30 and 34, Defendant agrees to stipulate to the existence of a "civil disorder" for Count One, thereby eliminating any concern about the necessity of presenting evidence to establish an element of an offense.

federal officers experienced as a whole on that day, is the type of evidence that hits each and every danger category set out in Rule 403. Whether via video compilations or through a testimonial parade, the Government's desire to drown the factfinder's conscience in the imagery of January 6 as a whole is the *exact danger* to fair adjudication that Rule 403 was meant to prevent.

Of course, it is indisputable that the officers had a very difficult day on January 6, 2021. But if we take a step back and look at criminal prosecutions overall, we will recall that behind the scenes in many serious criminal cases law enforcement officers will have experienced incredibly challenging days— filled with calls for service, fighting suspects, and engaging with the defendant that is before to court. Nonetheless, when taking the stand at the defendant's trial, police officers do not testify as to the weariness they experienced from engaging with many suspects prior to engaging with a defendant, nor discuss the acts conducted by other suspects that day, nor their feelings or emotional tolls that the job has caused them. Police officers only testify to having engaged with the specific defendant that is sitting before the court awaiting judgment. Officers simply do not discuss the day as a whole.

The same goes for any criminal defendant participating in public events where other attendees, individuals unbeknown to the defendant, have also committed crimes. Evidence of the behavior and criminal activity of other attendees of a public event creates an unfairly prejudicial implication by association. While it is inescapable to reference the general event within the courtroom, the introduction of images, testimonies, or particulars concerning the crimes perpetrated by others solely serves to confound and mislead the factfinder with respect to the narrowly defined legal issues at hand. By introducing broad-sweeping evidence from January

6th, the Government imposes generalized culpability upon the defendant. This evidence inevitably carries a prejudicial impact that significantly outweighs any potential probative value it may be purported to possess. This evidence has an unavoidable, prejudicial effect that substantially outweighs any probative value the Government will argue that it has.

Stated more pragmatically — the Government possesses an unprecedented volume of video footage from January 6, potentially amounting to hundreds of thousands of hours. However, the defendant is not accused of the entirety of January 6 events, but rather of specific actions he undertook on that day. Therefore, unless a video specifically depicts the defendant, that video should not be admitted. Similarly, unless testimony involves observation about the defendant or bears directly on an element of the offense or proof thereof, it should be inadmissible. In the case of January 6, evidence that does not explicitly portray or characterize the defendant's actions is unduly prejudicial, and this prejudice significantly outweighs any probative value that the evidence might possess. Fed. R. Evid. 403; *Old Chief v. United States*, 519 U.S. 172, 180 (1997). See also *United States v. Cunningham*, 694 F.3d 372, 391 (3d Cir. 2012) (inflammatory videos of prepubescent children being bound, raped, and violently assaulted were unfairly prejudicial where other available evidence was sufficient to prove the defendant knowingly possessed, received, and distributed child pornography); *BE & K Construction Co. v. United Brotherhood of Carpenters & Joiners*, 90 F.3d 1318, 1331 (8th Cir.1996) ("The videotape improperly focused attention on what took place in International Falls on September 9, 1989 instead of what was actually said at the October 24, 1991 meeting in McGehee, Arkansas.").

The defendant is simply seeking the same treatment as American courts have given every other defendant in order to preserve the sanctity of a fair trial — limiting admissible evidence

only to evidence that is relevant to the legal questions before the court, and excluding evidence that impairs the fairness of trial by being unduly prejudicial, confusing, and misleading.[4]

Respectfully submitted,

By Counsel:

/s/
MARINA MEDVIN, ESQ.
*Counsel for Defendant*
MEDVIN LAW PLC
916 Prince Street
Alexandria, Virginia 22314
Tel: 888.886.4127
Email: contact@medvinlaw.com

**CERTIFICATE OF SERVICE FOR CM/ECF**

I hereby certify that on May 19, 2023, I will electronically file the foregoing with the Clerk of the Court for the United States District Court for the District of Columbia by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users, and that service will be accomplished by the CM/ECF system.

/s/
Marina Medvin, Esq.

---

[4] The defendant is scheduled for a bench trial, and this Court is indisputably capable of distinguishing relevant evidence from inflammatory or prejudicial background evidence. Nonetheless, this is the defendant's first and only trial of his life, and this motion is being made in good faith to foster a streamlined and impartial trial.