UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CASE NO. 21-cr-564 (CJN) |
| v. | : | |
| | : | |
| MATTHEW DASILVA, | : | |
| | : | |
| Defendant. | : | |

GOVERNMENT'S MOTION *IN LIMINE*
REGARDING VIDEO MONTAGE EVIDENCE

The United States of America moves for an order *in limine* to admit a video montage relating to the Civil Disorder on January 6, 2021, pursuant to Fed. R. Evid. 401, 402, 803(1), and 1006.

## INTRODUCTION

In Count One of the superseding indictment, the defendant, Matthew DaSilva, is charged with a violation of 18 U.S.C. § 231(a)(3), which makes it a crime to: "commit an act to obstruct, impede, and interfere with a law enforcement officer lawfully engaged in the lawful performance of his/her official duties *incident to and during the commission of a civil disorder* which in any way and degree obstructed, delayed, and adversely affected commerce and the movement of any article and commodity in commerce and the conduct and performance of any federally protected function." (emphasis added). Under 18 U.S.C. § 232(2), "[t]he term 'civil disorder' means any public disturbance involving acts of violence by assemblages of three or more persons, which causes an immediate danger of or results in damage or injury to the property or person of any other individual." In other words, as this Court knows, the government must prove the existence of a civil disorder at trial.

To that end, the Government seeks admission of an approximately fifteen-and-a-half-minute video montage that combines surveillance footage from January 6, 2021, and over lays it upon a map of the Capitol with recordings of the Capitol Police radio to prove there was a public disturbance involving acts of violence by an assemblage of more than three persons. This montage is authentic and admissible, and we thus seek a ruling in advance of trial.

## ARGUMENT

Trial courts have inherent authority to manage the course of trials. *See generally* Fed. R. Evid. 103(d), and Fed. R. Crim. Pro. 12. "Although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the court of trials." *Luce v. United States*, 469 U.S. 38, 41 n. 4 (1984). More directly, rulings about the admissibility of evidence pre-trial "may generally be the better practice, for it permits counsel to make the necessary strategic determinations." *United States v. Jackson*, 627 F.2d 1198, 1209 (D.C. Cir 1980).

At trial, an officer from the United States Capitol Police ("USCP") will testify regarding the proposed montage. The proposed montage consists of video depictions of the events that occurred around the United States Capitol on January 6, 2021 based on portions of Capitol Surveillance ("CCTV"), USCP "radio runs," interior maps of the Capitol, and time stamps from when the depicted events occurred. At trial, a USCP officer with the requisite knowledge of the closed-circuit Capitol Video Surveillance will likely testify that the system is in place to provide additional security protections of the United States Capitol. This system not only provides for real-time observation of the Capitol grounds, but also has the ability to record the events and store the information for presentment at a later time. Further, the witness likely will also describe the system in place to allow officers of the United States Capitol Police to communicate with each other via

the radio. This witness will be able to describe that these "process[es] or system[s] . . . produce[ ] an accurate result." *See* Fed. R. Evid. 901(9).

The montage also provides maps to orient the trier-of-fact to the location of the video depictions captured by the Capitol Surveillance. *See, e.g.*, Image 1, below. Both the exterior maps and interior maps, as presented, are "not subject to reasonable dispute . . .." *See* Fed. R. Evid. 201(b).



*Image 1*

The scope of the civil disorder at issue in this trial encompasses nearly six hours of rioters causing an immediate danger of damage or injury to the property or person of the United States Capitol. Reviewing nearly six hours of footage from nearly four acres of grounds is not something that can be conveniently examined in court. Thus, the Government submits that the fifteen-and-a-half-minute montage is admissible under Fed. R. Evid. 1006, which allows, "a summary, chart, or calculation to prove the content of voluminous writings, recordings, or photographs that cannot be conveniently examined in court."

3

Though the Government maintains that the full fifteen-minute video is admissible under Rule 1006, the Government only intends to introduce portions of the already-succinct fifteen-minute video. The Government will specifically seek to play for the Court sections of the video that relate to the defendant's conduct and/or establish a timeline for the civil disorder to place the defendant's acts in context.

This Court, has previously declined to rule on or denied pretrial motions *in limine* in the context of a bench trial. *See, e.g.*, *United States v. Doolin et al*, 22-cr-447-CJN (*see* February 22, 2023 Minute Order denying motions *in limine*). Mindful of this Court's precedents, we advance this motion to develop the record, to apprise the Court of a potential evidentiary dispute, and to attempt to reach a resolution of that issue in advance of trial, in order to be efficient with the Court's time and attention at trial. Upon information and belief, this montage – in some form or another – has been used in every January 6 trial since its development and creation.

## CONCLUSION

For these reasons, the United States requests that this Court enter an order, as described above, allowing for the admission of relevant portions of the fifteen-and-a-half-minute montage of the civil disorder at the United States Capitol on January 6, 2021.

                                                                           Respectfully Submitted,

                                                                           MATTHEW M. GRAVES
                                                                           United States Attorney
                                                                           D.C. Bar No. 481052

                                                                           /s/ *Adam M. Dreher*
                                                                           Adam M. Dreher
                                                                           Assistant United States Attorney
                                                                           MI Bar No. P79246
                                                                           601 D. St. N.W.
                                                                           Washington, D.C. 20530
                                                                           Phone: (202) 252-1706
                                                                           adam.dreher@usdoj.gov

Katherine Boyles
Assistant United States Attorney
D. Conn. Fed. Bar No. PHV20325
Phone: 203-931-5088
Katherine.Boyles@usdoj.gov