UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| V. ) | CASE NO: 1:21-CR-00564 |
| ) | |
| MATTHEW DASILVA, ) | |
| ) | |
| DEFENDANT. ) | |

### MOTION TO DISMISS
### COUNTS ONE, TWO, FIVE, AND SEVEN OF THE SECOND SUPERSEDING INDICTMENT

Defendant Matthew DaSilva moves to dismiss Counts One, Two, Five, and Seven of the Second Superseding Indictment for lack of specificity, pursuant to Fed. R. Crim. P. 12(b)(3), in addition to reasserting his dismissal arguments previously articulated in ECF Nos. 30, 33, 34, and 36.

An indictment must explicitly demonstrate, without the need for extraneous exploration, that the indicted acts, if proven, would warrant a conviction for the alleged offense. As the Supreme Court stated almost 150 years ago, "the indictment should state the particulars, to inform the court as well as the accused. It must be made to appear — that is to say, appear from the indictment, without going further — that **the acts charged** will, if proved, support a conviction for the offence alleged." *United States v. Cruikshank*, 92 U.S. 542, 559 (1875) (emphasis added). After all, a "**crime is made up of acts and intent; and these must be set forth in the indictment, with reasonable particularity of time, place, and circumstances**." *Id.*

at 558. "It is a crime to steal goods and chattels; but an indictment would be bad that did not specify with some degree of certainty the articles stolen." *Id*.

While the Second Superseding Indictment certainly contains more information than the first two, it still fails to allege *any acts*. Yet, as we see clearly from *Cruikshank,* the *actus reus* or description of the *circumstances* is an indispensable portion of an indictment.

In Count One, the government provides a broad three-and-a-half-hour window of time and alleges in generic terms that Mr. DaSilva "commit[ed] an act to obstruct, impede, and interfere with a law enforcement officer." What act? Which officer? And, a three-and-a-half-hour window of any human being's time includes *a lot* of conduct. Moreover, the terms "obstruct, impede, and interfere" are generic terms found throughout the U.S. Code, which cover a plethora of conduct. The words are too broad to provide the defendant with notice of what actions of his are being criminally prosecuted."It is an elementary principle of criminal pleading, that where the definition of an offence, whether it be at common law or by statute, `includes generic terms, it is not sufficient that the indictment shall charge the offence in the same generic terms as in the definition; but it must state the species,—it must descend to particulars.'" *Russell v. United States*, 369 U.S. 749, 765 (1962) (citing *Cruikshank)*.

Count Two, which specifies a narrower time than Count One, and which provides the initials of the officers involved, as well as naming the other felony — all elements missing from the first two indictments — still fails to describe what *action* Mr. DaSilva is alleged to have taken to violate the law. The terms "assault, resist, oppose, impede, intimidate, and interfere with" are generic statutory verbiage that do not convey the particular conduct of the defendant that the Government alleges is criminal. See *Russell* at 765; *Cruikshank* at 557.

The same problem plagues counts Five and Seven, which allege a generic "act of physical violence" but do not describe with the requisite particularity the alleged act.

As it stands, the facts in the four corners of the indictment fail "to inform the court of the facts alleged, so that it may decide whether they are sufficient in law to support a conviction, if one should be had." *Russell* at 768. And, the indictment fails to provide this Court with a sufficient description of facts on which to dismiss a count of the indictment as a matter of law. *See* ECF No. 34 and 36. "Another reason [for the requirement that every ingredient of the offense charged must be clearly and accurately alleged in the indictment], and one sometimes overlooked, is to enable the court to decide whether the facts alleged are sufficient in law to withstand a motion to dismiss the indictment or to support a conviction in the event that one should be had." *Russell* at n*15 (internal citations omitted); *United States v. Branigan*, 299 F. Supp. 225, 228 (S.D.N.Y. 1969).

A valid indictment is not a preference— it is the defendant's constitutional right. *See* U.S. Const. Amend. V; U.S. Const. Amend. VI. A proper indictment "preserves the Fifth Amendment's protections against abusive criminal charging practice." *United States v. Hillie*, 227 F. Supp. 3d 57, 69 (D.D.C. 2017).

In this case, the Second Superseding Indictment, while certainly more informative than the first two, is still deficient on Counts One, Two, Five, and Seven. Relying on the arguments above, as well as those in ECF No. 30, 33, 34, and 36, incorporated by reference herein, the defendant seeks dismissal of these charges. *See United States v. Thomas*, 444 F.2d 919, 922 (D.C. Cir. 1971) (noting that an indictment needs to "achieve the requisite degree of precision" and holding that an indictment is insufficient as a matter of law when "it describes the offense only in

impermissibly broad and categorical terms"); *United States v. Pickett*, 353 F.3d 62 (D.C. Cir. 2004) (overturning conviction and dismissing an indictment for failing to state an essential element of the offense).

Respectfully submitted,

By Counsel:

_____/s/_____
Marina Medvin, Esq.
*Counsel for Defendant*
MEDVIN LAW PLC
916 Prince Street
Alexandria, Virginia 22314
Tel:  888.886.4127
Email: contact@medvinlaw.com

**CERTIFICATE OF SERVICE FOR CM/ECF**

I hereby certify that on June 1, 2023, I will electronically file the foregoing with the Clerk of the Court for the United States District Court for the District of Columbia by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users, and that service will be accomplished by the CM/ECF system.

_____/s/_____
Marina Medvin, Esq.