UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Case No. 21-cr-564 CJN |
| : | |
| MATTHEW DASILVA, : | |
| : | |
| Defendant. : | |

**GOVERNMENT'S RESPONSE IN OPPOSITION
TO DEFENDANT'S MOTION TO DISMISS THE SECOND
SUPERSEDING INDICTMENT AND MOTION FOR BILL OF PARTICULARS**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully files this Response in Opposition to the defendant's Motion to Dismiss the Second Superseding Indictment, Doc. 57, and Motion for Bill of Particulars, Doc. 47. The United States submits that this Court should deny both motions.

**I. BACKGROUND**

The background of this case has been thoroughly recited in several filings in this case. *See* Govt. Resp. to Def. Supp. Filing, Doc. 41; Govt. Resp., Doc. 35; Govt. Resp., Doc. 32.[1] Since the government filed its Response to the defendant's Supplemental Filing on March 21, the Court ordered the parties to appear for a video hearing on May 23. *See* 5/17/23 Minute Order. At that hearing, the United States indicated that it would present the case again to the grand jury to address some of legal concerns raised by the Court, without conceding any legal necessity to do so. Accordingly, the United States sought a second superseding indictment from the grand jury on

---

[1] Given the overlap among the issues raised by this latest Motion to Dismiss and prior Motions to Dismiss, the United States incorporates by reference its prior responses to the Motions, found at Docs. 32, 35, and 41, into this Response.

May 31, 2023, and the grand jury returned a true bill on the Second Superseding Indictment that day. *See* Sec. Superseding Indictment, Doc. 54.

Following the filing of the Second Superseding Indictment (hereinafter "the operative Indictment," or simply, the Indictment), the defendant moved to dismiss the operative Indictment. *See* Doc. 57. In this latest Motion to Dismiss, the defendant moves the Court to dismiss Counts 1, 2, 5, and 7 of the Indictment because the Indictment does not specify which acts the grand jury found to violate federal law. *See* Def. Mot. to Dismiss ("MTD"), Doc. 57 at 2.

The defendant had also filed a Motion for a Bill of Particulars on May 18. *See* Def. Mot. for Bill of Particulars ("MBP"), Doc. 47. In this Motion, the defendant requests "descriptions of the *actus reus* the Government is alleging for each of Count One, Two, Five, and Seven of the Superseding Indictment." This Motion is arguably moot in light of the filing of a Second Superseding Indictment after the filing of the Motion. Given the relatedness of the Motion for a Bill of Particulars to the newly filed Motion to Dismiss, however, the government will respond to both Motions in this Response.

## II. ANALYSIS

A. <u>Defendant's Motion to Dismiss, Doc. 57</u>

The defendant moves to dismiss Counts 1, 2, 5, and 7 of the operative Indictment because the Indictment does not include the specific acts that the government alleges constitute federal criminal violations. *See* MTD, Doc. 57 at 2. Contrary to Defendant's argument, the Second Superseding Indictment is legally sufficient; the Motion to Dismiss should be denied.

At the motion to dismiss stage, "an indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the

same offense." *Hamling v. United States*, 418 U.S. 87, 117 (1974). Given these limited requirements, it is "generally sufficient that an indictment set forth the offense in the words of the statute itself, as long as 'those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished.'" *Id.* (quoting *United States v. Carll*, 105 U.S. 611, 612 (1882)); *accord United States v. Ring*, 628 F. Supp. 2d 195, 204 (D.D.C. 2009). "[T]he validity of an indictment 'is not a question of whether it could have been more definite and certain.'" *United States v. Verrusio*, 762 F.3d 1, 13 (D.C. Cir. 2014) (quoting *United States v. Debrow*, 346 U.S. 374, 378 (1953)). And an indictment need not inform a defendant "as to every means by which the prosecution hopes to prove that the crime was committed." *United States v. Haldeman*, 559 F.2d 31, 124 (D.C. Cir. 1976).

Here, every count in the operative Indictment, Doc. 54, explains the statute that was violated, the location of the offense, and the date of that offense. Counts 1, 2, 5, and 7 (the target counts of this Motion to Dismiss) further specify the time frame of those offenses; Counts 2, 5, and 7 specify a ten-minute time frame. Count 2 also includes the initials of the known victim-officers and specifies the precise location of where any unknown victim-officers were stationed during the relevant time frame.

