UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| V. ) | CASE NO: 1:21-CR-00564 |
| ) | |
| MATTHEW DASILVA, ) | |
| ) | |
| DEFENDANT. ) | |
| ) | |

**REPLY TO GOVERNMENT'S RESPONSE IN OPPOSITION OF
DEFENDANT'S MOTION TO DISMISS FOR SELECTIVE PROSECUTION**

The Government's memo in opposition to Mr. DaSilva's Motion to Dismiss based on Selective Prosecution affirms that **had Mr. DaSilva pushed on a police shield during a left-wing protest in front of the White House in May 2020, he would not have been prosecuted**.

Defense Exhibit A: On June 24, 2020, the Department of the Interior released a video that begins with the depiction of a man in front of federal officers in May of 2020, pushing, shoving, and grabbing a riot shield held by the officers. The video continues with other individuals in the crowd pushing and pulling on police shields. None of these individuals were investigated or prosecuted for their conduct, even though the



Government possessed a high-definition video of their faces.[1] These individuals, the ones who pushed on police shields (and worse), are the individuals whom Mr. DaSilva compared himself to in ECF No. 48. Mr. DaSilva referenced multiple videos and photos of this nature.

The Government cites a public statement by AG William Barr on May 29, 2020, announcing that "violent radical agitators" from the left-wing protests in front of the White House will be subject to investigation and charges. The Government lists cases where such individuals were indeed apprehended and charged, for acts of: bank robbery, bank burglary, arson at the Supreme Court, Molotov cocktail attacks on police, and attacks on the Lincoln Memorial. These are very serious crimes, but none have to do with trespassing or pushing against a police shield. Indeed— no one who pushed on a police shield during the May 2020 left-wing protest in front of the White House was ever investigated or charged.

The Government, through omission, admits that prior to January 6, 2021, no individuals have ever been federally charged for pushing or pulling against a police shield. *See* ECF No. 59 at *10. In seeking out cases where individuals were charged with pushing on riot shields, the Government is only able to list six Trump-supporter cases, individuals charged after January 6, 2021. These cases include the conduct of pushing against riot shields but such conduct was *one of many actions taken by these defendants*, with their indictments *not limiting* the charged 18 U.S.C. 111(a) offenses to pushing on police shields. These individuals were charged with, and convicted of, more serious actions, and the fact that somewhere in the middle they pushed on a

---

[1] Exhibit A is a video released to the public by the Department of the Interior available at https://twitter.com/DOIPressSec45/status/1275849473701433345?s=20.

police shield is not helpful to comparing their cases to Mr. DaSilva's case.[2] In other words, these cases are not based on conduct simple enough to be directly comparable to that of Mr. DaSilva, whose *most serious* conduct charged is pushing against a police shield without any effect on the officer, and who remained outside at all times material. These cases do not aid in this motion other than further exposing the Government's bias in noting the conduct of pushing against police shields *only in January 6 cases*, even though such conduct was wildly prevalent at left-wing protests and had never been previously noted or charged.

Cutting further against the Government's argument is the fact that the January 6 investigation was not limited to "violent radical agitators." On January 7, 2021, Christopher Wray announced the investment of the full resources of the FBI into an indiscriminate search of "*those involved*" in January 6 misconduct, irrespective of nonviolence or the severity of an individual's involvement.[3] To this day, over two and a half years later, the FBI's website, continues to say: "We have deployed our full investigative resources and are working closely with our federal, state, and local partners to aggressively pursue *those involved* in these criminal

