**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **v.** | **No. 1:21-cr-564 (CJN)** |
| **MATTHEW DASILVA** | |

**UNITED STATES' NOTICE OF INTENT TO OFFER BUSINESS RECORDS**
**PURSUANT TO FEDERAL RULE OF EVIDENCE 902(11)**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby files this Notice of Intent to Offer Business Records Pursuant to Federal Rule of Evidence ("FRE") 902(11).

To promote efficiency at trial, the government hereby provides notice that it intends to introduce into evidence certain business records pursuant to FRE 902(11) and 803(6) in lieu of calling multiple records custodians for authentication. Through this Notice, the government complies with the requirement of advance notice to the defense and provides an opportunity for inspection of the following exhibits:

- Business records of Albertsons Companies, the ultimate parent company of Safeway, Inc., specifically a Safeway Early Closure Notice, a Safeway Mid-Atlantic Daily Sales Report, and Safeway Warehouse Shipment Report. Those documents have been marked as the 500 Series and the associated business records certification is Exhibit 501.

By providing this notice, the government does not contend that the foregoing records require either the testimony of a records custodians or a FRE 902(11) certification for their admission into evidence. Nor does the government commit to the introduction of each document. The government notes that the foregoing documents may be otherwise admissible under alternative Federal Rules of Evidence. The government also reserves the right to call any proper evidence custodian for each of the noticed documents. Nonetheless, the government provides this notice in

an abundance of caution to alert the defendant sufficiently in advance of trial that the government

intends to introduce these business records pursuant to FRE 902(11) at trial.

In determining whether documents are admissible pursuant to the business records

exception to the hearsay rule, courts apply Federal Rule of Evidence 803(6). Under the rule, the

foregoing evidence is "not excluded by the rule against hearsay, regardless of whether the declarant

is available as a witness":

> Records of a Regularly Conducted Activity. A record of an act, event, condition, opinion, or diagnosis if:
>
> A.    the record was made at or near the time by--or from information transmitted by--someone with knowledge;
> B.    the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;
> C.    making the record was a regular practice of that activity;
> D.    all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and
> E.    neither the source of information nor the method or circumstances of preparation indicate a lack of trustworthiness.

Fed. R. Evid. 803(6). In the instant case, the Government can establish the admissibility of the

third-party records under FRE 803(6) based upon the business records certification obtained from

the third-party records custodian. The business records certification indicates that all five of the

conditions of FRE 803(6) are satisfied.

Likewise, the Government can establish the authenticity of the third-party records based

upon satisfaction of the requirements of under FRE 902(11), which provides that the following

evidence is "self-authenticating" and "require[s] no extrinsic evidence of authenticity in order to

be admitted":

> Certified Domestic Records of a Regularly Conducted Activity. The original or a copy of a domestic record that meets the requirements of Rule 803(6)(A)-(C), as shown by a certification of the custodian or another qualified person that complies with a federal statute or a rule prescribed by the Supreme Court. Before the trial or hearing, the proponent must give an adverse party reasonable written notice of the intent to offer the record--and must make the record and certification available for inspection--so that the party has a fair opportunity to challenge them.

Fed. R. Evid. 902(11). As previously stated, the business records certifications in this case attest to the foundational requirements for Rule 803(6).

The admissibility of business records under Rule 803(6), and the procedures set forth in Rule 104 for determination of the preliminary questions regarding admissibility, are unaffected by the Supreme Court's decision in *Crawford v. Washington*, 541 U.S. 36 (2004), which holds that any "testimonial" hearsay may not be admitted in a criminal trial unless the declarant is unavailable and the defendant has had a prior opportunity for cross-examination. The Supreme Court made clear in *Crawford* that business records are not the type of testimonial statements with which the Sixth Amendment Confrontation Clause is concerned. *Crawford*, 541 U.S. at 55 (noting that business records "by their nature [are] not testimonial"); *Crawford*, 541 U.S. at 76 (Rehnquist, C.J., concurring) ("To its credit, the Court's analysis of 'testimony' excludes at least some hearsay exceptions, such as business records and official records."). Accordingly, business records can be admitted at trial without calling a witness for the defendant to cross-examine.

Finally, in making its preliminary determination on the business records, the Court need only find the facts supporting admissibility by a preponderance of the evidence. *Bourjaily v. United States*, 483 U.S. 171, 175 (1987) ("The preponderance standard ensures that before admitting evidence, the court will have found it more likely than not that the technical issues and policy concerns addressed by the Federal Rules of Evidence have been afforded due consideration.").

3

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar Number 481052

By:    */s/ Katherine E. Boyles*
Katherine Boyles
Assistant United States Attorney
D. Conn. Fed. Bar No. PHV20325
Katherine.Boyles@usdoj.gov
Phone: 203-931-5088

/s/ *Eric W. Boylan*
ERIC W. BOYLAN
Assistant United States Attorney
Texas Bar No. 24105519
610 D Street N.W.
Washington D.C. 20001
(202) 815-8608
eric.boylan@usdoj.gov