UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CRIMINAL CASE NO: 1:21-CR-00564 |
| | ) |
| MATTHEW DASILVA | ) TRIAL: JULY 17, 2023 |
| | ) |
| DEFENDANTS. | ) |

**DEFENDANT'S LEGAL INSTRUCTIONS FOR BENCH TRIAL**

**COUNT 1— 18 U.S.C. § 231(a)(3)**

The government has the burden of proving beyond a reasonable doubt all of the following elements:

1. That on or about January 6, 2021, between approximately 2:00 pm and 5:30 pm;

2. Within the District of Columbia;

3. A civil disorder existed;

4. This civil disorder obstructed, delayed, and adversely affected either (a) commerce or the movement of any article and commodity in commerce, or (b) the conduct and performance of any federally protected function;

5. During this time, a law enforcement officer was lawfully engaged in the lawful performance of his official *duties incident to and during* the commission of this civil disorder;

6. The Defendant attempted to or committed an act *in a violent manner* directed at this officer; (alternative: the Defendant attempted to or committed an act directed at this officer;)

7. The defendant had the specific intent of obstructing, impeding, or interfering with this law enforcement officer;

8. The defendant acted willfully and knowingly.

*United States v. Casper*, 541 F.2d 1275, 1276 (8th Cir. 1976); *Viet Nam v. Foran*, 411 F.2d 934, 937 (7th Cir. 1969); *United States v. McArthur*, 419 F.Supp. 186 (D.N.D.1975).

Definitions:

1) The term "civil disorder" describes the environment in which the act must be committed in order to be subject to prosecution under § 231(a)(3). A Civil Disorder it is not just any public disturbance, only public disturbances which (1) involve acts of violence (2) by assemblages of three or more persons, and which (3) cause immediate danger of or result in injury to (4) the property or person of any other individual. 18 U.S.C. §232(1).

2) A "federally protected function" is "any function, operation, or action carried out, under the laws of the United States, by any department, agency, or instrumentality of the United States or by an officer or employee thereof." 18 U.S.C. § 232(3).

3) "Willful" is defined as knowledge that one's conduct — an act of obstructing, impeding, or interfering, in this instance— is unlawful. *See Bryan v. United States*, 524 U.S. 184, 191 (1998). The government must prove that "the defendant acted with an evil-meaning mind." *Id*. at 193.

4) To "obstruct" or "impede" means to hinder a particular person or thing. *See Marinello v. United States*, 138 S. Ct. 1101, 1106 (2018).

5) To "interfere" means to interpose in a way that hinders or impedes, or to come into collision or be in opposition. *Mirriam-Webster Dictionary* (1 Jul 2023) (available at https://www.merriam-webster.com/dictionary/interfere).

6) The term "law enforcement officer" means any officer or employee of the United States, any State, any political subdivision of a State, or the District of Columbia, while engaged in the enforcement or prosecution of any of the criminal laws of the United States, a State, any political subdivision of a State, or the District of Columbia; and such term shall specifically include members of the National Guard (as defined in section 101 of title 10 ), members of the organized militia of any State, or territory of the United States, the Commonwealth of Puerto Rico, or the District of Columbia not included within the National Guard (as defined in section 101 of title 10), and members of the Armed Forces of the United States, while engaged in suppressing acts of violence or restoring law and order during a civil disorder. 18 U.S.C. § 232(7).

**COUNT 2 — 18 U.S.C. § 111(a)(1)**

The government has the burden of proving beyond a reasonable doubt all of the following elements:

1. That on or about January 6, 2021, between approximately 4:30 pm and 4:40 pm;

2. Within the District of Columbia;

3. The defendant used force;

4. The defendant's behavior was a type of simple assault that can be described as either forcible assault, forcible resistance, forcible opposition, forcible impediment, forcible intimidation, or forcible interference;

5. The defendant had the specific intent to either cause bodily injury or put the victim officer in reasonable apprehension of imminent serious bodily injury;

6. The defendant acted willfully;

7. The victim was an officer or employee of the United States or a member of any branch of the United States Government (including any member of the uniformed services), or any person assisting such an officer and employees, specifically: "Metropolitan Police Department Officers J.S., M.D., A.H., S.S., D.P., J.C., and other officers known and unknown to the Grand Jury, who were assembled inside the tunnel on the lower west terrace of the Capitol Building."

8. The victim was engaged in or on account of the performance of his official duties.

*An additional element for a felony conviction:*

9. The simple assault resulted in physical contact with the victim of that assault; *or*

10. The defendant's ~~acts, which constitute a simple assault~~ *forcible assault, forcible resistance, forcible opposition, forcible impediment, forcible intimidation, or forcible interference* were accompanied by the defendant's specific intent to commit a violation of Title 18, United States Code, Section 231(a)(3), as charged in Count One.[1]

*United States v. Wolfname*, 835 F.3d 1214, 1218 (10th Cir. 2016) (finding that assault is an essential element of every Section 111 offense); *United States v. Chapman*, 528 F.3d 1215, 1219 (9th Cir. 2008).

