### UNITED STATES DISTRICT COURT
### DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **Case No. 1:21-cr-564 (CJN)** |
| | : | |
| **MATTHEW DASILVA,** | : | |
| | : | |
| **Defendant.** | : | |

### GOVERNMENT'S PROPOSED LEGAL INSTRUCTIONS

## A.  18 U.S.C. § 231 – OBSTRUCTING OFFICERS DURING A CIVIL DISORDER[1]

### (18 U.S.C. § 231(a)(3))

Count One of the Second Superseding Indictment charges the defendant with obstructing law enforcement officers during a civil disorder, which is a violation of federal law.

Count One also charges the defendant with aiding and abetting others to obstruct law enforcement officers during a civil disorder.  First, I will explain the elements of the substantive offense, along with its associated definitions.  Then, I will explain how to determine whether the defendant aided and abetted the offense.

Elements

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

---

[1] *United States v. Pugh*, 20-cr-73 (S.D. Ala. May 19, 2021); *United States v. Rupert*, No. 20-cr-104 (D. Minn. Mar. 12, 2021) (ECF No. 81)); 18 U.S.C. § 232; 18 U.S.C. § 6; 5 U.S.C. § 101; 2 U.S.C. §§ 1961, 1967.  For other January 6 trials that have used similar instructions, see, *e.g.*, *United States v. Jensen*, No. 21-cr-6 (TJK) (ECF No. 97 at 21-22), *United States v. Webster*, No. 21-cr-208 (APM) (ECF No. 101 at 15-16), and *United States v. Schwartz, et al.*, No. 21-cr-178 (APM) (ECF No. 172 at 17).

First, the defendant knowingly committed an act with the intended purpose of obstructing, impeding, or interfering with one or more law enforcement officers.

Second, at the time of the defendant's act, the law enforcement officers were engaged in the lawful performance of their official duties incident to and during a civil disorder.

Third, the civil disorder in any way or degree obstructed, delayed, or adversely affected commerce or the movement of any article or commodity in commerce, or the conduct or performance of any federally protected function.

Definitions

The term "civil disorder" means any public disturbance involving acts of violence by groups of three or more persons, which (a) causes an immediate danger of injury to another individual, (b) causes an immediate danger of damage to another individual's property, (c) results in injury to another individual, or (d) results in damage to another individual's property.

The term "commerce" means commerce or travel between one state, including the District of Columbia, and any other state, including the District of Columbia.  It also means commerce wholly within the District of Columbia.[2]

The term "federally protected function" means any function, operation, or action carried out, under the laws of the United States, by any department, agency, or instrumentality of the United States or by an officer or employee thereof.[3]

The term "department" includes one of the departments of the executive branch (such as the Department of Homeland Security, which includes the United States Secret Service) or the

---

[2] Modified definition of 18 U.S.C. § 232(2) from jury instructions in *United States v. Pugh*, 20-cr-73 (S.D. Ala. May 19, 2021); *see also United States v. Schwartz, et al.*, No. 21-cr-178 (APM) (ECF No. 172 at 18); *United States v. Thomas*, No. 21-cr-552 (DLF) (ECF No. 150 at 21).
[3] *See* 18 U.S.C. § 232(3).

legislative branch. The term "agency" includes any department, independent establishment, commission, administration, authority, board, or bureau of the United States. The term "instrumentality" includes any other formal entity through which the government operates, such as Congress or the United Sates Capitol Police.[4]

For the U.S. Capitol Police and Metropolitan Police Department on January 6, 2021, the term "official duties," means policing the U.S. Capitol Building and Grounds, and enforcing federal law and D.C. law in those areas.[5]

A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident. In deciding whether the defendant acted knowingly, you may consider all of the evidence, including what the defendant

