**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| v. : | Case No. 1:21-cr-564 (CJN) |
| : | |
| **MATTHEW DASILVA,** : | |
| : | |
| **Defendant.** : | |

## GOVERNMENT'S TRIAL BRIEF

The United States, by and through its attorneys, respectfully submits this brief in advance of the July 17, 2023 trial scheduled before this Court in this case, in accordance with the Court's Scheduling Order, Doc. 56. The United States' responses to the Defendant's Motions in Limine are incorporated into this brief.

**I.     Request for Opening Argument**

The government respectfully requests a brief opening argument limited to seven minutes.

**II.    Statement of the Case**

On January 6, 2021, thousands of people descended on the U.S. Capitol building and grounds and interrupted the Joint Session of Congress that had convened to certify the votes of the Electoral College for the 2020 Presidential Election. Vice President Michael R. Pence was serving as the President of the Senate at the U.S. Capitol and presiding over the Joint Session and Senate proceedings.  On that day, U.S. Secret Service was present for the protection of the Vice President and his family members, and physical barriers and law enforcement officers surrounded the U.S. Capitol building and grounds.  At all relevant times, the U. S. Capitol building and its grounds—including the northwest lawn, the west plaza, Lower West Terrace, Upper West Terrace, and the entire U.S. Capitol building itself—were restricted areas that were closed to members of the public.

The defendant, Matthew DaSilva, was present in the crowd that amassed on the western front of the Capitol building, having travelled to Washington, D.C. from his home in Lavon, Texas. The government intends to introduce evidence at trial showing that the defendant made his way onto the west plaza of the Capitol at approximately 2:35 pm, within minutes of the breach of the police line that had been established to protect the west plaza. Video evidence will also show the defendant in a small group of rioters holding a flagpole against a door leading into the Capitol from the west plaza at approximately 2:45 pm. The defendant is visible on U.S. Capitol Police CCTV footage shortly thereafter on the west plaza, waving a large blue flag.

At around 4:20 pm, he was at the back of a group of rioters engaged in a group heave-ho maneuver pushing against officers defending the Lower West Terrace entrance to the Capitol, *i.e.*

"the tunnel." Then at about 4:33 pm, the defendant approached officers assembled in the tunnel and forcibly pushed against a riot shield held by officers trying to hold the police line against protesters. The defendant also grabbed the riot shield and pulled away from officers, toward the crowd. He made further physical contact with one officer when he swatted the officer's arm away as the officer attempted to deploy a handheld cannister of OC spray.

Video evidence will show that the defendant then remained in the area of the west plaza and Lower West Terrace until the area was cleared by Metropolitan Police officers using a variety of non-lethal crowd control measures shortly after 5:00 pm. In total, the defendant remained in the area of the lower west terrace for nearly two-and-a-half hours.

The government intends to prove the above facts with video evidence, testimony from law enforcement officers, and business records of a Washington, D.C. grocery store.

Based on discussions with defense counsel, the government believes that the basic facts of the case are not substantially in dispute. The parties' most significant disputes arise with respect to the defendant's intent and the application of the law to this set of facts.

### III. Elements of the Crimes Alleged

The Second Superseding Indictment charges the defendant with violations of Civil Disorder, in violation of 18 U.S.C. § 231(a)(3) (Count One); Assaulting, Resisting, or Impeding Certain Officers in violation of 18 U.S.C. § 111(a)(1) (Count Two); Entering and Remaining in a Restricted Building or Grounds in violation of 18 U.S.C. § 1752(a)(1) (Count Three); Disorderly and Disruptive Conduct in a Restricted Building or Grounds in violation of 18 U.S.C. § 1752(a)(2) (Count Four); Engaging in Physical Violence in a Restricted Building or Grounds in violation of 18 U.S.C. § 1752(a)(4) (Count Five); Disorderly Conduct in a Capitol Building in violation of 40 U.S.C. § 5104(e)(2)(D) (Count Six); and Act of Physical Violence in the Capitol Grounds or Buildings in violation of 40 U.S.C. § 5104(e)(2)(F) (Count Seven).

