**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| **v.** ) | CRIMINAL CASE NO: 1:21-CR-00564 |
| ) | |
| **MATTHEW DASILVA** ) | TRIAL: JULY 17, 2023 |
| ) | |
| DEFENDANTS. ) | |

**MOTION TO EXCLUDE AIDING AND ABETTING INSTRUCTIONS**

In ECF No. 67, the Government notified the Defense that it seeks jury instructions for 18 U.S.C. § 2, aiding and abetting, for Counts One and Two of Mr. DaSilva's Second Superseding Indictment. The Defense objects to 18 U.S.C. § 2 aiding and abetting instructions.

Specifically, the Government states: "Count One also charges the defendant with aiding and abetting others to obstruct law enforcement officers during a civil disorder… the government further alleges that the defendant committed obstructing officers during a civil disorder, as charged in Count One, by aiding and abetting others in committing this offense." See ECF No. 67 at *1, *4. And, "Count Two also charges the defendant with aiding and abetting others to assault, resist, or impede officers… the government further alleges that the defendant committed assaulting officers, as charged in Count Two, by aiding and abetting others in committing this offense." See ECF No. 67 at *7, *9. However, neither Count One or Count Two, in any of Mr. DaSilva's indictments in this case, for that matter, actually charged aiding and abetting — certainly not the Second Superseding Indictment.

## 1) Defendant is Not Charged with an Offense Against the United States

An 18 U.S.C. § 2 instruction is inapplicable to Counts One and Two of this case because Mr. DaSilva is not charged with *an offense against the United States* in those counts.

18 U.S.C. § 2(a) provides that "[w]hoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal." In drafting the statute, Congress chose to exclude from prosecution under 18 U.S.C. § 2 offenses that are committed against individuals, choosing instead only to codify non-principal crimes when the offense is one that is "against the United States." Although cases commonly refer to § 2 as a common law aiding and abetting offense, the codification of the law is distinct from the common law in two ways: (1) it limits application to crimes against the United States, as opposed to the more broad concept of, let's say, federal crimes, and (2) it specifically abolishes the distinction between common law notions of principal and accessory. *See*, e.g., *Rosemond v. United States*, 134 S. Ct. 1240 (2014); *United States v. Kegler*, 724 F.2d 190, 200 (D.C. Cir. 1983).

An example of "an offense against the United States" is 18 U.S.C. § 1512(c)(2), which criminalizes the corrupt obstruction of an official government proceeding. On the other hand, charges under 18 U.S.C. § 111(a) for assault, or the criminal impediment of a police officer during a civil disorder under 18 U.S.C. § 231(a)(3), are crimes against an *individual*, not against the United States.

Because Count One and Two of Mr. DaSilva's Second Superseding Indictment only charge 18 U.S.C. § 111(a) and 18 U.S.C. § 231(a)(3), crimes against individuals, Mr. DaSilva

cannot be prosecuted under a theory of aiding and abetting liability for "an offense against the United States."

## II) Due Process Requires Notice to Defendant of Criminal Liability and Criminal Punishment

The Fifth Amendment's Due Process clause requires that the public be put on notice as to crimes and punishments. "There must be ascertainable standards of guilt. Men of common intelligence cannot be required to guess at the meaning of the enactment." *Winters v. New York*, 333 U.S. 507, 515 (1948).

18 U.S.C. § 2(a) changes a common law aiding and abetting crime to— "[w]hoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission," and changes the common law punishment — "punishable as a principal." The underlying crime is necessarily one that is "against the United States," not against an individual person or one that is in violation of any federal statute. The Government's notice of the statutory penalty change to that of a principal is, therefore, applicable only to someone who commits "an offense against the United States."

The Government is seeking in the case of Mr. DaSilva to apply this statute to a crime where the victim is a person, not "the United States." Such an application runs afoul of the Fifth Amendment's Due Process protection. Counts One and Two, charges under 18 U.S.C. § 111(a) and 18 U.S.C. § 231(a)(3), are crimes against an individual officer, not against "the United States."

In *Rosemond v. United States*, 134 S. Ct. 1240, 1245 (2014), the Supreme Court summarily stated that 18 U.S.C. § 2 punishes "the commission of a federal offense" instead of "an offense against the United States." The issue of *why did Congress use the words "an offense against the United States" if they meant any federal offense* was not specifically reviewed by the Supreme Court.

