# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v. ) | Criminal Case No: 1:21-cr-00564 |
| ) | |
| **MATTHEW DASILVA,** ) | |
| ) | |
| Defendant. ) | |

## NOTICE OF SUPPLEMENTAL AUTHORITY

On July 9, 2023, the Defense filed a rapid-response Motion to Exclude Aiding and Abetting Bench Instructions to the Government's Proposed Bench Instructions, which were filed two days prior on July 7, 2023. *See* ECF No. 69. The Defense has since come to be aware of portions of the U.S. Code that serve as additional authority on the argument raised in ECF No. 69, specifically for sections I and II of the Defendant's brief.

18 U.S.C. § 2 states in relevant part: "Whoever commits **an offense against the United States** or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal." The language "an offense against the United States" is not unique to 18 U.S.C. §§ 2 and 3. The U.S. Code lists multiple offenses that specifically invoke the language of §2:

- 7 U.S.C. § 282: "Any person who violates any provision of section 281 of this title or any regulation issued under it is guilty of **an offense against the United States** and shall, upon conviction, be fined not more than $1,000, or imprisoned for not more than one year, or both."

- 8 U.S.C. § 1324: "… an offense committed with the intent or with reason to believe that the alien unlawfully brought into the United States will commit **an offense against the United States** or any State punishable by imprisonment for more than 1 year."

- 10 U.S.C. § 847: "Any person described in paragraph (2) who (A) willfully neglects or refuses to appear; or (B) willfully refuses to qualify as a witness or to testify or to produce any evidence which that person is required to produce; is guilty of **an offense against the United States**."

- 15 U.S.C. § 50: "…or willfully mutilate, alter, or by any other means falsify any documentary evidence of such person, partnership, or corporation, or who shall willfully refuse to submit to the Commission or to any of its authorized agents, for the purpose of inspection and taking copies, any documentary evidence of such person, partnership, or corporation in his possession or within his control, shall be deemed guilty of **an offense against the United States**…"

- 15 U.S.C. § 1825: "… who knowingly removes any such documentary evidence out of the jurisdiction of the United States; who knowingly mutilates, alters, or by any other means falsifies any such documentary evidence; or who knowingly refuses to submit any such documentary evidence to the Secretary for inspection and copying shall be guilty of **an offense against the United States**…"

- 16 U.S.C. § 1861: "Subject to the direction of the Secretary, a person charged with law enforcement responsibilities by the Secretary who is performing a duty related to enforcement of a law regarding fisheries or other marine resources may make an arrest without a warrant for **an offense against the United States** committed in his presence…"

- 16 U.S.C. § 5506: "Subject to the direction of the Secretary, a person charged with law enforcement responsibilities by the Secretary who is performing a duty related to enforcement of a law regarding fisheries or other marine resources may make an arrest without a warrant for **an offense against the United States** committed in his presence…"

- 18 U.S.C. § 3681: "Upon the motion of the United States attorney made at any time after conviction of a defendant for **an offense under section 794 of this title or for an offense against the United States** resulting in physical harm to an individual…"

There is also a special penalty for "**an offense against the United States**" which is not described in other penal code sections — a special assessment under 18 U.S.C. § 3013(a).[1] Interestingly, 18 U.S.C. § 3013(b) appears to clearly distinguish between offenses against the United States and other criminal cases with the following phrase: "Such amount so assessed shall be collected in the manner that fines are collected in criminal cases." The words "in criminal cases" would not need to be added if § 3013(b) applied to all criminal offenses against the laws of the United States; the phrase "such amount so assessed shall be collected in the manner that fines are collected," would have sufficed, but Congress chose to add the words "in criminal cases" to differentiate the special assessment from other penalties applicable.

---

[1]There is disagreement as to the nature of the special assessment code section between the circuits. *See United States v. Mayberry*, 774 F.2d 1018 (10th Cir. 1985) (holding that § 3013 is punitive in nature, citing the original purpose of § 3013 as punitive); *but see United States v. Munoz-Flores*, 863 F.2d 654 (9th Cir. 1988) (holding that the primary purpose of the special assessment code section was to raise revenue, not to finance state victim assistance programs or to punish offenders). *United States v. King*, 824 F.2d 313 (4th Cir. 1987), went further and decided that by omission, the Supreme Court in *Ray v. United States*, 481 U.S. 736 (1987), designated the special assessment as a penalty because it was part of a cocaine distribution sentence; the specific issue, however, was no directly before the court, and the Supreme Court made no reference to it.

