UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Case No. 1:21-cr-564 (CJN) |
| : | |
| MATTHEW DASILVA, : | |
| : | |
| Defendant. : | |

**GOVERNMENT'S SUPPLEMENTAL MEMORANDUM**

The United States, by and through its attorneys, respectfully submits this supplemental memorandum in support of its argument that, when it enacted the current version of 18 U.S.C. § 111, Congress did not intend to import the Model Penal Code's definition of "simple assault." As the government has argued, the term "assault" as that word is used in § 111 should be defined by reference to the common law and not the Model Penal Code.

1. **Congress's recent amendment to § 111 shows a clear intent not to adopt the Model Penal Code.**

There is a "settled principle of statutory construction that, absent contrary indications, Congress intends to adopt the common law definition of statutory terms." *United States v. Shabani*, 513 U.S. 10, 13 (1994). Courts in this district and elsewhere have consistently applied that settled principle to interpret § 111's use of the terms "assault" and "simple assault" consistent with the common law. *See, e.g.*, *United States v. Cua*, No. CR 21-107 (RDM), 2023 WL 2162719, at *8 (D.D.C. Feb. 22, 2023); *United States v. Davis*, 690 F.3d 127, 135 (2d Cir. 2012); *United States v. Rivera-Alonzo*, 584 F.3d 829, 833 (9th Cir. 2009).

The D.C. Circuit's decision in *United States v. Duran*, 96 F.3d 1495, 1509 (D.C. Cir. 1996), does not require a different result. First, as the Second Circuit has noted, "the *Duran* court's discussion of simple assault was dictum because the defendant's conduct involved physical

1

conduct and thus constituted assault under any definition." *United States v. Chestaro*, 197 F.3d 600, 606 (2d Cir. 1999). Indeed, *Duran* did not address the "well-settled" rule "that 'where a federal criminal statute uses a common-law term of established meaning without otherwise defining it, the general practice is to give that term its common-law meaning.'" *Davis*, 690 F.3d at 136 (2d Cir. 2012) (quoting *United States v. Turley*, 352 U.S. 407, 411 (1957)). There was no discussion in that case of why Congress, in using the common-law terms "assault" and "simple assault," would have meant to incorporate the Model Penal Code's definition of those terms. Indeed, Congress originally enacted Section 111 in 1948, *see* Pub. L. No. 772, 62 Stat. 683, 688 (June 25, 1948), well before the Model Penal Code was created, *see Dixon v. Untied States*, 548 U.S. 1, 8 (2006) (noting that Model Penal Code was published in 1962). And much of *Duran*'s discussion of the Model Penal Code's definition of "simple assault" addressed an "issue [that] was not raised by the parties[.]" 96 F.3d at 1510. There are thus strong reasons to conclude, as the Second Circuit did in *Chestaro*, that *Duran* does not resolve the question whether the common-law definition or Model Penal Code definition of simple assault governs. *See Cartwright v. United States*, 12 F.4th 572, 585 (6th Cir. 2021) ("There was no 'application of the judicial mind' to that question, so there was no 'decision' about it.") (quoting *Carroll v. Carroll's Lessee*, 57 U.S. 275, 287 (1853)).

Even if the Court disagrees, however, *Duran* is not controlling for a separate, independent reason: Congress has since amended § 111 in a way that indicates it could not have intended the Model Penal Code definition of "simple assault" to apply. At the time *Duran* was decided, § 111 provided:

> Whoever … forcibly assaults, resists, opposes, impedes, intimidates, or interferes with any person designated in section 1114 of this title while engaged in or on account of the performance of official duties … shall, where the acts in violation of this section constitute only simple assault, be fined under this title or imprisoned

2

>not more than one year, or both, and in all other cases, be fined under this title or imprisoned not more than three years, or both…. Whoever, in the commission of any acts described [above], uses a deadly or dangerous weapon or inflicts bodily injury, shall be fined under this title or imprisoned not more than ten years, or both.

*Duran*, 96 F.3d at 1509 (quoting 18 U.S.C. § 111). In 2008, however, Congress amended § 111 to replace the "in all other cases" language with "where such acts involve physical contact with the victim of that assault or the intent to commit another felony[.]" Pub. L. No. 110-177, § 208(b), 121 Stat. 2534, 2538 (2008). *See Cua*, 2023 WL 2162719, at *9 (discussing amendment).

This amendment provides clear Congressional intent *not* to incorporate the Model Penal Code into § 111 and *not* to adopt its definition of simple assault. The Model Penal Code's definition of simple assault requires "bodily injury." *See Duran*, 96 F.3d at 1509. Such a requirement is entirely inconsistent with Congress's post-*Duran* addition, which makes "physical contact" a felony. It would make little sense to have the same statute make a crime a felony punishable by up to 8 years in prison where a defendant makes any physical contact with an officer, but to have it be a misdemeanor if the defendant causes bodily injury. For this reason, the *Shabani* principle applies, and the Court should define "assault" by reference to the common law.

**2. If *Duran* does control, it affects only § 111 and not § 1752 or § 5104.**

Additionally, to the extent the Court determines that *Duran* does control, *Duran* should be limited to the construction of § 111 and the Model Penal Code should not apply to the charges in this case under 18 U.S.C. § 1752 or 40 U.S.C. § 5104, because those statutes are not discussed by *Duran* and thus the *Shabani* principal applies.

       Respectfully submitted,

       MATTHEW M. GRAVES
       United States Attorney

By:  /s/ *Katherine E. Boyles*
    Katherine E. Boyles
    Assistant U.S. Attorney
    D. Conn. Fed. Bar No. PHV20325
    United States Attorney's Office
    601 D Street NW
    Washington, D.C. 20001
    Phone: 203-931-5088
    Email: Katherine.Boyles@usdoj.gov

    /s/ *Eric W. Boylan*
    Eric W. Boylan
    Assistant U.S. Attorney
    Texas Bar No. 24105519
    United States Attorney's Office
    601 D Street NW
    Washington, D.C. 20001
    Phone: 202-815-8608
    Email: Eric.Boylan@usdoj.gov