UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v.   ) | Criminal Case No: 1:21-cr-00564 |
| ) | |
| **MATTHEW DASILVA,**   ) | |
| ) | |
| Defendant.   ) | |

**Reply to Government's Supplemental Memorandum on the Definition of Assault**

In response to the Government's unexpected filing of ECF No. 73, and due to time constraints before the expected ruling on this matter, the Defense will answer in a summary-manner as follows:

1) The Defense raised and discussed the 2008 Amendment to 18 U.S.C. § 111(a) on pages 3 and 4 of **ECF No. 38**. This amendment does not discuss or clarify the definition of assault.

2) Assault under common law was merged with battery, which included activity ranging from vocal threats to physical contact. All were misdemeanors. The Government's proposed definition claims that, without evidence, Congress intended to make 18 U.S.C. § 111(a) comport with common law by making physical contact into a felony. This is nonsensical. The common law did not have an elevated penalty for battery.

3) Moreover, the Government perplexingly claims that an assault with bodily injury under 18 U.S.C. § 111(a) is a misdemeanor. This is inaccurate. An assault with bodily injury is not punished under 18 U.S.C. § 111(a); it is instead punished under 18 U.S.C. § 111(b) as a

felony punishable by up to 20 years in prison. "Whoever, in the commission of any acts described in subsection (a)… inflicts bodily injury, shall be fined under this title or imprisoned not more than 20 years, or both." 18 U.S.C. § 111(b). The D.C. Circuit determined that § 111(b) is a crime of violence. *See United States v. Klein*, 533 F. Supp. 3d 1, 10-11 (D.C. 2021).

4) As the Defense explained in **ECF No. 40**, common law assault was defined in a myriad of ways by different courts. *See, e.g., Edwards v. State*, 4 Ga. App. 167, 169 (1908) (discussing the varying definitions of common law assault, concluding that "an intent to injure is the gist of the offense of assault; that it necessarily includes the idea of intended violence towards the person assaulted").

5) The Government's proposed definition of common law assault is inaccurate for this Circuit. As the Defense also pointed out in **ECF No. 40**, the D.C. Circuit has defined common law assault as, "an attempt with force or violence to do a corporal injury to another; and may consist of any act tending to such corporal injury, accompanied with such circumstances as denote at the time an intention, coupled with the present ability, of using actual violence against the person." *Beausoliel v. United States*, 107 F.2d 292, 296 n.14 (D.C. Cir. 1939).

6) The D.C. Circuit defined common law assault appears to be a specific intent crime in *Beausoliel v. United States*, 107 F.2d 292, 296 n.14 (D.C. Cir. 1939).

7) If this court chooses to adopt a common law definition of assault to any of Mr. DaSilva's charges, the D.C. Circuit's *Beausoliel* common law definition should be the one applicable.

8) Common law assault required the defendant to have acted *willfully*, not just intentionally. *See United States v. Chestaro*, 197 F.3d 600, 605 (2d Cir. 1999); *United States v. Bell*, supra;

*United States v. Rizzo*, 409 F.2d 400 (7th Cir.), cert. denied, 396 U.S. 911 (1969); *Brundage v. United States*, 365 F.2d 616 (10th Cir. 1966); *Shaffer v. United States*, 308 F.2d 654 (5th Cir. 1962), cert. denied, 373 U.S. 939 (1963); *United States v. Dupree,* 544 F.2d 1050, 1051 (9th Cir. 1976).

9) The 11th Circuit and the 5th Circuit have applied a "willful" *mens rea* to "forcible assault" under Section 111(a). *United States v. Fallen,* 256 F.3d 1082 (11th Cir. 2001) (defining "forcible assault" as "any willful threat or attempt to inflict bodily injury upon the person of another when coupled with an apparent present ability to do so, and includes any intentional display of force such as would give the victim reason to fear or expect immediate bodily harm"); *United States v. Renfro*, 620 F.2d 497, 500 (5th Cir. 1980).

Respectfully submitted,

By Counsel:

_____/s/_____
Marina Medvin, Esq.
*Counsel for Defendant*
MEDVIN LAW PLC
916 Prince Street
Alexandria, Virginia 22314
Tel:  888.886.4127
Email: contact@medvinlaw.com

**CERTIFICATE OF SERVICE FOR CM/ECF**

I hereby certify that on July 13, 2023, I will electronically file the foregoing with the Clerk of the Court for the United States District Court for the District of Columbia by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users, and that service will be accomplished by the CM/ECF system.

_____/s/_____
Marina Medvin, Esq.

MEDVIN LAW
PAGE 3 / 3