UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>MATTHEW DASILVA,<br><br>*Defendant*. | Criminal Action No. 1:21-cr-00564 (CJN) |

**FINAL LEGAL INSTRUCTIONS**

Upon review of the Parties' proposed legal instructions and arguments in support thereof, it is **ORDERED** that the Court adopts the following final legal instructions.

## Count One: Civil Disorder

## 18 U.S.C. § 231(a)(3)

*Elements*

The Government must prove beyond a reasonable doubt that, on or about January 6, 2021, between approximately 2:00 pm and 5:30 pm, within the District of Columbia:

1. The defendant knowingly committed or attempted to commit an act with the intended purpose of obstructing, impeding, or interfering with one or more law enforcement officers.

2. At the time of the defendant's act, the law enforcement officers were engaged in the lawful performance of their official duties incident to and during a civil disorder.

3. The civil disorder in any way or degree obstructed, delayed, or adversely affected commerce or the movement of any article or commodity in commerce, or the conduct or performance of any federally protected function.

*Definitions*

"Civil disorder" means any public disturbance involving acts of violence by groups of three or more persons, which (a) causes an immediate danger of injury to another individual, (b) causes an immediate danger of damage to another individual's property, (c) results in injury to another individual, or (d) results in damage to another individual's property.

"Commerce" means commerce or travel between one state, including the District of Columbia, and any other state, including the District of Columbia. It also means commerce wholly within the District of Columbia.

"Federally protected function" means any function, operation, or action carried out, under the laws of the United States, by any department, agency, or instrumentality of the United States or by an officer or employee thereof.

"Department" includes one of the departments of the executive branch (such as the Department of Homeland Security, which includes the United States Secret Service) or the legislative branch. "Agency" includes any department, independent establishment, commission, administration, authority, board, or bureau of the United States. "Instrumentality" includes any other formal entity through which the government operates, such as Congress or the United Sates Capitol Police.

For the U.S. Capitol Police and Metropolitan Police Department on January 6, 2021, the term "official duties" means policing the U.S. Capitol Building and Grounds, and enforcing federal law and D.C. law in those areas.

A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident.

**Count One: Aiding and Abetting a Civil Disorder**

**18 U.S.C. § 2**

*Elements*

The Government must prove beyond a reasonable doubt that, on or about January 6, 2021, between approximately 2:00 pm and 5:30 pm, within the District of Columbia:

1. Another person or persons obstructed officers during a civil disorder by committing each of the elements of the offense charged.

2. The defendant knew that obstructing officers during a civil disorder was going to be committed or was being committed by the other person or persons.

3. The defendant knowingly aided, abetted, counseled, commanded, induced, or procured the other person or persons who committed the offense by performing an act or acts in furtherance of the offense.

4. The defendant acted willfully and with the specific intent of facilitating the commission of the offense.

*Definitions*

To show that the defendant performed an act or acts in furtherance of the offense charged, the government must prove some affirmative participation by the defendant which at least encouraged others to commit the offense. That is, the defendant's act or acts must, in some way, aid, assist, facilitate, or encourage others to commit the offense. The defendant's act or acts need not themselves be against the law.  And the defendant's act or acts need not aid, assist, facilitate, or encourage every element or phase of the offense charged.  But the defendant's intent must be to facilitate the commission of the complete offense.  It is not enough that the defendant merely

associated with the person or persons committing the crime, or unknowingly or unintentionally did things that were helpful to that person, or was merely present at the scene of the crime.

"Civil disorder" means any public disturbance involving acts of violence by groups of three or more persons, which (a) causes an immediate danger of injury to another individual, (b) causes an immediate danger of damage to another individual's property, (c) results in injury to another individual, or (d) results in damage to another individual's property.

A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident.

A person acts "willfully" if he acts with the intent to do something that the law forbids, that is, to disobey or disregard the law. Although the government must show that a defendant knew that the conduct was unlawful, the government does not need to prove that the defendant was aware of the specific law that his conduct violated.

