UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) ) | Criminal Case No: 1:21-cr-00564 |
| MATTHEW DASILVA, | ) ) ) | |
| Defendant. | ) ) | |

### MOTION TO MODIFY DETENTION ORDER

On July 19, 2023, the court ordered the defendant's detention pursuant to a detention requirement upon conviction for one count of 18 U.S.C. § 1752(a)(4), a crime of violence under 18 U.S.C. § 3143(a)(2). Previously, the court determined that a misdemeanor assault conviction under 18 U.S.C. § 1752(a)(4) is classified as a crime of violence for purposes of § 3143.

On July 21, 2023, the defendant filed his argument in support of his Rule 29(a) motion for acquittal, which the court reserved until after the verdict under Rule 29(b).

The defendant hereby seeks to amend the court's July 20, 2023 order, ECF No. 86, under 18 U.S.C. § 3143(a)(2)(A)(i), to release the defendant on his original pretrial conditions because there is a substantial likelihood that defendant's motion for acquittal will be granted; or, in the alternative, to modify the order of detention to be one of detention through home confinement under 18 U.S.C. § 3143(a)(2).

**I)    Release Under 18 U.S.C. § 3143(a)(2)(A)(i)**

Release of the defendant on conditions under 18 U.S.C. § 3143(a)(2)(A)(i) is appropriate where there is a substantial likelihood that the defendant's motion for acquittal will be granted.

On July 21, 2023, the defendant filed his argument in support of his Rule 29(a) motion for acquittal, which the court reserved until after the verdict under Rule 29(b). *See* ECF No. 88. Defendant's motion includes two separate arguments for acquittal on Count Five of the Second Superseding Indictment under 18 U.S.C. § 1752(a)(4), the offense that this court has deemed a crime of violence under 18 U.S.C. § 3143 and upon which detention was ordered.

One of Defendant's arguments for acquittal on Count Five is a technical one, based on law and on reasoning from the Supreme Court and the D.C. Circuit Court of Appeals, which bind this court.

A prerequisite to conviction under any subsection of 18 U.S.C. § 1752 is proof that the Defendant committed a prohibited act in an area that was "posted, cordoned off, or otherwise restricted." 18 U.S.C. § 1752(c)(1). The defendant contends that the term "otherwise restricted" in 18 U.S.C. § 1752(c)(1) means restricted in a similar manner to the preceding restrictions, citing *Begay v. United States,* 553 U.S. 137, 140-43 (2008) and *United States v. Fischer*, 64 F.4th 329, 345  (D.C. Cir. 2023) (when a statute "includes a list of examples followed by 'otherwise' in a single, unbroken sentence within the same subparagraph… the position of 'otherwise' [] inherently relates the word to the list immediately before it"). The defendant argues that terms in 18 U.S.C. § 1752(c)(1) before the phrase "otherwise restricted," the terms "posted" and "cordoned off," are types of solid, visible or physical restrictions that objectively delineate or designate a defined perimeter as restricted. Therefore, the code section requires evidence of a

similar type of solid, visible, or physical restriction. In order to sustain a conviction under 18 U.S.C. § 1752, the evidence of restriction that must be presented is a posting, a cordoning off, or something inherently similar to posting or cordoning off— something that objectively defines a perimeter as restricted. The area which Mr. DaSilva entered was, at the time he entered and remained, unrestricted as defined by 18 U.S.C. § 1752. The evidence presented by the Government at trial does not satisfy the legal requirements of a "restricted area" nor knowingly entering one, as required under the statute.

Due to the technical nature of Defendant's argument and the existing precedent that binds this court, there are grounds to believe that there is a substantial likelihood that the defendant's motion for acquittal will be granted.

Accordingly, the defendant seeks release pursuant to 18 U.S.C. § 3143(a)(2)(A)(i).

### II) Home Confinement Under 18 U.S.C. § 3143(a)(2)

Nothing in 18 U.S.C. § 3143(a)(2) requires the Court to order incarceration or confinement within a penitentiary— the code section simply calls for the defendant to "be detained." The court maintains discretion to determine the appropriate method of detention. Home confinement is an available method of detention and is appropriate for this defendant.

- Matthew DaSilva is a 51-year-old man with no prior criminal history;
- Mr. DaSilva has been fully compliant with this court's conditions of pretrial release for the duration of two years as his charges have been pending;
- Mr. DaSilva has been fully compliant with the Court's post-verdict order to expeditiously obtain electronic monitoring;

- There are no firearms in the home;

- Mr. DaSilva has a sentencing hearing in October and would be much more effective in aiding in preparation for his hearing while in home confinement;

- There is no evidence to indicate that home confinement would be an inappropriate method of detention for this defendant;

- Moreover, Mr. DaSilva has challenged his conviction for 18 U.S.C. § 1752(a)(4) through a Rule 29 motion, which the court deferred for later determination.

Under these circumstances, home detention is an appropriate method of detention for Mr. DaSilva and is compliant with 18 U.S.C. § 3143(a)(2).

Respectfully submitted,

By Counsel:

/s/
Marina Medvin, Esq.
*Counsel for Defendant*
MEDVIN LAW PLC
916 Prince Street
Alexandria, Virginia 22314
Tel: 888.886.4127
Email: contact@medvinlaw.com

**CERTIFICATE OF SERVICE FOR CM/ECF**

I hereby certify that on July 21, 2023, I will electronically file the foregoing with the Clerk of the Court for the United States District Court for the District of Columbia by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users, and that service will be accomplished by the CM/ECF system.

/s/
Marina Medvin, Esq.

