UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br> )<br>v. )<br> )<br>MATTHEW DASILVA, )<br> )<br>Defendant. )<br> ) | Criminal Case No: 1:21-cr-00564 |

### Supplemental Argument For Rule 29(a) Motion

To supplement Defendant's Rule 29(a) Motion, ECF No. 88, the defendant submits an additional argument on Counts Three, Four, and Five.

### Counts Three, Four, and Five Lack Evidence That Defendant Knew That the Person Protected by the Secret Service Is or Will Be Temporarily Visiting That Area

Offenses under 18 U.S.C. § 1752 require proof beyond a reasonable doubt that the defendant acted *knowingly with respect to each element of the offense*. The Legal Instructions issued in Mr. DaSilva's case reflect such a requirement. *See* ECF No. 76, *10-13.

The Government, however, has presented no evidence that Mr. DaSilva knew that Vice President Pence was or would be temporarily visiting the area which he entered.

In a recent filing in the District Court for the District of Columbia, Judge Lamberth ruled that the mens rea element of *knowingly* applies not just to knowledge that an area was restricted

but also to the knowledge that the person protected by the Secret Service is or will be temporarily visiting that restricted area.

> [T]o prove that defendants "knowingly" committed the relevant acts in a "restricted building or grounds" for purposes of [counts under 18 U.S.C. § 1752], the government must prove not only that the defendants knew they were in a "posted, cordoned off, or otherwise restricted area," but also that they knew that it was such an area "of a building or grounds where the President or other person protected by the Secret Service is or will be temporarily visiting." 18 U.S.C. § 1752(c)(l)(B).



*United States v. Bingert*, et. al., Case No. 1:21-cr-00091-RCL, ECF No. 163 (D.D.C. May 18, 2023).

    The Legal Instructions in Mr. DaSilva's case are consistent with the principle outlined in more detail by Judge Lamberth. The instruction in Mr. DaSilva's case specifies that the mens rea of knowingly is applicable to each element of the offense. This court remains free to conclude that the Government must prove both, that 1) that the defendant knew the area he entered was posted, cordoned off, or otherwise restricted, *and* 2) that the defendant knew this was an area where the Vice President was or would be temporarily visiting.

    Neither of these elements has been proven at trial.

The Government presented no evidence that Mr. DaSilva had any knowledge of the whereabouts of Vice President Pence, nor that the area he was visiting was where the Vice President was or would be visiting, nor his general proximity to the Vice President.

Without the presentation of evidence to establish knowledge that he was in such an area of a building or grounds where the President or other person protected by the Secret Service is or will be temporarily visiting, the factfinder would be left to speculate as to this element.

A judgment of acquittal, therefore, is appropriate for Counts Three, Four, and Five. *See United States v. Campbell*, 702 F.2d 262, 267 (D.C. Cir. 1983) (acquittal is appropriate when the fact-finder has no evidentiary basis for the verdict).

Respectfully submitted,

By Counsel:

_____/s/_____
Marina Medvin, Esq.
*Counsel for Defendant*
MEDVIN LAW PLC
916 Prince Street
Alexandria, Virginia 22314
Tel: 888.886.4127
Email: contact@medvinlaw.com

**CERTIFICATE OF SERVICE FOR CM/ECF**

I hereby certify that on July 24, 2023, I will electronically file the foregoing with the Clerk of the Court for the United States District Court for the District of Columbia by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users, and that service will be accomplished by the CM/ECF system.

_____/s/_____
Marina Medvin, Esq.