UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** )<br>)<br>v.     )<br>)<br>**MATTHEW DASILVA,**  )<br>)<br>Defendant.    )<br>) | Criminal Case No: 1:21-cr-00564 |

**Reply to ECF No. 91, Government's Opposition to Defendant's Motions**

In Reply to Government's combined Response in Opposition to Defendant's Rule 29(a) Motion and Motion to Modify Detention Order, ECF No. 91, the Defense states summarily as follows:

- The Defendant filed his motion for aquittal as a Rule 29(a) motion, not a Rule 29(c) motion, as is suggested by the references on Pages 4, 9. (*A Rule Rule 29(c) motion is forthcoming, but it is not currently before the Court*). The defendant originally made his Rule 29(a) motion orally in Court, and the Court reserved the decision pursuant to Rule 29(b), instructing counsel to file arguments on the motion after the verdict. Accordingly, provisions (a) and (b) guide the standard of this motion, not (c). *See* Fed. R. Crim. P. 29.  The Defendant bifurcated his Rule 29(a) and Rule 29(c) pleadings precisely for this reason — they are to be judged by different standards and based on different considerations. The applicable legal standard to deciding the motion that is before this Court is the one outlined in ECF No. 88.

- The Government, in its arguments, bypasses the central legal question concerning the interpretation of "otherwise restricted" and the requirements imposed on it by the statutory language enacted by Congress. Instead, it veers towards secondary and policy-based arguments. The critical issue for the court to resolve here is a purely legal one — deciding what the statute requires the Government to demonstrate at trial, and whether the Government has met these requirements without pushing the factfinder into the realm of speculation and conjecture. *See Cooper v. United States*, 218 F.2d 39, 42 (D.C. Cir. 1954) (reversing a trial court's conviction and entering a judgment of acquittal); *see also Curley v. United States*, 160 F.2d 229, 232 (D.C. Cir.), cert. denied, 331 U.S. 837, reh'g denied, 331 U.S. 869 (1947) (if "a reasonable mind must be in balance as between guilt and innocence, a verdict of guilt cannot be sustained").

- The Government's new contention, as stated on Pages 6-7, that "upon joining the crowd surge onto the west plaza of the Capitol Building around 2:30 p.m., as indicated by Gov't Ex. 401, the crowd (inclusive of the defendant) breached a 'posted, cordoned off, or otherwise restricted' boundary as they pushed past a police line held behind bike rack barricades," does not align with the evidence presented in Court. The evidence the Government introduced provided no clear time frame for Exhibit 401, and Mr. DaSilva's appearance in this video occurs a significant while after the few barricades visible at the onset of the video were displaced by individuals at the forefront of the crowd. By the time Mr. DaSilva navigates towards the Capitol Building, a whole four and a half minutes after those two barricades are relocated, he encounters no extant barriers or boundary markers. This is demonstrated in Government Exhibit 401A. Furthermore, Mr. DaSilva does not venture towards the location

where those two barricades were initially positioned—he veers left, away from that area where no barricades were originally installed, at least not in any evidence that was presented. There was no evidence presented of Mr. DaSilva passing by or through any physical perimeter or boundary restrictions as he proceeded forwards. As argued in ECF No. 88, Mr. DaSilva never made it through the line of police officers in the tunnel at 4:33 PM, and therefore that boundary is irrelevant for purposes of deciding sufficiency for Counts Three, Four, and Five.

- The Defense proceeded with a Rule 29(a) motion in the firm belief that this Court would treat the motion in accordance with the law. The Defense's arguments are rooted in legal considerations and adhere to the standards laid out in Rule 29(a). The Government's depiction on Page 9, which misrepresents the Defendant's pre-verdict Rule 29(a) motion made at the close of the Defendant's case as an appeal for the court to "re-weigh and reassess its own credibility determinations," does not hold true in any sense; the defendant is exercising his right to make sufficiency arguments under Rule 29(a), and this Court is entrusted with the power to decide whether the Defendant's arguments meet the Rule 29(a) standard or not.

- It was the Government that urged a judge to *re-weigh and re-assess* his decision on legal instructions that require proof that the "defendants knew they were in a 'posted, cordoned off, or otherwise restricted area,' but also that they knew that it was such an area 'of a building or grounds where the President or other person protected by the Secret Service is or will be temporarily visiting,'" yet Judge Lamberth denied the Government's motion. See

*United States v. Bingert*, et. al., Case No. 1:21-cr-00091-RCL, *Minute Order* (D.D.C. May 23, 2023).

- The Court's findings of facts are irrelevant to a Rule 29(a) determination, even if the decision on that motion was reserved for after the verdict. *See* Fed. R. Crim. P. 29(b). Instead, the court's finding of fact will bear heavily on a Rule 29(c) motion — a motion that is not yet before this court. The Government's various discussions of the Court's findings, therefore, are inappropriate at this legal juncture.

