UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v. ) | Criminal Case No: 1:21-cr-00564 |
| ) | |
| **MATTHEW DASILVA,** ) | Sentencing: October 12, 2023 |
| ) | |
| Defendant. ) | |

**Defendant's Response to the Court's Order, ECF No. 95**

Pursuant to Order of the Court, Signed on July 25, 2023, ECF No. 95, Defendant submits his argument addressing whether the conviction on Count Seven, a petty offense, triggers mandatory detention pending sentencing under 18 U.S.C. § 3143(a)(2).

Count Seven is charged under 40 U.S.C. §5104(e)(2)(F). The maximum penalty for a conviction, outlined in 40 U.S.C. §5109(b), is a fine, or imprisonment for not more than six months, or both. The category of this violation is that of a Class B misdemeanor, a "petty offense" under 18 U.S.C. § 3559(a)(7) and 18 U.S.C. § 19. *See also Blanton v. North Las Vegas,* 489 U.S. 538 (1989). A petty offense, unlike a regular misdemeanor or felony offense, is not subject to the automatic right of trial by jury, does not carry a term of supervised release, and is exempt from a sentence recommendation under the Sentencing Guidelines. *See Blanton,* 489 U.S. at 543; 18 U.S.C. § 3583(b)(3); U.S.S.G. § 1B1.9. Even the guidelines for sentencing on multiple counts do not apply to petty offense convictions. U.S.S.G. § 1B1.9, n.2. Accordingly, determination as to a penalty on a petty offense is independent of other counts of conviction.

Section 18 U.S.C. § 3143(a)(2) directs the Court to detain a defendant found guilty of one of the offenses listed in subparagraphs (A), (B), or (C) of subsection (f)(1) of section 3142 *only if* that person "is awaiting imposition or execution of sentence" on such an offense. Since a petty offense can be sentenced independently of other misdemeanor or felony convictions, this is not an offense on which the court should make a defendant wait to impose a sentence pursuant to the Sentencing Guidelines, which are ultimately inapplicable to the offense. The Court can impose any sentence authorized by law on a petty offense conviction without detaining the defendant to sentence him on other matters. *See* U.S.S.G. § 1B1.9, n1,2. Accordingly, 18 U.S.C. § 3143(a)(2) does not and cannot guide the decision of a trial court to detain a defendant pending imposition of a sentence on a petty offense. Doing so would be in violation of Defendant's Due Process rights.

In this case, Mr. DaSilva was found Guilty of a petty offense, in addition to other misdemeanor and felony offenses, on July 19, 2023. His case was then continued to October 12, 2023, for the completion of a presentence investigation and report pursuant to the Sentencing Guidelines.[1] The continuance for the presentence investigation and report, however, was for Counts One through Five of conviction; the presentence report bears but tangentially on a petty offense. *See* U.S.S.G. § 1B1.9, n1,2.

This Court has the authority to sentence the defendant on all matters together, or to sentence the defendant on a petty offense independent of other counts of conviction. Of course, for the sake of judicial economy, it makes sense to sentence the defendant to all offenses at once.

---

[1] Mr. DaSilva has been compliant with the presentence investigation and has already completed the presentence interview, along with providing all of the requested forms. He has even initiated the process of attempting to pay forward the expected restitution that the Government will be requesting. *See* ECF No. 94.

That does not mean, however, that the defendant can be detained for purposes of imposition of sentence for a petty offense under 18 U.S.C. § 3143(a)(2) since the detention, in this case, is for the purpose of completing a presentence investigation and report for the other counts of conviction— ones which do not quality as "a crime of violence" pursuant to 18 U.S.C. § 3142(f)(1)(A).

For these reasons, 18 U.S.C. § 3143 does not and cannot direct this Court to detain a defendant on a petty offense. The Court can choose to either continue the date of sentencing for a petty offense to a date on which the Defendant is being sentenced for other offenses, or, the Court can choose to sentence the Defendant on the petty offense immediately and/or independent of other counts of conviction. For purposes of 18 U.S.C. § 3143, Mr. DaSilva cannot be detained based on the sole justification that a petty offense might qualify as "a crime of violence."

