UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | Case No. 1:21-cr-564 (CJN) |
| | : | |
| **MATTHEW DASILVA,** | : | July 26, 2023 |
| **Defendant.** | : | |

## GOVERNMENT'S RESPONSE TO COURT'S ORDER, DOC. 95

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully files this response to the Court's Order, Doc. 95.

### I.    Background

The trial in this matter commenced on July 17, 2023, and concluded on July 19, 2021. On July 19, the Court issued its verdict, finding the defendant guilty of Count 1 (Civil Disorder), Count 2 (Assault on a Federal Officer), Count 3 (Entering and Remaining on Restricted Grounds), Count 4 (Disorderly and Disruptive Conduct on Restricted Grounds), Count 5 (Physical Violence on Restricted Grounds), and Count 7 (Physical Violence on Capitol Grounds). The Court acquitted the defendant of Count 6 (Disorderly and Disruptive Conduct on Capitol Grounds).

Following the Court's verdict, the government orally moved for mandatory detention of the defendant pursuant to 18 U.S.C. §§ 3143(a)(2) and 3142(f)(1)(A), based on the defendant's conviction on Count 5, for committing an Act of Physical Violence within Restricted Grounds, in violation of 18 U.S.C. § 1752(a)(4). *See United States v. Harris*, 21-cr-189 (CJN), Doc. 75, Order for Post-Conviction Detention, Doc. 75. Defense counsel opposed the government's oral motion but acknowledged that the defendant did not have any legal arguments in opposition to the Court's finding in *Harris* that a violation of § 1752(a)(4) is a crime of violence within the meaning of § 3142(f). Absent a legal argument to the contrary, the Court ordered the defendant detained

pending sentencing. *See* 7/19/23 Minute Entry. Over the government's objection, the Court delayed the execution of that detention order until July 26, 2023, at noon, in the defendant's home jurisdiction to allow the defendant to return home to Texas from the trial in Washington, D.C. *See* 7/20/23 Order, Doc. 86. The government sought electronic monitoring of the defendant in the interim period, which the Court granted. *See id.*

Between July 21 and July 24, the defendant filed a Motion for Acquittal Pursuant to Rule 29(a), Doc. 88, and a Motion to Modify Detention Order, Doc. 89. The government filed a combined response in opposition to these filings on July 24, Doc. 91. The defendant also filed a Supplemental Argument regarding the Motion for Acquittal, Doc. 90; a Reply to the Government's Response, Doc. 92; and a Motion for Acquittal Pursuant to Rule 29(c), Doc. 93.

On July 25, the Court ordered the parties to "each file a brief of no more than five pages addressing whether the Defendant's conviction on Count Seven, Act of Physical Violence in the Capitol Grounds or Buildings, triggers mandatory detention pending sentencing under 18 U.S.C. § 3143(a)(2)." Doc. 95. In addition, the Court delayed the deadline for the defendant to self-surrender in his home jurisdiction until Friday, July 28, 2023. *Id.*

## II.  Analysis

As explained more fully below, the defendant's conviction on Count Seven, Act of Physical Violence in the Capitol Grounds or Buildings, is a crime of violence as defined by 18 U.S.C. § 3156, and does trigger mandatory detention pending sentencing under 18 U.S.C. § 3143(a)(2).

Under 18 U.S.C. § 3143(a)(2), "the judicial officer *shall* order that a person found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142." (emphasis added). Section 3142(f)(1)(A) includes cases that involve "a crime of violence, a violation of section 1591, or an offense listed in § 2332b(g)(5)(B) for which a maximum term of

imprisonment of 10 years or more is prescribed[.]" A crime of violence, as referenced in § 3142(f)(1)(A), in turn, is defined by § 3156(a)(4) as:

> *(A) an offense that has as an element of the offense the use, attempted use, or threatened use of physical force against the person or property of another;*
>
> (B) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense; or
>
> (C) any felony under chapter 77, 109A, 110, or 117[.]

