UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

v.

MATTHEW DASILVA,

        *Defendant.*

Criminal Action No. 1:21-cr-00564 (CJN)

**ORDER FOR POST-CONVICTION DETENTION**

    Before the Court is Defendant Matthew DaSilva's Motion to Modify the Detention Order, ECF No. 89.  The Parties have briefed whether DaSilva's convictions on Count Five, 18 U.S.C. § 1752(a)(4), and Count Seven, 40 U.S.C. § 5104(e)(2)(F), trigger mandatory detention pending sentencing under 18 U.S.C. § 3143(a)(2).  For both counts, the answer is yes.

    As the Court previously held, a violation of § 1752(a)(4) qualifies as a crime of violence under 18 U.S.C. § 3142(f)(1)(A), thereby triggering mandatory detention under § 3143(a)(2).  *See United States v. Harris*, 21-cr-189 (CJN), ECF No. 75.  DaSilva nonetheless contends that detention is not required here because "there is a substantial likelihood that a motion for acquittal or new trial will be granted."  *See* § 3143(a)(2)(A)(i).  The Court disagrees; at this juncture, the Court cannot conclude that there is a "substantial likelihood" of acquittal or new trial on Count Five or any other count of conviction.

    DaSilva's conviction on Count Seven supplies an independent basis for mandatory detention.  The Court disagrees with DaSilva's argument that § 3143(a)(2) excludes petty offenses.

1

That provision, together with § 3142(f)(1)(A), requires detention pending sentencing for persons found guilty of "a crime of violence"; it does not exclude petty offenses. And the Court is not convinced that the definition of "crime of violence," as used in 18 U.S.C. § 3156, excludes petty offenses or, at the very least, is sufficiently ambiguous to justify resort to the rule of lenity.

Finally, the Court is not persuaded that home confinement satisfies § 3143(a)(2)'s requirement of mandatory detention. DaSilva cites no case law to support this proposition, and the Court has found none.

Accordingly, it is

**ORDERED** that Defendant's Motion to Modify the Detention Order, ECF No. 89, is **DENIED**; and it is further

**ORDERED** that, by July 28, 2023, at 12:00 PM, Defendant shall self-surrender to the U.S. Marshals Service in the Eastern District of Texas, located at 7940 Preston Rd., Unit 101, Plano, TX 75024.

DATE: July 27, 2023

CARL J. NICHOLS
United States District Judge