There is no doubt from the operative Indictment that the grand jury charged the defendant with several criminal violations for his conduct on January 6, 2021 within the jurisdiction of the District of Columbia. The grand jury's superseding indictment thus "fairly informs" the defendant of the charges of which he stands accused and prevents the risk of a subsequent prosecution for the same conduct. Nothing more is required. *See, e.g.*, *United States v. Resendiz-Ponce*, 549 U.S. 102, 108 (2007) ("[T]he time-and-date specification in respondent's indictment provided ample

protection against the risk of multiple prosecutions for the same crime."); *United States v. Williamson*, 903 F.3d 124, 130 (D.C. Cir. 2018) (applying *Resendiz-Ponce* and affirming sufficiency of indictment); *United States v. John-Baptiste*, 747 F.3d 186, 196 (3d Cir. 2014) ("[A] defendant has sufficient notice to guard against a future prosecution in violation of the protection against double jeopardy if an indictment specifies the time frame for the criminal conduct."); *United States v. Walsh*, 194 F.3d 37, 44 (2d Cir. 1999) ("[W]e have consistently upheld indictments that do little more than to track the language of the statute charged and state the time and place (in approximate terms) of the alleged crime.") (quotation marks omitted).

Importantly, this honorable Court already noted at the May 23, 2023, hearing that the Court was not concerned that the *previous* and less detailed Superseding Indictment, Doc. 20, did not provide the constitutionally required notice to the defendant of the charges against him. At this stage, with the Second Superseding Indictment, the defendant has more notice and more detail of the charges against him than he did on May 23. *Compare* Superseding Indictment, Doc. 20 *with* Sec. Superseding Indictment, Doc. 54.

For all of the foregoing reasons, and as explained in the United States' prior filings and the two prior hearings on the Defendant's prior motions to dismiss, the new Motion to Dismiss, Doc. 57, should be denied.

  B.  <u>Defendant's Motion for a Bill of Particulars, Doc. 47</u>

The defendant had also previously moved for a Bill of Particulars with respect to the prior indictment. *See* MBP, Doc. 47. The operative Indictment now provides more detailed information than the prior indictment and moots much of the defendant's request. Even if the defendant persists in his request for a bill of particulars, this Court should deny the request on the merits.

An indictment need only include "a plain, concise, and definite written statement of the essential facts constituting the offense charged," but a court may, in its discretion, "direct the government to file a bill of particulars" clarifying the allegations in the indictment. Fed. R. Crim. P. 7(c)(1), (f). A bill of particulars "ensure[s] that the charges brought against a defendant are stated with enough precision to allow the defendant to understand the charges, to prepare a defense, and perhaps also to be protected against retrial on the same charges." *United States v. Butler*, 822 F.2d 1191, 1193 (D.C. Cir. 1987). It is not required, however, if the indictment "is sufficiently specific, or if the requested information is available in some other form." *Id.*; *see United States v. Lorenzana-Cordon*, 130 F. Supp. 3d 172, 179 (D.D.C. 2015) (denying motion for bill of particulars and noting that the government had provided extensive discovery that "allows Defendants to adequately prepare for trial").

A bill of particulars "is not a discovery tool or a device for allowing the defense to preview the government's theories or evidence." *United States v. Ramirez*, 54 F. Supp. 2d 25, 29 (D.D.C. 1999); *see also United States v. Brodie*, 326 F. Supp. 2d 83, 91 (D.D.C. 2004) (same). Rather, a bill of particulars "is intended to give the defendant only that minimum amount of information necessary to permit the defendant to conduct his *own* investigation and not to provide the defendant with the fruit of the government's investigation." *United States v. Sanford Ltd.*, 841 F. Supp. 2d 309, 316 (D.D.C. 2012) (internal quotation marks and citation omitted, emphasis in original). Therefore, a bill of particulars "properly includes clarification of the indictment, not the government's proof of its case." *United States v. Martinez*, 764 F. Supp. 2d 166, 173 (D.D.C. 2011) (internal quotation marks and citation omitted); *United States v. Savoy*, 889 F. Supp. 2d 78, 115 (D.D.C. 2012) (same); *see also United States v. Taylor*, 17 F. Supp. 3d 162, 178 (E.D.N.Y.

5

2014) (explaining that a bill of particulars "may not be used by the defense as a fishing expedition or to force the government to reveal all its evidence before trial").