---

[2] *United States v. Salvador Sandoval, Jr.*, 1:21-cr-195-CKK ("In surveillance video from inside the US Capitol building itself, Sandoval is seen inside the Capitol engaging in the assaulting of law enforcement officers, by pushing law enforcement officers who are clearly identified as Metropolitan Police Officers via insignias on their jackets and helmets. Sandoval and other rioters also grabbed the police shield of two additional Metropolitan Police Officers, attempting to pull the shield away from the officers. Sandoval and the other rioters were successful in prying a police shield free from one of the officer's grasp."); *United States v. Patrick Hamner*, No. 1:21-cr-689-ABJ ("Hamner joined others in the mob in pushing a large metal sign into the defensive line formed by law enforcement officers."); *United States v. Luke Michael Lints*, 1:22-cr-259-TNM ("Lints obtained a police riot shield and used it to push back against a law enforcement officer who was also holding a shield. Lints used his shield to prevent an officer from closing a door to create a barrier between the rioters and law enforcement."); *United States v. Ronnie Presley*, 1:21-cr- 000257-RDM (grabbed an officer's shield and is seen pulling it away from the officer before entering the Capitol building); *United States v. Donnie Duane Wren*, 1:21-cr-599-RBW ("Smith and Wren pushed against a police line –holding them back for twenty seconds. Smith then kicked an officer to the ground and threw a metal pole -- hitting an officer in the head."). The only close case is that of *United States v. Bernard Joseph Sirr*, 1:22-cr-259-TNM, who pleaded guilty to being inside the tunnel space for an extended period of time, pushing back on officers together with a group, and at one point pushing on riot shields as well. This conduct is still more egregious than that of Mr. DaSilva, whose conduct is more akin to the protester behavior seen in May of 2020.

[3] Statement of FBI Director Christopher Wray is available at https://www.fbi.gov/news/press-releases/director-wrays-statement-on-violent-activity-at-the-us-capitol-building-010721.

activities." (Emphasis added). Indeed, two-thirds of the individuals arrested for January 6 participation are charged with only nonviolent conduct.[4] The overt disparity between the Government's announcement that it will only pursue *violent agitators* from left-wing protests, and yet will pursue *all individuals* from a pro-Trump protest, is in itself constitutionally-suspect, to say the least.

Why is it that protester behavior is ignored when the protest that gets out of hand is attended by left-wing individuals, yet the same actions are prosecuted when the protest is in favor of Donald Trump? How is a clear political discrepancy in the pursuit of nonviolent defendants justified as anything other than selective prosecution — especially in the case of a January 6 participant who never entered the Capitol Building?

Mr. DaSilva was singled out for prosecution. How do we know? Because— **had Mr. DaSilva committed the exact charged behavior during the George Floyd protest in May 2020, he would not have been charged. That's the reality of the matter— a reality the Government cannot defend**. Individuals who committed the same acts as Mr. DaSilva (and even worse) in May of 2020 in front of the White House were not investigated and were not charged. Yet **he was investigated and charged only because of the political group with which he was protesting— supporters of Donald Trump**, a group that was investigated by the DOJ indiscriminately — all "*those involved.*" All the while, other political groups and individuals committing nonviolent acts within groups of left-wing political protesters got a pass, the DOJ choosing only to pursue "*violent radical agitators.*" Mr. DaSilva was singled out for prosecution for this conduct *because of* his political ideations in favor of Donal Trump.

---

[4] *See 29 Months Since the Jan. 6 Attack on the Capitol*, U.S. Department of Justice (June 6, 2023), https://www.justice.gov/usao-dc/29-months-jan-6-attack-capitol.

The Government goes on to deny any bias against Donald Trump and his followers — yet ironically filed that pleading the day after Donald Trump was indicted by the federal government. It should be noted that Trump's main political opponent, Ron DeSantis, the Governor of Florida and (a licensed attorney), put out a statement on June 8, 2023, calling the indictment of the former President an "uneven application of the law depending upon political affiliation."[5] This sentiment was echoed by Virginia's Governor Glenn Youngkin, who called the Trump prosecution by the DOJ a "two-tiered justice system where some are selectively prosecuted."[6] Senator Chuck Grassley of Iowa stated on June 12, 2023, that the DOJ "signed off on prosecuting Trump for conduct similar to what Joe Biden and Hillary Clinton engaged in" and accused the DOJ of implementing "two standards of justice in this country." Senator Grassley went on to reveal that a foreign national who allegedly bribed President Biden when he was the Vice President, "allegedly has [17] audio recordings of his conversations," and that this was documented by the FBI in an FD-1023.[7] While the Government continues to deny selectivity in prosecuting Donald Trump and his supporters, the reality of their prosecution and non-prosecution decisions tell an entirely different story— and political leaders are taking public notice of it.