Definitions:

1) "Simple assault" means an (a) attempt to cause or purposely, knowingly or recklessly cause bodily injury to another; or (b) negligently cause bodily injury to another with a deadly weapon; or (c) attempt by physical menace to put another in fear of imminent serious bodily injury. *United States v. Duran*, 96 F.3d 1495, 1509 (D.C. Cir. 1996).

2) "Bodily injury" means (a) a cut, abrasion, bruise, burn, or disfigurement, (b) physical pain, (c) illness, (d) impairment of the function of a bodily member, organ, or mental faculty; or (e) any other injury to the body, no matter how temporary. 18 U.S.C. § 1365.

3) "Serious bodily injury" means a bodily injury that involves (a) a substantial risk of death, (b) extreme physical pain, (c) protracted and obvious disfigurement, or, (d) protracted loss or impairment of the function of a bodily member, organ, or mental faculty. 18 U.S.C. § 1365.

---

[1] The words "acts, which constitute a simple assault" have been struck and replaced with "*forcible assault, forcible resistance, forcible opposition, forcible impediment, forcible intimidation, or forcible interference*" because this Court has stated at a previous hearing that proof of a simple assault is not required for this element and that the Government may rely on any of the six enumerated acts. The Defense objects to this reading of the law but respects the court ruling and will argue according to the Court's ruling.

4) "Willful" is defined as knowledge that one's conduct is unlawful. *See Bryan v. United States*, 524 U.S. 184, 191 (1998). The government must prove that "the defendant acted with an evil-meaning mind." *Id*. at 193.

**COUNT 3 — 18 U.S.C. § 1752(a)(1)**

The government has the burden of proving beyond a reasonable doubt all of the following elements:

1. That on or about January 6, 2021;

2. Within the District of Columbia;

3. The Government posted, cordoned off, or otherwise restricted an area within the United States Capitol or its Grounds;

4. The Vice President was temporarily visiting this area;

5. The defendant entered or remained in the building or grounds while it was restricted;

6. The defendant acted knowingly when he entered this area; and,

7. The defendant had no lawful authority to enter this area.

Definitions:

1) "Restricted buildings or grounds" means any posted, cordoned off, or otherwise restricted area of a building or grounds where the Vice President is or will be temporarily visiting. 18 U.S.C. § 1752(c)(1).

2) To act "knowingly" is to act with knowledge of the facts that constitute the offense. *Bryan v. United States*, 524 U.S. 184, 193 (1998).

**COUNT 4 — 18 U.S.C. § 1752(a)(2)**

The government has the burden of proving beyond a reasonable doubt all of the following elements:

1. That on or about January 6, 2021;

2. Within the District of Columbia;

3. The Government posted, cordoned off, or otherwise restricted an area within the United States Capitol or its Grounds;

4. The Vice President was or would be temporarily visiting this area;

5. The defendant engaged in disorderly or disruptive conduct;

6. The defendant was in, or within proximity to, this restricted building or grounds when he was acting disorderly or disruptive;

7. The defendant acted with the specific intent to impede or disrupt the orderly conduct of Government business or official functions;

8. The defendant acted knowingly;

9. The conduct of the defendant in fact resulted in the impediment or disruption of the orderly conduct of Government business or official functions.

Definitions:

1) "Knowing" is defined as factual knowledge or knowledge of the facts that constitute the offense. *Bryan v. United States*, 524 U.S. 184, 193 (1998).

2) "Restricted buildings or grounds" means any posted, cordoned off, or otherwise restricted area of a building or grounds where the Vice President is or will be temporarily visiting. 18 U.S.C. § 1752(c)(1).

**COUNT 5 — 18 U.S.C. § 1752(a)(4)**

The government has the burden of proving beyond a reasonable doubt all of the following elements:

1. That on or about January 6, 2021, between approximately 4:30 pm and 4:40 pm;

2. Within the District of Columbia;

3. The Government posted, cordoned off, or otherwise restricted an area within the United States Capitol or its Grounds;

4. The Vice President was temporarily visiting this area;

5. The defendant engaged in an act of physical violence;

6. The defendant acted with the specific intent to do so;

7. The act was directed against a person or property located within the restricted building or grounds.

Definitions:

1) "Restricted buildings or grounds" means any posted, cordoned off, or otherwise restricted area of a building or grounds where the Vice President is or will be temporarily visiting. 18 U.S.C. § 1752(c)(1).

2) An "act of physical violence" is any act involving— (A) an assault or other infliction or threat of infliction of death or bodily harm on an individual; or (B) damage to, or destruction of, real or personal property. 40 U.S.C. § 5104(a)(1).

   a) Assault is an (a) attempt to cause or purposely, knowingly or recklessly cause bodily injury to another; or (b) negligently cause bodily injury to another with a deadly weapon;

or (c) attempt by physical menace to put another in fear of imminent serious bodily injury. *United States v. Duran*, 96 F.3d 1495, 1509 (D.C. Cir. 1996).

b) A "threat" is an unequivocal, unconditional, and specific expression of intention to immediately inflict physical injury. *United States v. Kelner*, 534 F.2d 1020 (2d Cir.), cert. denied, 429 U.S. 1022 (1976) (citing *Watts v. United States*, 394 U.S. 705, (1969) (distinguishing a threat from constitutionally protected speech)).