---

[4] *See, e.g.*, *United States v. Water Supply & Storage Co.*, 546 F. Supp. 2d 1148, 1152 (D. Colo. 2008) ("'When Congress does not define a word, its common and ordinary usage may be obtained by reference to a dictionary.' *In re Overland Park Fin. Corp.*, 236 F.3d 1246, 1252 (10th Cir. 2001) (citation omitted). Dictionary definitions of the word 'instrumentality' generally are broad. Black's Law Dictionary defines 'instrumentality' as '[a] thing used to achieve an end or purpose.' Black's Law Dictionary 814 (8th ed. 1999). Webster's Third New International Dictionary defines 'instrumentality' as 'something by which an end is achieved' or "something that serves as an intermediary or agent through which one or more functions of a controlling force are carried out.' Webster's Third New International Dictionary 1172 (1971).")

[5] *United States v. Schwartz, et al.*, No. 21-cr-178 (APM) (ECF No. 172 at 19). *See, e.g.*, Fifth Circuit Pattern Criminal Jury Instruction No. 2.07; Tenth Circuit Pattern Criminal Jury Instruction No. 2.09; Eleventh Circuit Pattern Criminal Jury Instruction No. O1.1; *United States v. Smith*, 743 F. App'x 943, 949 (11th Cir. 2018) ("Furthermore, the district court instructed the jury regarding the Task Force's duties, stating: 'A member of the U.S. Marshals Regional Fugitive Task Force is a Federal officer and has the official duty to locate and apprehend fugitives.'"); *United States v. Green*, 927 F.2d 1005, 1008 (7th Cir. 1991) ("Given the sweep of the phrase 'official duties,' the district court did not err in instructing the jury that the duties of a federal prison employee, even a food service worker, extend to 'safekeeping, protection and discipline.'"); *United States v. Span*, 970 F.2d 573, 581 (9th Cir. 1992) ("The instruction states only that the activity of looking for a suspect is official conduct. We find no error in the district court's instruction characterizing this aspect of the marshals' conduct as official duty."); *United States v. Ellsworth*, 647 F.2d 957, 963 (9th Cir. 1981) ("'Instruction No. 10. Among the official duties of officers and agents of the United States Geological Service of the United States Interior Department are inspections of oil drilling apparatus to insure compliance with various Federal laws.' We think the above language of the charge employed by the trial judge reveals no insufficiency in defining the offense.").

did, said, or perceived.

## AIDING AND ABETTING[6]

In this case, the government further alleges that the defendant committed obstructing officers during a civil disorder, as charged in Count One, by aiding and abetting others in committing this offense.  This is not a separate offense but merely another way in which the government alleges that the defendant committed this offense in Count One.

A person may be guilty of an offense if he aided and abetted another person in committing the offense.  A person who has aided and abetted another person in committing an offense is often called an accomplice.  The person whom the accomplice aids and abets is known as the principal. It is not necessary that all the people who committed the crime be caught or identified.  It is sufficient if you find beyond a reasonable doubt that the crime was committed by someone and that the defendant knowingly and intentionally aided and abetted that person in committing the crime.

In order to find the defendant guilty of obstructing officers during a civil disorder because the defendant aided and abetted others in committing this offense, you must find that the government proved beyond a reasonable doubt the following elements:

First, that others committed obstructing officers during a civil disorder by committing each of the elements of the offense charged, as I have explained above.

Second, that the defendant knew that obstructing officers during a civil disorder was going to be committed or was being committed by others.

Third, that the defendant performed an act or acts in furtherance of the offense.

Fourth, that the defendant knowingly performed that act or acts for the purpose of

---

[6] 18 U.S.C. § 2(a); Third Circuit Model Jury Instructions 7.02.

aiding, assisting, soliciting, facilitating, or encouraging others in committing the offense of obstructing officers during a civil disorder.

Fifth, that the defendant did that act or acts with the intent that others commit the offense of obstructing officers during a civil disorder.