The government is simultaneously filing its proposed legal instructions in a separate filing with respect to each of these charges.

**IV.    Anticipated Stipulations**

The parties intend on filing their stipulations under a separate filing. In summary, the parties intend on submitting stipulations on at least the following topics:

1. Identity of the Defendant
2. No Criminal Record
3. U.S. Capitol Police CCTV Monitoring
4. U.S. Capitol Police on U.S. Capitol Grounds
5. The United States Capitol Building and Grounds
6. Timeline of the Certification of the Electoral College Vote
7. The Existence of a Civil Disorder

**V.    Anticipated Stipulated Testimony**

The government does not intend on offering stipulated testimony at this trial.

## VI. Anticipated Witnesses

|   | Last Name | First Name | Title & Agency | Will Call | May Call |
|---|---|---|---|---|---|
| 1 | Mendoza | Carneysha | Captain, U.S. Capitol Police | x | |
| 2 | Sterling | Jason | Officer, Metropolitan Police Department | x | |
| 3 | Chen | Jonathan | Officer, Metropolitan Police Department | | x |
| 4 | D'Avignon | Marc | Officer, Metropolitan Police Department | | x |
| 5 | Sajumon | Steven | Officer, Loudoun Police Department (formerly of the MPD) | | x |
| 6 | Ray | Cory | Special Agent, FBI | x | |
| 7 | Hawa | Lanelle | Inspector, U.S. Secret Service | x | |

The government will call Captain Carneysha ("Neysha") Mendoza from the Capitol Police who will provide an overview of the U.S. Capitol building and grounds and explain how the building and grounds were protected and then overrun on January 6, 2021. The government will present video footage that will document what occurred as the U.S. Capitol grounds and building were breached. The video evidence will include U.S. Capitol Police closed-circuit video (CCTV).

The government will also call at least one Metropolitan Police Department (MPD) officer to testify about his experiences on January 6, 2021, with particular attention to his experience in the "tunnel" on the Lower West Terrace of the Capitol Building. The MPD officer will also discuss relevant body worn camera (BWC) footage.

The government will also call the case agent, Special Agent Cory Ray of the Federal Bureau of Investigation. Special Agent Ray will introduce several "open source" or "third party" videos from January 6, 2021 that were collected over the course of this investigation. Special

Agent Ray will also offer business records from a grocery store impacted by the events of January 6, 2021.

Finally, the government will call U.S. Secret Service Inspector Lanelle Hawa to testify regarding the Secret Service's protection of Vice President Pence on January 6, 2021.

**VII.    Responses to Outstanding Motions in Limine**

The parties met and conferred by video conference about proposed exhibits as well as the outstanding motions in limine on June 30.

A. Government's Motions in Limine

Based on the parties' meet and confer, the government understands that the defendant is not opposed to the government's Motion in Limine regarding Cross Examination of the Secret Service Witness, Doc. 50, or Motion in Limine regarding Locations of USCP CCTV Cameras, Doc. 51. The government respectfully asks the Court to grant these motions as unopposed.

The government understands that the defendant is, however, opposed to the Government's Motion in Limine to Admit Montage Evidence, Doc. 49. The Exhibit in question is Exhibit 001. The Government does not intend on playing the entire fifteen-minute video montage, but rather to introduce select sections of the montage for the purpose of putting the defendant's conduct in context and establishing several of the elements necessary for the government to prove the charges under 18 U.S.C. §§ 231 and 1752, and 40 U.S.C. § 5104. The government maintains that the short clips it intends to play for the Court are relevant to the charges, admissible, and not unduly prejudicial to defendant, particularly in light of the fact that the government only intends to play short segments of the whole montage. The government also notes that this montage, in some form, has been played in nearly every January 6 related trial to date. The government respectfully asks the Court to grant this motion.