The original characterization of § 2 as a law that punishes "the commission of a federal offense" comes from *Standefer v. United States*, a Supreme Court case which was looking at a 1909 draft of that law that punished "any act constituting an offense defined in any law of the United States." *Standefer v. United States*, 447 U.S. 10, 18 (1980). *See also Ruthenberg v. United States*, 245 U.S. 480 (1918) (interpreting an aiding and abetting law with the language — "an offense defined in any law of the United States"); *United States v. Hodorowicz*, 105 F.2d 218 (7th Cir. 1939) (interpreting the predecessor code section with the words "an offense defined in any law of the United States"); *Pinkerton v. United States*, 328 U.S. 640 (1946) (same). In 1948, 18 U.S.C. § 2 was enacted with the offense restricted to one "against the United States." *Standefer* did not discuss the discrepancy between the wording of the pre-1948 laws which all referenced "an offense defined in any law of the United States" *versus* the modern codification of the language with the more limiting phrase, "an offense against the United States." *See* 18 U.S.C.A. § 550 [now § 2].

The House Report for the 1948 Amendment that we know as the modern-day codification of federal aiding and abetting law states:

> The section as revised makes clear the legislative intent to punish as a principal not only one who directly commits an offense and one who "aids, abets, counsels, commands, induces or procures" another to commit an offense, but also anyone

who causes the doing of an act which if done by him directly would render him guilty **of an offense against the United States**.

H.Rep.No. 304, 80th Cong., 1st Sess. 2448-49 (1948) (emphasis added). The words "an offense against the United States" appear to have been deliberately chosen.

The only case undersigned counsel was able to find discussing the meaning of the term "an offense against the United States" is a 1968 case out of the 10th Circuit. See *Breeze v. United States,* 398 F.2d 178, 192 (10th Cir. 1968). *Breeze* summarily declared, without explanation or full discussion: "It is here to be recognized that Title 18 U.S.C. Section 2(a), is a part of the 'United States Code — Crimes and Criminal Procedure,' and one of the GENERAL PROVISIONS, applicable to the entire United States criminal code." *Breeze,* 398 F.2d at 192. The 8th Circuit and 9th Circuit adopted the 10th Circuit's interpretation, also without discussion or explanation. See *United States v. Rector*, 538 F.2d 223, 225 (8th Cir. 1976), cert. denied, 441 U.S. 963, 99 S.Ct. 2410, 60 L.Ed.2d 1068 (1979) ("[§ 2(a)] is applicable to the entire criminal code"); *United States v. Jones*, 678 F.2d 102, 105 (9th Cir. 1982) (§ 2(a) "is applicable to the entire criminal code"). It appears that a Due Process challenge to this reading has never been explored by a federal court.

Defendant, therefore, and not in *direct* conflict with any case law, contends that the application of 18 U.S.C. § 2 to 18 U.S.C. § 111(a) or to 18 U.S.C. § 231(a)(3) runs afoul of the Fifth Amendment's Due Process clause.

### III) The Government Failed to Notify the Defendant Through Indictment

Although the Government claims that "Count One also charges the defendant with aiding and abetting others to obstruct law enforcement officers during a civil disorder," and "Count Two also charges the defendant with aiding and abetting others to assault, resist, or impede officers," the Second Superseding Indictment does not actually charge aiding and abetting under either of these counts nor anywhere in the indictment. *See* ECF No. 54; ECF No. 67 at *1, *7. Neither did either of the two preceding indictments. *See* ECF No. 9, 20.

Yet, Fed. R. Crim. P. 7(c) required for an indictment to be a "statement of the *essential facts constituting the offense charged*." (Emphasis added.) And, the Sixth Amendment requires the Government to inform the defendant "of the nature and cause of the accusation" against him. U.S. Const. Amend. VI. A prosecution under the theory that Mr. DaSilva aided and abetted the commission of a felony offense is an *essential fact* that constitutes the offense that is being charged— the theory of aiding and abetting acts as the nature and the cause of the accusation itself — which the Government failed to note in the indictment.