None of the courts looking at § 3013 have taken note of the choice of the phrase "an offense against the United States" in interpreting the code section. Instead, the Circuits have assumed that the special assessment applies to all offenses <*against the laws of*> the United States. See e.g., *United States v. Smith*, 857 F.2d 682, 686 (10th Cir. 1988).



The U.S. Code provides more guidance to this inquiry. The U.S. Code distinguishes between "an offense against the United States" and "offenses <u>against the laws of</u> the United States."

The procedural code section, 18 U.S.C. § 3231, states in relevant part, "[t]he district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all **offenses against the laws of the United States**."

42 U.S.C. § 1989 states, "…and such magistrate judges are authorized and required to exercise all the powers and duties conferred on them herein with regard to such offenses in like manner as they are authorized by law to exercise with regard to other **offenses against the laws of the United States**."

18 U.S.C. § 3501 states in relevant part, "…a confession made or given by a person who is a defendant therein, while such person was under arrest or other detention in the custody of any law-enforcement officer or law-enforcement agency, shall not be inadmissible solely because of delay in bringing such person before a magistrate judge or other officer empowered to commit persons charged with **offenses against the laws of the United States** or of the District of Columbia…"

See also 18 U.S.C. § 4125 ("The Attorney General may establish, equip, and maintain camps upon sites selected by him elsewhere than upon Indian reservations, and designate such camps as places for confinement of persons convicted of **an offense against the laws of the United States**."); 28 U.S.C. § 533 ("… the Secret Service is specifically authorized to detect and arrest persons committing **offenses against the laws of the United States** relating to coins and obligations and securities of the United States and foreign governments"); 48 U.S.C. § 1561 ("…

all **offenses against the laws of the United States** and the laws of the Virgin Islands which are prosecuted in the district court…"); 50 U.S.C. § 205 ("Whenever the President, in pursuance of the provisions of this chapter, has called forth the militia to suppress combinations against **the laws of the United States**…"); 8 U.S.C. § 1357; 18 U.S.C. § 1660; 18 U.S.C. § 3241.

The fair takeaway is that use of the phrase "offenses against the laws of the United States" instead of "an offense against the United States" appears deliberate. At a minimum, Congress knew how to specify the laws of the United States, and in § 2, Congress chose not to use the broader phrase "offenses against the laws of the United States." As a reminder, the pre-1948 aiding and abetting law used the broader phrase, "an offense defined in any law of the United States." *See* 18 U.S.C.A. § 550 [now § 2]. In 1948, Congress removed that breadth from the law and limited the code section to offenses where the United States is the victim.

A complete statutory review reveals that there are a few code sections — all related to prisons and prisoners — where the phrase "an offense against the United States" appears to be used in a broader manner than just the literal terms "an offense against the United States." 18 U.S.C. §§ 4048, 4082, and 4105, as well as 28 U.S.C. § 1495, use the phrase "an offense against the United States" but appear to imply *all offenses against the laws of* the United States. However, this might be because 18 U.S.C. § 4048(a)(5)(B) specifically sets the phrase "an offense against the United States" as interchangeable with the term prisoner — "the term 'prisoner' means— (A) any individual who is incarcerated in an institution under the jurisdiction of the Bureau of Prisons; or (B) any other individual, as designated by the Director, who has been charged with or convicted of **an offense against the United States**." Sections 4082 and 4105, as well as 28 U.S.C. § 1495, appear to follow along with the special definition.

_____

The Defense submits this supplemental authority on the statutory language "offenses against the laws of the United States" and "an offense against the United States" for this court's consideration of Sections I and II of the Defendant's Motion to Exclude Aiding and Abetting Bench Instruction, ECF No. 69.

/s/
Marina Medvin, Esq.
*Counsel for Defendant*
MEDVIN LAW PLC
916 Prince Street
Alexandria, Virginia 22314
Tel:  888.886.4127
Email: contact@medvinlaw.com

**CERTIFICATE OF SERVICE FOR CM/ECF**

I hereby certify that on July 11, 2023, I will electronically file the foregoing with the Clerk of the Court for the United States District Court for the District of Columbia by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users, and that service will be accomplished by the CM/ECF system.

/s/
Marina Medvin, Esq.