**Count Two: Assaulting, Resisting, or Impeding Certain Officers**

**18 U.S.C. § 111(a)(1)**

*Elements*

The Government must prove beyond a reasonable doubt that, on or about January 6, 2021, between approximately 4:30 pm and 4:40 pm, within the District of Columbia:

1. The defendant assaulted, resisted, opposed, impeded, intimidated, or interfered with Metropolitan Police Department Officers J.S., M.D., A.H., S.S., D.P., J.C., and other officers known and unknown to the grand jury, who were assembled inside the tunnel on the lower west terrace of the Capitol Building.
2. The defendant did such acts forcibly.
3. The defendant did such acts voluntarily and intentionally.
4. The officers who were assembled inside the tunnel on the lower west terrace of the Capitol Building were assisting officers or employees of the United States who were then engaged in the performance of their official duties.

    ➢ To satisfy the physical-contact provision of 18 U.S.C. § 111(a), the Government must prove that the defendant forcibly assaulted one or more of the above officers.

    ➢ To satisfy the other-felony provision of 18 U.S.C. § 111(a), the Government must prove that the defendant forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with one or more of the above officers with the intent to commit a violation of 18 U.S.C. § 231(a)(3), as charged in Count One.

*Definitions*

"Simple assault," as used in 18 U.S.C. § 111(a), means (a) an attempt to cause or purposely, knowingly, or recklessly cause bodily injury to another; or (b) negligently cause bodily injury to

6

another with a deadly weapon; or (c) attempt by physical menace to put another in fear of imminent serious bodily injury. *See United States v. Duran*, 96 F.3d 1495, 1509 (D.C. Cir. 1996).

"Bodily injury" means physical pain, illness, or any impairment of physical condition. Model Penal Code § 210.0(1).

"Serious bodily injury" means bodily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ. Model Penal Code § 210.0(2).

A person acts "forcibly" if he used force, attempted to use force, or threatened to use force against the officer. Actual physical contact with the officer is not required, but some measure of presently applied force is. Physical intimidation is not enough. A person who has the present ability to inflict bodily harm upon another and who threatens or attempts to inflict bodily harm upon that person acts forcibly. A threat to use force at some unspecified time in the future is not sufficient to establish that the defendant acted forcibly.

**Count Two: Aiding and Abetting Assaulting, Resisting, or Impeding Certain Officers**

**18 U.S.C. § 2**

*Elements*

The Government must prove beyond a reasonable doubt that, on or about January 6, 2021, between approximately 4:30 pm and 4:40 pm, within the District of Columbia:

1. Another person or persons forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with officers by committing each of the elements of the offense charged.

2. The defendant knew that forcibly assaulting, resisting, opposing, impeding, intimidating, or interfering with officers was going to be committed or was being committed by the other person or persons.

3. The defendant knowingly aided, abetted, counseled, commanded, induced, or procured the other person or persons who committed the offense by performing an act or acts in furtherance of the offense.

4. The defendant acted willfully and with the specific intent of facilitating the commission of the offense.

*Definitions*

　　To show that the defendant performed an act or acts in furtherance of the offense charged, the government must prove some affirmative participation by the defendant which at least encouraged others to commit the offense. That is, the defendant's act or acts must, in some way, aid, assist, facilitate, or encourage others to commit the offense. The defendant's act or acts need not themselves be against the law.  And the defendant's act or acts need not aid, assist, facilitate, or encourage every element or phase of the offense charged.  But the defendant's intent must be to facilitate the commission of the complete offense.  It is not enough that the defendant merely

associated with the person or persons committing the crime, or unknowingly or unintentionally did things that were helpful to that person, or was merely present at the scene of the crime.

"Simple assault," as used in 18 U.S.C. § 111(a), means (a) an attempt to cause or purposely, knowingly, or recklessly cause bodily injury to another; or (b) negligently cause bodily injury to another with a deadly weapon; or (c) attempt by physical menace to put another in fear of imminent serious bodily injury. *See United States v. Duran*, 96 F.3d 1495, 1509 (D.C. Cir. 1996).