- While discussion of a verdict is improper at this juncture, it is important to note that the Government is inappropriately attempting to re-litigate an issue on which the court has already denied a verdict of guilty— the issue of aggravated assault with the intent to commit another felony, argued on Pages 13-14, 19. The finding of this court, which bears not on this Rule 29(a) motion, was as follows:

> Finally, I find beyond a reasonable doubt that DaSilva made physical contact with Officer Sterling during the assault. For the duration of the assault, DaSilva's hands were on a riot shield held by Officer Sterling and DaSilva made direct contact with Officer Sterling's hand when he tried to block his use of OC spray. I therefore find, beyond a reasonable doubt, DaSilva guilty of Count 2, Assaulting, Resisting or Impeding Certain Officers.

The court did not make a finding of guilt on the separate legal element of intent to commit another felony. "Intent to commit another felony" is a separate legal issue that requires a separate finding from the fact-finder, and which elevates a felony assault to an aggravated felony assault for sentencing purposes. *See* 18 U.S.C. § 111(a); U.S.S.G. § 2A2.2. Because this Court made no such finding at the verdict, the Government is precluded from relitigating this issue under the Double Jeopardy clause. The defendant is

also protected from such a finding through the Supreme Court decision in *Booker*. *See United States v. Booker*, 543 U.S. 220, 244 (2005) ("Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt.").

- The reason why the Government is attempting to relitigate the "intent to commit another felony" issue is that, as the Government asserts separately on Page 19, it intends to seek an aggravated assault penalty for intent to commit another felony under U.S.S.G. § 2A2.2 instead of letting this case proceed per verdict as an assault with physical contact, penalized under U.S.S.G. § 2A2.3. For reference, the base offense level for misdemeanor assault is 4, the base offense level for felony assault with physical contact is 7, and the base offense level for an aggravated assault is 14, which is defined, in part, as an assault with the intent to commit another felony. *See* U.S.S.G. § 2A2.3, § 2A2.2 n.1. While the defendant was found guilty of felony assault with physical contact, he was not found guilty of aggravated assault with the intent to commit another felony. Accordingly, the applicable Sentencing Guideline would be U.S.S.G. § 2A2.3 instead of § 2A2.2. *See* U.S.S.G. § 2A2.2 n.1.

- In response to the Government's assertion on Page 19 that U.S.S.G. § 5C1.1(f) will force this Court to order a sentence of only imprisonment, the Defendant repeats that he was not found guilty of aggravated assault with the intent to commit another felony, and, therefore, neither U.S.S.G. §2A2.2 nor U.S.S.G. § 5C1.1(f) will apply. Instead, based on the Court's verdict, the applicable Sentencing Guideline will be U.S.S.G. § 2A2.3 for felony assault with physical contact. Even if this court grants all 6 enhancement points under U.S.S.G. § 3A1.2,

- the Defendant's guideline calculation will be 7 + 6 = 13, which is Zone C, and he will be eligible for half of the penalty to be served through home confinement. *See* U.S.S.G. § 5C1.1(d). All guideline calculations aside, the Sentencing Guidelines do not prevent the Court from ordering the penalty that this Court believes is just and proper after considering all of the relevant sentencing factors. Federal judges are not bound by the guideline recommendations. *See United States v. Booker*, 543 U.S. 220 (2005) (a judge can "exercise broad discretion in imposing a sentence within a statutory range").

- While the Defense acknowledges that home confinement does not equate to "credit" towards time served as imprisonment, it nonetheless remains a factor that this Court can take into account when determining an appropriate sentence duration; the time spent under home confinement is a factor that this Court may consider when sentencing Mr. DaSilva and the Court will have the discretion to credit the defendant with any time served as home confinement in the event that this Court finds that any portion of the sentence should be served as home confinement. While imprisonment does not equate directly to home confinement, home confinement equates directly to home confinement, and this court retains the authority to sentence the defendant to a term of home confinement. To assuage any concerns the Court may have —before submitting his initial motion, undersigned counsel notified Mr. DaSilva that home confinement does not equate to time served as imprisonment.

For all of the reasons set forth herein, and in ECF No. 88, 89, and 90, the Defendant requests that his Rule 29(a) motion be granted, and that he be released, or, in the alternative, that his order for incarceration is modified to an order of home confinement.

Respectfully submitted,
By Counsel:

/s/
_____

Marina Medvin, Esq.
*Counsel for Krauss Defendants*
MEDVIN LAW PLC
916 Prince Street
Alexandria, Virginia 22314
Tel:  888.886.4127
Email: contact@medvinlaw.com

**CERTIFICATE OF SERVICE FOR CM/ECF**

    I hereby certify that on July 24, 2023, I will electronically file the foregoing with the Clerk of the Court for the United States District Court for the District of Columbia by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

/s/
_____

Marina Medvin, Esq.