A secondary issue this Court may need to decide — whether 40 U.S.C. §5104(e)(2)(F) is an "offense" that indeed qualifies as "a crime of violence" pursuant to 18 U.S.C. § 3142(f)(1)(A), and which, upon conviction, and when a defendant "is awaiting imposition or execution of sentence," requires detention under 18 U.S.C. § 3143(a)(2). The answer is no.

The definitions for Chapter 207 of the U.S. Code, the authoritative legislation on this issue, are found in 18 U.S.C. § 3156. The term "offense" is defined twice:

> the term "offense" means any criminal offense, other than an offense triable by court-martial, military commission, provost court, or other military tribunal, which is in violation of an Act of Congress and is triable in any court established by Act of Congress…

18 U.S.C. § 3156(a)(2) (definitions for sections 3141–3150), and,

> the term "offense" means any Federal criminal offense which is in violation of any Act of Congress and is triable by any court established by Act of Congress (other than a Class B

>or C misdemeanor or an infraction, or an offense triable by court-martial, military commission, provost court, or other military tribunal)…

18 U.S.C. § 3156(b)(2) (definitions for sections 3152–3155).

The definition of "offense" for sections 3152–3155 specifically excludes petty offenses. Comparatively, the definition of "offense" for sections 3141–3150, appears to include petty offenses. The secondary, inclusive definition, applies to 18 U.S.C. § 3142 and § 3143.

The term "a crime of violence" is defined in § 3156, which states that "a crime of violence" is "an offense that has as an element of the offense the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 3156(a)(4)(A). The term "crime of violence" is also defined independently in the U.S. Code: "an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 16(a). The term "crime of violence," therefore, does not change throughout the U.S. Code, at least not in the portions germane to the issue at hand.

However — confusion arises when considering the definition of "a crime of violence" using the term "offense." When a crime of violence is defined in § 3156 and uses the term "offense," which definition of "offense" applies, the definition for sections 3152–3155, which specifically excludes petty offenses, or the definition for sections 3141–3150, which includes all misdemeanors? Both definitions of offense exclude Section 3156. An argument can be made that 18 U.S.C. § 3156(a)(4)(A) is specifically applicable to sections 3141–3150, and therefore the definition of offense for sections 3141–3150 should apply to it. But this is not clear, since 18 U.S.C. § 3156(a) only says "*As used in* sections 3141–3150 of this chapter… the term 'offense' means," and this phrasing specifically excludes this word when they are not used in those code sections. Indeed, this same code section goes on to explain that the word "offense" when used in

other code sections, means something other than what it means when it is used in sections 3141–3150. *See* 18 U.S.C. § 3156(b)(2). And, **the word "offense" as used in § 3156 is *not* from sections 3141–3150**.

The circular definitions and the shifting definition of the term "offense" are unclear in the context of whether a petty offense is "a crime of violence" as used in § 3143 and is defined in § 3156. Such statutory confusion is resolved through lenity and in favor of the Defendant's interpretation, which is that a petty offense cannot be a crime of violence for purposes of § 3143(a)(2). See *United States v. Santos*, 128 S. Ct. 2020, 2025 (2008) ("The rule of lenity requires ambiguous criminal laws to be interpreted in favor of the defendants subjected to them… no citizen should be …. subjected to punishment that is not clearly prescribed").

A defendant cannot be detained for the imposition of a sentence on a petty offense.

Respectfully submitted,
By Counsel:

_____/s/_____
Marina Medvin, Esq.
*Counsel for Defendant*
MEDVIN LAW PLC
916 Prince Street
Alexandria, Virginia 22314
Tel:  888.886.4127
Email: contact@medvinlaw.com

**CERTIFICATE OF SERVICE FOR CM/ECF**

I hereby certify that on July 26, 2023, I will electronically file the foregoing with the Clerk of the Court for the United States District Court for the District of Columbia by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users, and that service will be accomplished by the CM/ECF system.

_____/s/_____
Marina Medvin, Esq.