§ 3156(a)(4) (emphasis added). Thus, the question for the Court is whether § 5104(e)(2)(F) has as an element of the offense, at least, the attempted or threatened use of physical force against a person or property.[1]

The clear answer is yes, § 5104(e)(2)(F) includes as an element of the offense the threatened use of physical force against a person or property and therefore is a crime of violence. The statute penalizes "engag[ing] in an act of physical violence in the Grounds or any of the Capitol Buildings." 40 U.S.C. § 5104(e)(2)(F). Section 5104(a)(1) then defines an "act of physical violence" as "any act involving – (A) an assault or other infliction or threat of infliction of death or bodily harm on an individual; or (B) damage to, or destruction of, real or personal property." Based on the plain text of § 5104's definition of physical violence, the most minimal conduct required would be a "threat of infliction of bodily harm." Section 3156(a)(4) also captures "threatened use of physical force." In addition, although § 5104(e)(2)(F) does not specify that the act of physical violence must be committed against a person or property, as required by

---

[1] *See United States v. Klein*, 533 F. Supp. 3d 1, 9 (D.D.C. 2021) (quoting *United States v. Moore*, 149 F. Supp. 3d 177, 179 (D.D.C. 2016)) ("To determine if a charged offense qualifies as a 'crime of violence,' a court generally applies a categorical approach, meaning that the court assesses 'how the law defines the offense and not ... how an individual offender might have committed it on a particular occasion.'").

3

§ 3156(a)(4); § 5104(a)(1)'s definition of "act of physical violence" provides this limitation, consistent with the definition in § 3156(a)(4). Thus, the plain text of § 5104(e)(2)(F) indicates that it falls squarely within the definition of a crime of violence under § 3156(a)(4).[2]

Nothing in any of these definition-providing statutes suggests otherwise. As this Court found in *Harris*, the limiting clause under § 3142(f)(1)(A), "for which a maximum term of imprisonment of 10 years or more is prescribed," is "most naturally read" to apply "only to the third category of offenses listed in § 3142(f)(1)(A)–those offenses listed in section 2332b(g)(5)(B)." *See Harris*, 21-cr-189 (CJN), Order, Doc. 75 at 2. Furthermore, a crime of violence, as defined by § 3156, need not be a felony. Under subsection (a)(4) of § 3156, subparts (B) and (C) specify that those provisions relate to felonies—a specification absent from subpart (A). The felony-specification in subparts (B) and (C) strongly indicates that a crime of violence under (A)'s definition is different and need not be a felony.

### III.    Conclusion

Acts of Physical Violence in the Capitol Grounds of Buildings, under 40 U.S.C. § 5104(e)(2)(F) is a crime of violence under the definition supplied by 18 U.S.C. § 3156(a)(4)(A) and imported into §§ 3142(f)(1)(A) and 3143(a)(2).

Thus, as with his conviction under Count Five, Act of Physical Violence in a Restricted Area, in violation of 18 U.S.C. § 1752(a)(4), the defendant's conviction on Count Seven, Act of Physical Violence in the Capitol Grounds or Buildings, in violation of 40 U.S.C. § 5104(e)(2)(F), triggers mandatory detention under 18 U.S.C. § 3143(a)(2). Accordingly, the government

---

[2] *Cf. United States v. Slye*, No. 1:22-MJ-144, 2022 WL 9728732 at *3 (W.D. Pa. Oct. 6, 2022) (opining that among charges for violations of 18 U.S.C. §§ 111(a), 231(a)(3), 1752(a)(1), (2), and (4), and 40 U.S.C. §§ 5104(e)(2)(D), (F), and (G), "*many* are crimes of violence" in the context of a defendant's motion for reconsideration of a firearms-prohibition as a condition of pretrial release) (emphasis added)).

respectfully renews its oral motion for detention made at the Court's verdict and renews its objection to any further delay of the defendant's detention.

                                              Respectfully submitted,

                                              MATTHEW M. GRAVES
                                            United States Attorney

By:    /s/ *Katherine E. Boyles*
        Katherine E. Boyles
        Assistant U.S. Attorney
        D. Conn. Fed. Bar No. PHV20325
        Phone: 203-931-5088
        Email: Katherine.Boyles@usdoj.gov

        /s/ *Eric W. Boylan*
        Eric W. Boylan
        Assistant U.S. Attorney
        Texas Bar No. 24105519
        Phone: 202-815-8608
        Email: Eric.Boylan@usdoj.gov

        United States Attorney's Office
        601 D Street NW
        Washington, D.C. 20001