Applying this principle, judges of this Court have consistently denied motions for a bill of particulars where, as here, the motion seeks details about the nature of the government's evidence. Thus, for example, in *United States v. Han*, 280 F. Supp. 3d 144, 149 (D.D.C. 2017), the Court denied a motion for a bill of particulars requesting information about the basis for fraud and tax charges against the defendant, including the precise representations allegedly made by the defendant and the amount of taxes allegedly owed. The Court explained that the requested information had already been provided to the defendant in discovery and elsewhere, and a "bill of particulars is meant to allow a defendant to properly prepare for trial, not provide a method to force the prosecution to connect every dot in its case." *Id.*

Similarly, in *Brodie*, the Court denied a motion for a bill of particulars requesting "the circumstances surrounding the alleged acts" of fraud committed by the defendants as well as "other evidentiary details." 326 F. Supp. 2d at 92. The Court reasoned that the charges set forth in the indictment were "detailed and alleged with particularity" and "the discovery provided by the government has been voluminous," and therefore there was "no reason for any further particularization of the overt acts." *Id.*

Finally, in *Sanford Ltd.*, the Court denied a motion for a bill of particulars regarding the "substance, time, place and date" of allegations regarding falsification of records and other charges against a corporate defendant. 841 F. Supp. 2d at 315 (internal quotation marks and citation omitted).  The Court explained that "the general rule in conspiracy cases is that the defendant is not entitled to obtain detailed information about the conspiracy in a bill of particulars." *Id.* at 317 (internal quotation marks and citation omitted). Accordingly, the Court denied the defendant's

request for information about the identities of its employees alleged to have participated in the conspiracy and other details about the overt acts charged in the indictment. *Id.* at 317-18.

The same result is appropriate here for three reasons. First, the operative Indictment provides sufficient detail outlining the allegations against the Defendant, as explained above. *See United States v. Mejia*, 448 F.3d 436, 445 (D.C. Cir. 2006) (holding that no bill of particulars was required where the superseding indictment identified, among other things, the object of the charged conspiracy, the conspiracy's "time period," the applicable *mens rea*, and locations where conspirators acted). Nothing in the operative Indictment's language is vague, unclear, or lacking in specificity.

Second, the full scope of the conduct giving rise to the allegations in this case is recorded and has been disclosed to defense counsel. The United States has provided copies of the body worn camera ("BWC") footage, U.S. Capitol Police surveillance footage (*i.e.*, "CCTV"), open-source video footage, and video footage from other January 6 defendants that show the Defendant's conduct during the relevant time periods. The United States made its initial disclosures in this case, including the relevant BWC and CCTV, as early as October 1, 2021. Since then, the United States has continued to provide case-specific discovery to defense counsel as government counsel has become aware of more relevant evidence. This video evidence discloses the information that the defendant's motion seeks, *i.e.* "the manner in which, and the specific circumstances under which, the acts alleged were committed." *See* MBP, Doc. 47 at 2.[2] Furthermore, as to the larger Capitol breach investigation, the United States has now produced twenty-seven volumes of global

---

[2] The Motion also requested "the identity of the individual officer against whom these actions were purportedly directed." MBP, Doc. 47 at 2. The operative Indictment specifies several victim officers' initials; this specific request has thus already been satisfied by the new Indictment. *See* Doc. 54 at 2.

7

discovery to all defense counsel representing January 6 defendants. Defense counsel in this case has been provided all of this global discovery on a rolling basis, in addition to case-specific discovery.

Finally, Rule 7(f) does not entitle the defendant to the granular information he seeks. A bill of particulars is not a sword that enables the defendant to "force the government to reveal all its evidence before trial." *Taylor*, 17 F. Supp. 3d at 178. For all of these reasons, the Motion should be denied as moot by virtue of the Second Superseding Indictment, or in the alternative, denied on the merits.

### III. CONCLUSION

For all of the foregoing reasons, and the reasons contained in the United States' prior responses, the United States respectfully requests this Court (1) deny the Motion to Dismiss, Doc. 57, and (2) deny the Motion for Bill of Particulars, Doc. 47.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By: /s/ Katherine E. Boyles
Katherine Boyles
Assistant United States Attorney
D. Conn. Fed. Bar No. PHV20325
Katherine.Boyles@usdoj.gov
Phone: 203-931-5088

Adam Dreher
Assistant United States Attorney
Mich. Bar No P79246
Adam.Dreher@usdoj.gov
Phone: (202) 257-8014

United States Attorney's Office
601 D Street NW
Washington, D.C. 20001