Mr. DaSilva's case, while not being personally examined by politicians or Congress, is nonetheless subject to the same biases within the DOJ and FBI, and the Government's announcements about whom they are prosecuting after devolved protests expose this bias.

---

[5] Ron DeSantis' statement is available at https://twitter.com/RonDeSantis/status/1666986884604522499.

[6] Glenn Youngkin's statement is available at https://twitter.com/GlennYoungkin/status/1667167258546692098.

[7] Senator Chuck Grassley's statement is available at https://www.grassley.senate.gov/news/remarks/grassley-fbi-redacted-references-to-recordings-in-biden-allegation-shared-with-congress.

In ECF No. 59, the Government admits— "both the protests in May 2020 and on January 6, 2021 started out as relatively peaceful protests and then devolved into more violent riots when a subset of protesters escalated their conduct from peaceful demonstrations to violent attacks." *See* ECF No. 59 at *6. The Government admits that only *"violent radical agitators"* were prosecuted for conduct at May 2020 protests. *Id*. at *8, 9, 12. The Government admits that outside of January 6 cases, no protesters in U.S. history have ever been charged for pushing against police shields. *Id*. at *10. These admissions show that the Government is not applying an even hand to the prosecution of Mr. DaSilva's case. Mr. DaSilva was investigated and prosecuted for being "*involved*" in the January 6 protest, as opposed to being a *"violent radical agitator"* who committed arson or robbery. Mr. DaSilva is being prosecuted for pushing on a police shield without affecting the officer holding that shield as his most seriously charged conduct. One of the Government's own videos, Defense Exhibit A, shows identical, as well as much more egregious conduct, from multiple May 2020 protesters, that was never prosecuted. It cannot be denied— had Mr. DaSilva committed the same acts for which he was charged in May of 2020, he would not have been prosecuted at all.

Mr. DaSilva has met the burden of making a colorable claim that the Government had an improper motive in selecting him for prosecution— political bias. As is required by *Armstrong,* Mr. DaSilva's case has both a showing of the *discriminatory effect* (he was charged for identical behavior during the January 6 protest which was documented by the Government and not charged when performed at left-wing protests) and *discriminatory intent* (statement from DOJ and FBI on who will be selected for prosecution after the May 2020 protest and the January 2021 protest, as well as the nonviolent group charging decisions for January 6, biased persecution of

conservatives as a whole, and the targetted and unique persecutions of Donald Trump and his supporters). The Government demands additional proof from the Defendant of their discrimination. Yet, the Government's demands for additional proof would render Fed. R. Crim. Pro. 12(b)(3)(iv) impossible to ever meet, and ineffective — even though Congress preserved the right of the defendant to seek relief through such motion. Accordingly, Mr. DaSilva's motion to dismiss for Selective Prosecution, or for additional discovery of selective prosecution, should be granted.

Respectfully submitted,

By Counsel:

_____/s/_____
Marina Medvin, Esq.
*Counsel for Defendant*
MEDVIN LAW PLC
916 Prince Street
Alexandria, Virginia 22314
Tel:  888.886.4127
Email: contact@medvinlaw.com

**CERTIFICATE OF SERVICE FOR CM/ECF**

I hereby certify that on June 13, 2023, I will electronically file the foregoing with the Clerk of the Court for the United States District Court for the District of Columbia by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users, and that service will be accomplished by the CM/ECF system.

_____/s/_____
Marina Medvin, Esq.