3) "Bodily injury" means (a) a cut, abrasion, bruise, burn, or disfigurement, (b) physical pain, (c) illness, (d) impairment of the function of a bodily member, organ, or mental faculty; or (e) any other injury to the body, no matter how temporary. 18 U.S.C. § 1365.

4) "Serious bodily injury" means a bodily injury that involves (a) a substantial risk of death, (b) extreme physical pain, (c) protracted and obvious disfigurement, or, (d) protracted loss or impairment of the function of a bodily member, organ, or mental faculty. 18 U.S.C. § 1365.

**COUNT 6 — 40 U.S.C. § 5104(e)(2)(D)**

The government has the burden of proving beyond a reasonable doubt all of the following elements:

1. That on or about January 6, 2021;

2. Within the District of Columbia;

3. The defendant was within the United States Capitol Grounds or any of the Capitol Buildings;

4. The defendant engaged in disorderly or disruptive conduct;

5. The defendant acted with the specific intent to impede, disrupt, or disturb the orderly conduct of a session of Congress and either House of Congress, or the orderly conduct in that building of a hearing before or any deliberation of, a committee of Congress or either House of Congress;

6. The defendant acted willfully and knowingly.


Definitions:

"Willful" is defined as knowledge that one's conduct — disorderly or disruptive behavior, in this instance— is unlawful. *See Bryan v. United States*, 524 U.S. 184, 191 (1998). The government must prove that "the defendant acted with an evil-meaning mind." *Id*. at 193.

"Knowing" is defined as factual knowledge or knowledge of the facts that constitute the offense. *Bryan v. United States*, 524 U.S. 184, 193 (1998). The defendant cannot be found guilty if his conduct is unlawful merely through incidental or accidental occurrence. *See Felton v. United States*, 96 U. S. 699, 702 (1878) ("Doing or omitting to do a thing knowingly and wilfully,

implies not only a knowledge of the thing, but a determination with a bad intent to do it or to omit doing it.").

"Restricted buildings or grounds" means any posted, cordoned off, or otherwise restricted area of a building or grounds where the Vice President is or will be temporarily visiting. 18 U.S.C. § 1752(c)(1).

**COUNT 7 — 40 U.S.C. § 5104(e)(2)(F)**

The government has the burden of proving beyond a reasonable doubt all of the following elements:

1. That on or about January 6, 2021, between approximately 4:30 pm and 4:40 pm;

2. Within the District of Columbia;

3. The defendant was within the United States Capitol Grounds or any of the Capitol Buildings;

4. The defendant engaged in an act of physical violence;

5. The defendant acted willfully and knowingly.

Definitions:

An "act of physical violence" is any act involving— (A) an assault or other infliction or threat of infliction of death or bodily harm on an individual; or (B) damage to, or destruction of, real or personal property. 40 U.S.C. § 5104(a)(1)

> a) Assault is an (a) attempt to cause or purposely, knowingly or recklessly cause bodily injury to another; or (b) negligently cause bodily injury to another with a deadly weapon; or (c) attempt by physical menace to put another in fear of imminent serious bodily injury. *United States v. Duran*, 96 F.3d 1495, 1509 (D.C. Cir. 1996).
>
> b) A "threat" is an unequivocal, unconditional, and specific expression of intention to immediately inflict physical injury. *United States v. Kelner*, 534 F.2d 1020 (2d Cir.), cert. denied, 429 U.S. 1022 (1976) (citing *Watts v. United States*, 394 U.S. 705, (1969) (distinguishing a threat from constitutionally protected speech)).

"Willful" is defined as knowledge that one's conduct — an act of physical violence, in this instance— is unlawful. *See Bryan v. United States*, 524 U.S. 184, 191 (1998). The government must prove that "the defendant acted with an evil-meaning mind." *Id*. at 193. "Knowing" is defined as factual knowledge or knowledge of the facts that constitute the offense. *Bryan v. United States*, 524 U.S. 184, 193 (1998). The defendant cannot be found guilty if his conduct is unlawful merely through incidental or accidental occurrence. *See Felton v. United States*, 96 U. S. 699, 702 (1878) ("Doing or omitting to do a thing knowingly and wilfully, implies not only a knowledge of the thing, but a determination with a bad intent to do it or to omit doing it.").

Respectfully submitted,

By Counsel:

/s/
Marina Medvin, Esq.
*Counsel for Defendant*
MEDVIN LAW PLC
916 Prince Street
Alexandria, Virginia 22314
Tel:  888.886.4127
Email: contact@medvinlaw.com

## CERTIFICATE OF SERVICE FOR CM/ECF

I hereby certify that on July 7, 2023, I will electronically file the foregoing with the Clerk of the Court for the United States District Court for the District of Columbia by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users, and that service will be accomplished by the CM/ECF system.

/s/
Marina Medvin, Esq.