To show that the defendant performed an act or acts in furtherance of the offense charged, the government must prove some affirmative participation by the defendant which at least encouraged others to commit the offense. That is, you must find that the defendant's act or acts did, in some way, aid, assist, facilitate, or encourage others to commit the offense. The defendant's act or acts need not further aid, assist, facilitate, or encourage every part or phase of the offense charged; it is enough if the defendant's act or acts further aided, assisted, facilitated, or encouraged only one or some parts or phases of the offense. Also, the defendant's acts need not themselves be against the law.

In deciding whether the defendant had the required knowledge and intent to satisfy the fourth requirement for aiding and abetting, you may consider both direct and circumstantial evidence, including the defendant's words and actions and other facts and circumstances. However, evidence that the defendant merely associated with persons involved in a criminal venture or was merely present or was merely a knowing spectator during the commission of the offense is not enough for you to find the defendant guilty as an aider and abettor. If the evidence shows that the defendant knew that the offense was being committed or was about to be committed, but does not also prove beyond a reasonable doubt that it was the defendant's intent and purpose to aid, assist, encourage, facilitate, or otherwise associate the defendant with the offense, you may not find the defendant guilty of obstructing officers during a civil disorder as an aider and abettor. The government must prove beyond a reasonable doubt that the defendant in some way

participated in the offense committed by others as something the defendant wished to bring about and to make succeed.

A defendant may be found guilty of the offense charged in Count One if the defendant obstructed officers during a civil disorder, or aided and abetted obstructing officers during a civil disorder. Each of these two ways of committing the offense is described in the instructions that I have given you. If you find beyond a reasonable doubt that the defendant committed the offense of obstructing officers during a civil disorder in either one of these two ways, you should find the defendant guilty of Count One, and you need not consider whether the defendant committed the offense of obstructing officers during a civil disorder in the other way.

## B.  18 U.S.C. § 111 – ASSAULTING, RESISTING, OR IMPEDING OFFICERS

### (18 U.S.C. § 111(a))

Count Two of the Second Superseding Indictment charges the defendant with assaulting, resisting, or impeding officers who were assembled inside the tunnel on the lower west terrace of the Capitol Building, persons assisting officers of the United States who are engaged in the performance of their official duties, which is a violation of federal law.

Count Two also charges the defendant with aiding and abetting others to assault, resist, or impede officers. First, I will explain the elements of the substantive offense, along with its associated definitions.  Then, I will explain how to determine whether the defendant aided and abetted the offense.

<u>Elements</u>

To find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant assaulted, resisted, opposed, impeded, intimidated, or interfered with officers who were assembled inside the tunnel on the lower west terrace of the Capitol Building.

Second, the defendant did such acts forcibly.

Third, the defendant did such acts voluntarily and intentionally.

Fourth, the officers who were assembled inside the tunnel on the lower west terrace of the Capitol Building assisting officers or employees of the United States who were then engaged in the performance of their official duties.

Fifth, the defendant made physical contact with the officers who were assembled inside the tunnel on the lower west terrace of the Capitol Building, persons who were assisting officers of the United States who were then engaged in the performance of their

7

official duties, or acted with the intent to commit another felony. For purposes of this element, "another felony" refers to the offense charged in Count 1.

Definitions

A person acts "forcibly" if he used force, attempted to use force, or threatened to use force against the officer. Physical force or contact is sufficient but actual physical contact is not required. You may also find that a person who has the present ability to inflict bodily harm upon another and who threatens or attempts to inflict bodily harm upon that person acts forcibly. In such case, the threat must be a present one.[7] [8]

The term "assault" means any intentional attempt or threat to inflict injury upon someone else, when coupled with an apparent present ability to do so. To find that the defendant committed an "assault," you must find beyond a reasonable doubt that the defendant intended to inflict or to threaten injury. Injury means any physical injury, however small, including a touching offensive to a person of reasonable sensibility.[9]

---

[7] *United States v. Taylor*, 848 F.3d 476, 493 (1st Cir. 2017) (The element of 'forcible' action can be met by a showing of either physical contact with the federal agent, or by such a threat or display of physical aggression toward the officer as to inspire fear of pain, bodily harm, or death.") (quotation marks omitted) (citing cases).