B. The Defendant's Motions in Limine

In principle, the government opposes the defendant's Motion in Limine to "Exclude Generalized, Sweeping, Non-Particularized January 6 Evidence," Doc. 46. In practice, however, the parties are in significant agreement about what evidence will be admitted at trial, with the

exception of the disagreement regarding Exhibit 001 discussed above. As a general matter, the government only intends on playing portions of the video evidence that either (1) depict Mr. DaSilva's conduct, (2) establish an element of a charged offense, or (3) are necessary for placing his conduct in context, such as for establishing the timeline of his conduct. The government maintains that all of the evidence that it seeks to admit is relevant to this case, admissible, and not unduly prejudicial to the defendant. Moreover, the parties are in discussions about proposing appropriate limiting instructions to the Court with respect to any portions of the video exhibits that are not played in open court. In light of the substantial agreement between the parties, the government respectfully requests that the Court deny this motion to the extent it applies to Exhibit 001 and reserve ruling on this motion unless and until the issue arises at trial.

      The government opposes the defendant's Motion in Limine to Exclude Audio Recordings of Witness Statements, Doc. 45. In discussions with defense counsel, the government understands that this motion is targeted at video evidence wherein the statements of other rioters are caught on camera and audible in the recording. These statements are all admissible as non-hearsay or under an exception to the rule against hearsay, as they are either (a) not offered for the truth of the matter asserted, *see* Fed. R. Ev. 801(c)(2); or (b) statements of the declarant's then-existing state of mind, *see* Fed. R. Ev. 803(3). The defendant's arguments regarding whether these statements establish his own state of mind go to the weight of the evidence, rather than its admissibility. The government respectfully requests that the Court deny the defendant's motion, or, in the alternative, permit the government to proffer the objected-to statements before the Court rules.

## VIII. Anticipated Exhibit List

| Exhibit No. | Description | Witness | Marked for ID | Received in evidence | Published |
|---|---|---|---|---|---|
| *CAPITOL BUILDING AND GROUNDS* | | | | | |
| 001 | USCP CCTV Video Montage | | | | |
| 002A | Closure of West Front Police Order | | | | |
| 002B | Ground Closure Announcement | | | | |
| 003 | Restricted Perimeter | | | | |
| 004 | Capitol Building – 3D Map | | | | |
| 005 | Capitol Building – 3D Image of West Front | | | | |
| 006 | Photograph of the Capitol | | | | |
| 007 | Photograph of "Area Closed" signs | | | | |
| 008 | Photograph of "Area Closed" sign | | | | |
| 009 | Photograph of "Area Closed" sign | | | | |
| 010 | Photograph of "Area Closed" sign | | | | |
| | | | | | |
| *LEGAL AUTHORITY* | | | | | |
| 101 | U.S. Constitution, Amendment XII | | | | |
| 102 | 3 U.S.C. § 15 | | | | |
| 103 | 3 U.S.C. § 16 | | | | |
| 104 | 3 U.S.C. § 17 | | | | |
| 105 | 3 U.S.C. § 18 | | | | |
| 106 | Concurrent Resolution | | | | |
| | | | | | |
| *UNITED STATES CAPITOL POLICE CCTV VIDEO* | | | | | |
| 201 | Camera 74 400 to 415 pm | | | | |
| 202 | Camera 74 415 to 430 pm | | | | |
| 203 | Camera 74 430 to 445 pm | | | | |
| 204 | Camera 944 | | | | |
| | | | | | |
| *METROPOLITAN POLICE BODY WORN CAMERA* | | | | | |
| 301 | Off. Jonathan Chen BWC | | | | |
| 301a | Screenshot 16:33:18 | | | | |
| 301b | Screenshot 16:33:26 | | | | |
| | | | | | |
| 302 | Off. Marc D'Avignon BWC | | | | |
| 302a | Screenshot 16:33:16 | | | | |
| 302b | Screenshot 16:34:09 | | | | |
| | | | | | |
| 303 | Off. Aaron Hunter BWC | | | | |
| 303a | Screenshot 16:32:23 | | | | |
| 303b | Screenshot 16:32:30 | | | | |
| 303c | Screenshot 16:32:55 | | | | |
| 303d | Screenshot 16:32:56 | | | | |
| | | | | | |
| 304 | Off. Divonnie Powell BWC | | | | |