The Government is likely to rely on *United States v. Kegler*, which upheld a common law notion related to common law aiding and abetting, stating that an "indictment need not specifically charge a violation of 18 U.S.C. § 2." *United States v. Kegler*, 724 F.2d 190, 201 (D.C. Cir. 1983). However, the *Kegler* decision did not consider the rights of a defendant under the Fifth Amendment or Six Amendment, nor any of the indictment rights and requirements under *United States v. Cruikshank*, 92 U.S. 542 (1875), *Russell v. United States*, 369 U.S. 749 (1962), and *United States v. Thomas*, 444 F.2d 919 (D.C. Cir. 1971). Instead, *Kegler* cited the footnote of a Second Circuit opinion, *United States v. Taylor,* 464 F.2d 240, 241-42 n.1 (2d Cir.

1972). *See Kegler*, 724 F.2d at 201 n.16. The Second Circuit's *Taylor* footnote also failed to do a

constitutional analysis and cited cases that do not directly stand for the principles argued.

Footnote 1 in *Taylor* states, "Although it is preferable that the indictment charge a violation of 18

U.S.C. § 2 if the prosecution intends to proceed on a theory of aiding and abetting, the court may

charge the jury on such a theory when the evidence so warrants, whether or not 18 U.S.C. § 2

was charged in the indictment." *Taylor,* 464 F.2d at 241-42 n.1. The progeny of cases on this

issue are all summary decisions by the courts, consistent with the common law, but without any

consideration of a defendant's rights nor of the meaning of the exact words codified in § 2. *But*

*see United States v. Sanchez*, 917 F.2d 607, n.2 (1st Cir. 1990) (holding that a defendant can be

convicted of aiding and abetting under § 2 without notice through an indictment as long as no

unfair surprise results, and citing *accord* from every circuit other than the D.C. Circuit).

    In *Rosemond v. United States*, 134 S. Ct. 1240 (2014), the only modern Supreme Court

case to review the 18 U.S.C. § 2 and to reign in the Government from overly broad liability

theories, the defendant had been notified of the Government's aiding and abetting theory through

indictment and thus the issue was not raised. *See Rosemond*, 134 S. Ct. at 1243-44.

    The Circuits have nonetheless carved out an exception for defendants who experience an

"unfair surprise" from instructions on aiding and abetting without notice in the indictment.

*United States v. Tucker*, 552 F.2d 202, 204 (7th Cir. 1977); *United States v. Smith*, 727 F.2d 214

(2d Cir. 1984); *United States v. Sanchez*, 917 F.2d 607 (1st Cir. 1990); *United States v. Neal*, 951

F.2d 630, 633 (5th Cir. 1992). The standard for the "unfair surprise" exception is not explained in

case law. The defendant, nonetheless, seeks relief for unfair surprise and an alternative argument

to his constitutional arguments. The basis for the unfair surprise is any or all of the reasons listed

in sections IV, V, or VI *infra*.


**IV) Count One is Rendered Entirely Deficient of Notice by Aiding and Abetting Instruction**

Under the Government's theory of aiding and abetting liability, Count One of the Second

Superseding Indictment essentially states that **Mr. DaSilva is accused of aiding and abetting**

**an unknown individual, in committing an unknown act, which hindered an unknown**

**federal officer**. *What*? How does this amorphous, vague generalization *not* run afoul of the Fifth

Amendment's Due Process requirement? *See* U.S. Const. Amend. V. How can such ambiguity

withstand constitutional scrutiny?

The Fifth Amendment additionally guarantees that no person shall be held to answer for

an "infamous crime, unless on a presentment or indictment of a Grand Jury," and the Sixth

Amendment guarantees that a person accused of a crime shall "be informed of the nature and

cause of the accusation." U.S. Const. Amend. V; U.S. Const. Amend. VI. Accordingly, Fed. R.

Crim. P. 7(c) states that an indictment "must be a plain, concise, and definite written statement of

the *essential facts constituting the offense charged*." (Emphasis added.) The Government's

addition of an ambiguous aiding and abetting theory to Count One most certainly causes Count

One to run afoul of the Fifth Amendment, the Sixth Amendment, *United States v. Cruikshank*, 92

U.S. 542, 559 (1875), *Russell v. United States*, 369 U.S. 749, 765 (1962), and *United States v.*

*Thomas*, 444 F.2d 919, 922 (D.C. Cir. 1971). *See also* ECF No. 30, 33, 57. Count One, through

aiding and abetting, even more egregiously than the bare-bones indictment, fails to inform Mr.