"Bodily injury" means physical pain, illness, or any impairment of physical condition. Model Penal Code § 210.0(1).

"Serious bodily injury" means bodily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ. Model Penal Code § 210.0(2).

A person acts "forcibly" if he used force, attempted to use force, or threatened to use force against the officer. Actual physical contact with the officer is not required, but some measure of presently applied force is. Physical intimidation is not enough. A person who has the present ability to inflict bodily harm upon another and who threatens or attempts to inflict bodily harm upon that person acts forcibly. A threat to use force at some unspecified time in the future is not sufficient to establish that the defendant acted forcibly.

## Count Three: Entering and Remaining in a Restricted Building or Grounds

## 18 U.S.C. § 1752(a)(1)

*Elements*

The Government must prove beyond a reasonable doubt that, on or about January 6, 2021, within the District of Columbia:

1. The defendant entered or remained in a restricted building or grounds without lawful authority to do so.

2. The defendant did so knowingly.

*Definitions*

The term "restricted building or grounds" means any posted, cordoned off, or otherwise restricted area of a building or grounds where a person protected by the Secret Service is or will be temporarily visiting.

The term "person protected by the Secret Service" includes the Vice President and the immediate family of the Vice President.

A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident.

**Count Four: Disorderly and Disruptive Conduct in a Restricted Building or Grounds**

**18 U.S.C. § 1752(a)(2)**

*Elements*

The Government must prove beyond a reasonable doubt that, on or about January 6, 2021, within the District of Columbia:

1. The defendant engaged in disorderly or disruptive conduct in, or in proximity to, any restricted building or grounds.

2. The defendant did so knowingly, and with the intent to impede or disrupt the orderly conduct of Government business or official functions.

3. The defendant's conduct occurred when, or so that, his conduct in fact impeded or disrupted the orderly conduct of Government business or official functions.

*Definitions*

The term "restricted building or grounds" means any posted, cordoned off, or otherwise restricted area of a building or grounds where a person protected by the Secret Service is or will be temporarily visiting.

The term "person protected by the Secret Service" includes the Vice President and the immediate family of the Vice President.

"Disorderly conduct" occurs when a person is unreasonably loud and disruptive under the circumstances, or interferes with another person by jostling against or unnecessarily crowding that person. Disorderly conduct is that which tends to disturb the public peace, offend public morals, or undermine public safety.

"Disruptive conduct" is a disturbance that interrupts an event, activity, or the normal course of a process.

11

A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident.

**Count Five: Engaging in Physical Violence in a Restricted Building or Grounds**

**18 U.S.C. § 1752(a)(4)**

*Elements*

The Government must prove beyond a reasonable doubt that, on or about January 6, 2021, between approximately 4:30 pm and 4:40 pm, within the District of Columbia:

1. The defendant engaged in an act of physical violence against a person or property in a restricted building or grounds.

2. The defendant did so knowingly.

*Definitions*

"Act of physical violence" means any act involving an assault or other infliction or threat of infliction of death or bodily harm on an individual; or damage to, or destruction of, real or personal property.  *See* 40 U.S.C. § 5104(a)(1).

"Assault," as used in 40 U.S.C. § 5104(a)(1), means (a) an attempt to cause or purposely, knowingly, or recklessly cause bodily injury to another; or (b) negligently cause bodily injury to another with a deadly weapon; or (c) attempt by physical menace to put another in fear of imminent serious bodily injury.  *See Johnson v. United States*, 559 U.S. 133, 139–40 (2010) (holding that the phrase "physical force" does not bear its common law meaning of offensive touching when used in the context of defining "*violent* felony").

"Bodily injury" means physical pain, illness, or any impairment of physical condition. Model Penal Code § 210.0(1).

"Serious bodily injury" means bodily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ.  Model Penal Code § 210.0(2).