[8] In *United States v. Richard Harris*, 21-CR-189 (CJN), this Court adopted the following definition of "forcibly":

A person acts forcibly if he used force, attempted to use force, or threatened to use force against the officer. Actual physical contact with the officer is not required, but some measure of presently applied force is. Physical intimidation is not enough. A person who has the present ability to inflict bodily harm upon another and who threatens or attempts to inflict bodily harm upon that person acts forcibly. A threat to use force at some unspecified time in the future is not sufficient to establish that the defendant acted forcibly.

Tr. Transcript, Day 3 at 8:25-9:10.

[9] *United States v. Watts*, 798 F.3d 650, 654 (7th Cir. 2015) ("an assault may also be committed by a person who intends to threaten or attempt to make offensive rather than injurious physical contact with the victim"); *United States v. Acosta-Sierra*, 690 F.3d 1111, 1117 (9th Cir. 2012) ("Because Section 111 does not define assault, we have adopted the common law definition of assault as

## AIDING AND ABETTING[10]

In this case, the government further alleges that the defendant committed assaulting officers, as charged in Count Two, by aiding and abetting others in committing this offense. This is not a separate offense but merely another way in which the government alleges that the defendant committed this offense in Count Two.

A person may be guilty of an offense if he aided and abetted another person in committing the offense. A person who has aided and abetted another person in committing an offense is often called an accomplice. The person whom the accomplice aids and abets is known as the principal. It is not necessary that all the people who committed the crime be caught or identified. It is sufficient if you find beyond a reasonable doubt that the crime was committed by someone and that the defendant knowingly and intentionally aided and abetted that person in committing the crime.

In order to find the defendant guilty of assaulting officers because the defendant aided and abetted others in committing this offense, you must find that the government proved beyond a reasonable doubt the following elements:

First, that others committed assaulting officers by committing each of the elements of the offense charged, as I have explained above.

_____

either (1) a willful attempt to inflict injury upon the person of another, or (2) a threat to inflict injury upon the person of another which, when coupled with an apparent present ability, causes a reasonable apprehension of immediate bodily harm.") (quotation marks omitted); *Comber v. United States*, 584 A.2d 26, 50 (D.C. 1990) (en banc) (explaining that the crime of simple assault "is designed to protect not only against physical injury, but against all forms of offensive touching, . . . and even the mere threat of such touching"); Criminal Jury Instructions for the District of Columbia, No. 4.100 (2022 ed.) ("Injury means any physical injury, however small, including a touching offensive to a person of reasonable sensibility."). For other January 6 trials that have used similar instructions, see *United States v. Jensen*, No. 21-cr-6 (TJK) (ECF No. 97 at 30), and *United States v. Webster*, No. 21-cr-208 (APM) (ECF No. 101 at 14).

[10] 18 U.S.C. § 2(a); Third Circuit Model Jury Instructions 7.02.

Second, that the defendant knew that assaulting officers was going to be committed or was being committed by others.

Third, that the defendant performed an act or acts in furtherance of the offense.

Fourth, that the defendant knowingly performed that act or acts for the purpose of aiding, assisting, soliciting, facilitating, or encouraging others in committing the offense of assaulting officers.

Fifth, that the defendant did that act or acts with the intent that others commit the offense of assaulting officers.

To show that the defendant performed an act or acts in furtherance of the offense charged, the government must prove some affirmative participation by the defendant which at least encouraged others to commit the offense. That is, you must find that the defendant's act or acts did, in some way, aid, assist, facilitate, or encourage others to commit the offense. The defendant's act or acts need not further aid, assist, facilitate, or encourage every part or phase of the offense charged; it is enough if the defendant's act or acts further aided, assisted, facilitated, or encouraged only one or some parts or phases of the offense. Also, the defendant's acts need not themselves be against the law.