| | | | | | | |
|---|---|---|---|---|---|---|
| 304a | Screenshot 16:33:17 | | | | | |
| | | | | | | |
| 305 | Off. Steven Sajumon BWC | | | | | |
| 305a | Screenshot 16:33:31 | | | | | |
| | | | | | | |
| 306 | Off. Jason Sterling BWC | | | | | |
| 306a | Screenshot 16:33:14 | | | | | |
| 306b | Screenshot 16:33:18 | | | | | |
| 306c | Screenshot 16:33:58 | | | | | |
| 306d | Screenshot 16:35:30 | | | | | |
| | | | | | | |
| | ***OPEN SOURCE VIDEOS & PHOTOGRAPHS*** | | | | | |
| 401 | Sargente clip | | | | | |
| 402 | West Plaza Video (Xy2JnbdsJG5) | | | | | |
| 403 | West Plaza Video (B.Smith – unified_message) | | | | | |
| | | | | | | |
| 404 | Washington Protest video | | | | | |
| 404a | Screenshot | | | | | |
| 404b | Screenshot | | | | | |
| 404c | Screenshot | | | | | |
| 404d | Screenshot | | | | | |
| 404e | Screenshot | | | | | |
| | | | | | | |
| 405 | Full Footage video | | | | | |
| 405a | Screenshot | | | | | |
| 405b | Screenshot | | | | | |
| | | | | | | |
| 406 | Norman Koch video | | | | | |
| 406a | Screenshot | | | | | |
| | | | | | | |
| 407 | J Robertson video | | | | | |
| 407a | Screenshot | | | | | |
| 407b | Screenshot | | | | | |
| | | | | | | |
| 408 | Go Pro Video (Fanone Incident) | | | | | |
| 408a | Screenshot | | | | | |
| | | | | | | |
| 409 | Storm 7 video | | | | | |
| 409a | Screenshot | | | | | |
| | | | | | | |
| 410 | DaSilva on 410 pm | | | | | |
| 410a | Screenshot | | | | | |
| 410b | Screenshot | | | | | |
| 410c | Screenshot | | | | | |
| | | | | | | |
| 411 | DaSilva on 430 pm | | | | | |
| 411a | Screenshot | | | | | |

| | | | | | |
|---|---|---|---|---|---|
| 412 | M. Castro cellphone video | | | | |
| 412a | Screenshot | | | | |
| | | | | | |
| **BUSINESS RECORDS (SAFEWAY)** | | | | | |
| 501 | Rule 902 Certificate | | | | |
| 502 | Safeway Email | | | | |
| 503 | Safeway Sales Comparisons | | | | |
| 504 | Safeway Warehouse Shipments | | | | |
| 505 | D.C. Register | | | | |
| 506 | Curfew Tweet | | | | |
| | | | | | |
| **U.S. SECRET SERVICE MATERIALS** | | | | | |
| 601 | Hawa Email | | | | |
| 602 | Head of State Worksheet | | | | |
| 603 | CCTV Evacuation of Mike Pence | | | | |
| 604 | Motorcade Video | | | | |

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney

By:   /s/ *Katherine E. Boyles*
Katherine E. Boyles
Assistant U.S. Attorney
D. Conn. Fed. Bar No. PHV20325
United States Attorney's Office
601 D Street NW
Washington, D.C. 20001
Phone: 203-931-5088
Email: Katherine.Boyles@usdoj.gov

/s/ *Eric W. Boylan*
Eric W. Boylan
Assistant U.S. Attorney
Texas Bar No. 24105519
United States Attorney's Office
601 D Street NW
Washington, D.C. 20001
Phone: 202-815-8608
Email: Eric.Boylan@usdoj.gov