DaSilva of the nature and cause of the accusation against him, fails to comply with Due Process, and fails to state the essential facts constituting the offense charged against him.

Count One should be dismissed for failing to comply with this Court's instruction at the Oral Hearing on May 23, 2023, and for failing to comply with constitutional requirements and the guiding case law. Defendant's Motion to Dismiss, ECF No. 57, is still pending.

If Count One is not dismissed, a bench instruction of aiding and abetting should not be added to this offense as it renders Count One entirely deficient of notice to the defendant.

### V. Count Two is Rendered Nonsensical Through an Aiding and Abetting Instruction

Count Two clearly charges the Defendant as a principal and even narrows down the intent that he is alleged to have possessed at the time he is alleged to have committed the offense as a principal. Neither the indictment nor the facts of the case support the idea that he acted together with another person in committing Count Two. One cannot aid and abet himself, it must be another person. The particular facts indicted under Count Two simply don't yield a congruent and consistent instruction on the charge of aiding and abetting. The Government cannot be permitted to try two separate and disparate crimes through one count of an indictment under the doctrine of aiding and abetting. *See Nye & Nissen v. United States*, 336 U.S. 613, 627 (1949) (Frankfurter, F., dissenting).

### VI. Evidence Does Not Warrant an Aiding and Abetting Instruction

An aiding and abetting conviction requires proof of full, advance knowledge of a crime that a defendant participated in— which includes each of its elements— and that this crime was

something that the defendant wished to bring about and sought by his actions and efforts to commit successfully, as opposed to just associating himself with a criminal venture in some way. *See Rosemond v. United States*, 134 S. Ct. 1240, 1248-50 (2014) (holding that the government must prove that an aider and abettor of criminal conduct participated with advance knowledge of the elements that constitute the charged offense); *United States v. Goldtooth*, 754 F.3d 763, 769 (9th Cir. 2014) (reversing defendants' convictions for aiding and abetting because there was no evidence that defendants had foreknowledge that the crime was going to occur); *United States v. Encarnación-Ruiz*, 787 F.3d 581 (1st Cir. 2015); *Steiner v. United States*, 940 F.3d 1282 (11th Cir. 2019). *See also United States v. Wilson*, 160 F.3d 732, 738 (D.C. Cir. 1998) (the government must show that a defendant intended to bring about the crime and that he knew why and what the principal intended to do to commit the crime).

The intent requirement is satisfied when a person actively participates in a criminal venture with full, advance knowledge of the circumstances constituting the charged offense. *Id*. at 1248-49. This "advance knowledge" requirement is defined as knowledge that enables a defendant to make the relevant legal and moral choice, with time that allows for a realistic opportunity to walk away or to quit the crime. *Rosemond*, 134 S. Ct. at 1249. This *mens rea* element also requires a showing that the accused intended to facilitate the exact offense's commission. *Id*. at 1248. Intent to advance some different or lesser offense is not sufficient; instead, the intent must go to the specific and entire crime charged. *Id*.

In the present case, Mr. DaSilva came to the Capitol alone and he left alone. He did not speak with anyone committing a crime. The only statements he made were to himself (maybe some officer standing a distance away). The words spoken by Mr. DaSilve show the opposite of

an understanding of what was happening on January 6 or the extent and nature of the criminal behavior of others who were committing crimes. Mr. DaSilva stated: "How can we be inside the building when we're not inside the building?… I, uh, didn't think this was how this day was going to end… These are law-abiding citizens, all taxpayers." Moreover, once he sees and realizes some of the protesters becoming more aggressive towards the officers, he says, "all right, this is getting kind of" — and immediately proceeds to leave the area. The evidence in this case shows Mr. DaSilva making a moral choice to walk away — the exact choice that Justice Kagan described in *Rosemond. See* 134 S. Ct. at 1249.

According to *Rosemond,* "what jury instructions should convey, is that the defendant has chosen, with full knowledge, to participate in the illegal scheme." 134 S. Ct. at 1250. But the evidence in this case doesn't show any advance knowledge or full knowledge and instead shows the defendant choosing to walk away when he realizes the acts of others are getting out of hand.