13

The term "restricted building or grounds" means any posted, cordoned off, or otherwise restricted area of a building or grounds where a person protected by the Secret Service is or will be temporarily visiting.

The term "person protected by the Secret Service" includes the Vice President and the immediate family of the Vice President.

A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident.

**Count Six: Disorderly Conduct in a Capitol Building**

**40 U.S.C. § 5104(e)(2)(D)**

*Elements*

The Government must prove beyond a reasonable doubt that, on or about January 6, 2021, within the District of Columbia:

1. The defendant engaged in disorderly or disruptive conduct in any of the United States Capitol Buildings or Grounds.

2. The defendant did so with the intent to impede, disrupt, or disturb the orderly conduct of a session of Congress or either House of Congress.

3. The defendant acted willfully and knowingly.

*Definitions*

"Disorderly conduct" occurs when a person is unreasonably loud and disruptive under the circumstances, or interferes with another person by jostling against or unnecessarily crowding that person. Disorderly conduct is that which tends to disturb the public peace, offend public morals, or undermine public safety.

"Disruptive conduct" is a disturbance that interrupts an event, activity, or the normal course of a process.

"Capitol Buildings" includes the United States Capitol located at First Street, Southeast, in Washington, D.C.

The "Capitol Grounds" are defined by the United States Code, which refers to a 1946 map on file in the Office of the Surveyor of the District of Columbia. The boundaries of the Capitol Grounds include all additions added by law after that map was recorded.

For purposes of this offense, "the orderly conduct of a session of Congress or either House of Congress" includes the actions of Congress' Joint Session to certify the Electoral College vote.

The term "House of Congress" means the United States Senate or the United States House of Representatives.

A person acts "willfully" if he acts with the intent to do something that the law forbids, that is, to disobey or disregard the law. Although the government must show that a defendant knew that the conduct was unlawful, the government does not need to prove that the defendant was aware of the specific law that his conduct violated.

A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident.

**Count Seven: Act of Physical Violence in the Capitol Grounds or Buildings**

**40 U.S.C. § 5104(e)(2)(F)**

*Elements*

The Government must prove beyond a reasonable doubt that, on or about January 6, 2021, between approximately 4:30 pm and 4:40 pm, within the District of Columbia:

1. The defendant engaged in an act of physical violence within the Capitol Buildings or Grounds.

2. The defendant acted willfully and knowingly.

*Definitions*

"Act of physical violence" means any act involving an assault or other infliction or threat of infliction of death or bodily harm on an individual; or damage to, or destruction of, real or personal property. *See* 40 U.S.C. § 5104(a)(1).

"Assault," as used in 40 U.S.C. § 5104(a)(1), means (a) an attempt to cause or purposely, knowingly, or recklessly cause bodily injury to another; or (b) negligently cause bodily injury to another with a deadly weapon; or (c) attempt by physical menace to put another in fear of imminent serious bodily injury. *See Johnson v. United States*, 559 U.S. 133, 139–40 (2010) (holding that the phrase "physical force" does not bear its common law meaning of offensive touching when used in the context of defining "*violent* felony").

"Bodily injury" means physical pain, illness, or any impairment of physical condition. Model Penal Code § 210.0(1).

"Serious bodily injury" means bodily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ. Model Penal Code § 210.0(2).

"Capitol Buildings" includes the United States Capitol located at First Street, Southeast, in Washington, D.C.

The "Capitol Grounds" are defined by the United States Code, which refers to a 1946 map on file in the Office of the Surveyor of the District of Columbia. The boundaries of the Capitol Grounds include all additions added by law after that map was recorded.

A person acts "willfully" if he acts with the intent to do something that the law forbids, that is, to disobey or disregard the law. Although the government must show that a defendant knew that the conduct was unlawful, the government does not need to prove that the defendant was aware of the specific law that his conduct violated.

A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident.

DATE: July 13, 2023

_____
CARL J. NICHOLS
United States District Judge