In deciding whether the defendant had the required knowledge and intent to satisfy the fourth requirement for aiding and abetting, you may consider both direct and circumstantial evidence, including the defendant's words and actions and other facts and circumstances. However, evidence that the defendant merely associated with persons involved in a criminal venture or was merely present or was merely a knowing spectator during the commission of the offense is not enough for you to find the defendant guilty as an aider and abettor. If the evidence shows that the defendant knew that the offense was being committed or was about to be committed,

but does not also prove beyond a reasonable doubt that it was the defendant's intent and purpose to aid, assist, encourage, facilitate, or otherwise associate the defendant with the offense, you may not find the defendant guilty of assaulting officers as an aider and abettor.  The government must prove beyond a reasonable doubt that the defendant in some way participated in the offense committed by others as something the defendant wished to bring about and to make succeed.

A defendant may be found guilty of the offenses charged in Count Two if the defendant assaulted officers or aided and abetted assaulting officers. Each of these two ways of committing the offense is described in the instructions that I have given you. If you find beyond a reasonable doubt that the defendant committed the offense of assaulting officers in either one of these two ways, you should find the defendant guilty of Count Two, and you need not consider whether the defendant committed the offense of assaulting officers in the other way.

### C.  18 U.S.C. § 1752 OFFENSES

### ENTERING OR REMAINING IN A RESTRICTED BUILDING OR GROUNDS

(18 U.S.C. § 1752(a)(1))

Count Three of the Second Superseding Indictment charges the defendant with entering or remaining in a restricted building or grounds, which is a violation of federal law.

Elements

To find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant entered or remained in a restricted building or grounds without lawful authority to do so.

Second, the defendant did so knowingly.

Definitions

The term "restricted building or grounds" means any posted, cordoned off, or otherwise restricted area of a building or grounds where a person protected by the Secret Service is or will be temporarily visiting.

The term "person protected by the Secret Service" includes the Vice President and the immediate family of the Vice President.

The term "knowingly" has the same meaning described in the instructions for Count One.

12

## DISORDERLY OR DISRUPTIVE CONDUCT IN A RESTRICTED BUILDING

(18 U.S.C. § 1752(a)(2))

Count Four of the Second Superseding Indictment charges the defendant with disorderly or disruptive conduct in a restricted building or grounds, which is a violation of federal law.

Elements

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant engaged in disorderly or disruptive conduct in, or in proximity to, any restricted building or grounds.

Second, the defendant did so knowingly, and with the intent to impede or disrupt the orderly conduct of Government business or official functions.

Third, the defendant's conduct occurred when, or so that, his conduct in fact impeded or disrupted the orderly conduct of Government business or official functions.

Definitions

"Disorderly conduct" occurs when a person is unreasonably loud and disruptive under the circumstances, or interferes with another person by jostling against or unnecessarily crowding that person. "Disorderly conduct" is that which "tends to disturb the public peace, offend public morals, or undermine public safety." *United States v. Grider*, 21-cr-22 (CKK) (ECF No. 150 at 24).[11]

"Disruptive conduct" is a disturbance that interrupts an event, activity, or the normal course of a process.[12]

The term "knowingly" has the same meaning described in the instructions for Counts One, and Three.

---

[11] *United States v. Schwartz, et al,*, No. 21-cr-178 (APM) (ECF No. 172 at 27)
[12] Redbook 6.643.

## ENGAGING IN PHYSICAL VIOLENCE IN A RESTRICTED BUILDING OR GROUNDS [13]

18 U.S.C. § 1752(a)(4)

Count Five of the Second Superseding Indictment charges the defendant with engaging in physical violence in a restricted building or grounds, which is a violation of federal law.

Elements

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant engaged in an act of physical violence against a person or property in, or in proximity to, a restricted building or grounds.

Second, the defendant did so knowingly.

Definitions

The term "act of physical violence" means any act involving an assault or other infliction of bodily harm on an individual; or damage to, or destruction of, real or personal property.

The term "knowingly" has the same meaning described in the instructions for Counts One, Three, and Four.

---

[13] *United States v. Schwartz, et al.*, No. 21-cr-178 (APM) (ECF No. 172 at 30).