There is simply no evidence in this case of advance knowledge of a crime (it's the opposite—  "I, uh, didn't think this was how this day was going to end"), there is no evidence in this case of a specific intent to commit a crime (it's the opposite, Mr. DaSilva walks off before finishing the sentence, "this is getting kind of…"), there is not even evidence that the defendant realized crimes around him were taking place, as he referred to the people around him as "law-abiding citizens." Mr. DaSilva does not help anyone or act together with anyone — he is merely present, acting on his own. And once Mr. DaSilva realizes things are getting out of hand, he leaves. This case is literally the opposite of an aiding and abetting case.

The evidence in Mr. DaSilva's case does not warrant an aiding and abetting instruction on any count.

## VII. The Government's Proposed Aiding and Abetting Instructions are Insufficient Under *ROSEMOND*

The Government's proposed instructions on aiding and abetting in ECF No. 67 are insufficient and inconsistent with *Rosemond v. United States*, 134 S. Ct. 1240 (2014).

If an aiding an abetting instruction were appropriate, to prove a defendant guilty of an offense by aiding and abetting, the government must prove each of the following beyond a reasonable doubt:

1) that another person committed the complete offense charged;

2) the defendant possessed full, advance knowledge that the crime was intended to be committed by another person, including each of the elements that constitute that crime;

3) the defendant had the specific intent to facilitate the commission of this crime;

4) the defendant acted knowingly and willfully;

5) the defendant aided, abetted, counseled, commanded, induced, or procured the person who committed the offense;

6) the defendant's actions in furtherance of the crime took place before the crime was completed.

*Rosemond v. United States*, 134 S. Ct. 1240 (2014); *United States v. Gaviria*, 116 F.3d 1498, 1535 (D.C. Cir. 1997); *United States v. Wilson*, 160 F.3d 732, 738 (D.C. Cir. 1998).

It is not enough that the defendant merely associate with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person, or was present at the scene of the crime. The evidence must show beyond a reasonable doubt that the

defendant acted with the full, advance knowledge of the crime and the specific intention of helping that person commit the offense charged.

"Advance knowledge" is defined as knowledge that enables a defendant to make the relevant legal and moral choice ahead of time, sometime before the commission of the offense, a time period that affords the defendant with a realistic opportunity to walk away or to quit the crime. *Rosemond v. United States*,134 S. Ct. 1240 (2014).

"Specific intent" means that this crime was something that the defendant wished to bring about and sought by his actions and efforts to commit successfully, as opposed to just associating himself with a criminal venture in some way. *Rosemond v. United States*,134 S. Ct. 1240 (2014); *United States v. Gaviria*, 116 F.3d 1498, 1535 (D.C. Cir. 1997); *United States v. Wilson*, 160 F.3d 732, 738 (D.C. Cir. 1998).

Accordingly, a defendant acts with the specific intent to facilitate the crime of the principal when the defendant actively participates in a criminal venture with advance knowledge of the crime, knowing each element of the offense, and having acquired knowledge of the crime before the commission of the offense, at a time when the defendant still had a realistic opportunity to withdraw from the crime and walk away.

To "aid" means to actively assist or to help the commission of a crime. To "abet" means to encourage, advise, or instigate the commission of a crime. *See* 1 Charles E. Torcia, *Whatron's Criminal Law* § 29, at 181 (15th ed. 1993).

## VIII. Conclusion

For any or for all the reasons stated herein, the Defense asks that an aiding and abetting instruction not be given in Mr. DaSilva's case.

Respectfully submitted,

By Counsel:

_____/s/_____
Marina Medvin, Esq.
*Counsel for Defendant*
MEDVIN LAW PLC
916 Prince Street
Alexandria, Virginia 22314
Tel:  888.886.4127
Email: contact@medvinlaw.com

## CERTIFICATE OF SERVICE FOR CM/ECF

I hereby certify that on July 9, 2023, I will electronically file the foregoing with the Clerk of the Court for the United States District Court for the District of Columbia by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users, and that service will be accomplished by the CM/ECF system.

_____/s/_____
Marina Medvin, Esq.