**D.  40 U.S.C. § 5104(e)(1) OFFENSES**

### DISORDERLY CONDUCT IN A CAPITOL BUILDING[14]

40 U.S.C. § 5104(e)(2)(D)

Count Six of the Second Superseding Indictment charges the defendant with disorderly and disruptive conduct in a Capitol Building or Grounds, which is a violation of federal law.

Elements

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant engaged in disorderly or disruptive conduct in any of the United States Capitol Buildings or Grounds.

Second, the defendant did so with the intent to impede, disrupt, or disturb the orderly conduct of a session of Congress or either House of Congress.

Third, the defendant acted willfully and knowingly.

Definitions

The term "Capitol Buildings" includes the United States Capitol located at First Street, Southeast, in Washington, D.C.

The "Capitol Grounds" are defined by the United States Code, which refers to a 1946 map on file in the Office of the Surveyor of the District of Columbia. The boundaries of the Capitol Grounds include all additions added by law after that map was recorded.

The term "House of Congress" means the United States Senate or the United States House of Representatives.

---

[14] *United States v. Barnett*, 21-cr-38 (CRC) (ECF No. 158 at 22); *United States v. Jenkins*, No. 21-cr-245 (APM) (ECF No. 78 at 31); *United States v. Jensen*, No. 21-cr-6 (TJK) (ECF No. 97 at 40); *United States v. Williams*, 21-cr-618 (ABJ) (ECF 122 at 40).

"Disorderly conduct" and "disruptive conduct" have the same meaning described in the instructions for Count Four.

For purposes of this offense, "the orderly conduct of a session of Congress or either House of Congress" includes the actions of Congress' Joint Session to certify the Electoral College vote.[15]

The term "knowingly" has the same meaning described in the instructions for Counts One, Three, Four, and Five.

A person acts "willfully" if he acts with the intent to do something that the law forbids, that is, to disobey or disregard the law. While the government must show that a defendant knew that the conduct was unlawful, the government does not need to prove that the defendant was aware of the specific law that his conduct violated.

---

[15] *See United States v. Kelly*, No. 21-cr-708 (RCL) (ECF No. 101 at 17).

## ACT OF PHYSICAL VIOLENCE IN THE CAPITOL GROUNDS OR BUILDING[16]

### 40 U.S.C. § 5104(e)(2)(F)

Count Seven of the Second Superseding Indictment charges the defendant with an act of physical violence in the Capitol Grounds or Building, which is a violation of federal law.

Elements

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant engaged in an act of physical violence within the Capitol Buildings or Grounds.

Second, the defendant acted willfully and knowingly.

Definitions

The term "act of physical violence" means any act involving an assault or other infliction or threat of infliction of death or bodily harm on an individual; or involving damage to, or destruction of, real or personal property. For purposes of this offense, unlike the offense in Count Five, the threat of infliction of bodily harm is sufficient to meet this definition.

The terms "Capitol Buildings" and "Capitol Grounds" have the same meaning described in the instructions for Count Six.

The term "knowingly" has the same meaning described in the instructions for Counts One, Three, Four, Five, and Six. The term "willfully" has the same meaning described in the instructions for Count Six.

---

[16] *United States v. Alberts*, No. 21-cr-26 (CRC) (ECF No. 147 at 20).

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney

By:     /s/ *Katherine E. Boyles*
        Katherine E. Boyles
        Assistant U.S. Attorney
        D. Conn. Fed. Bar No. PHV20325
        United States Attorney's Office
        601 D Street NW
        Washington, D.C. 20001
        Phone: 203-931-5088
        Email: Katherine.Boyles@usdoj.gov

        /s/ *Eric W. Boylan*
        Eric W. Boylan
        Assistant U.S. Attorney
        Texas Bar No. 24105519
        United States Attorney's Office
        601 D Street NW
        Washington, D.C. 20001
        Phone: 202-815-8608
        Email: Eric.Boylan@usdoj.gov