UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** )<br>)<br>v.    )<br>)<br>**MATTHEW DASILVA,** )<br>)<br>D<small>EFENDANT</small>.   )<br>) | C<small>RIMINAL</small> C<small>ASE</small> N<small>O</small>: 1:21-<small>CR</small>-00564 |

### D<small>EFENDANT</small>'<small>S</small> R<small>EPLY TO</small> G<small>OV</small>'<small>T</small> O<small>PPOSITION TO</small> D<small>EFENDANT</small>'<small>S</small> M<small>OTIONS FOR</small> A<small>CQUITTAL</small>

## I) *Knowingly* in 18 U.S.C. § 1752

In 18 U.S.C. § 1752, Congress used the adverb "knowingly" to introduce clauses of forbidden behaviors related to restricted buildings and grounds.



The bench instruction for Mr. DaSilva tracked the language of the statute — asking for the application of the *mens rea* adverb *knowingly* to the entirety of the conduct proscribed. *See* ECF No. 76, *10-14. The "defendant did so knowingly" is the second element of each instruction for a violation of a § 1752 offense, and it is an independent element that applies the entirety of the preceding element that it references.



The Government takes the position that the second element of each § 1752 instruction should not be read to apply to the entirety of the first element in the instruction, and instead be read to only apply to a portion of the first element. The defendant, in contrast, is asking this court to apply the natural reading of the laws and the natural reading of the bench instructions — to apply the instructions' *mens rea* element that "the defendant did so knowingly" to everything outlined in the first element of each § 1752 instruction. Stated differently, the defendant is asking to apply the adverb "knowingly" in the first element of § 1752 to modify each of the prohibited acts that follow the adverb, which this court listed as the first element of each instruction. *See also United States v. Arrington*, 309 F.3d 40 (D.C. Cir. 2002) (the adverb in the first element of § 111(a) modifies each of the prohibited acts specified in the second element); *see also Duncan* v. *Walker,* 533 U. S. 167 (2001).

This Court also correctly defined the term "restricted building or grounds" as "any posted, cordoned off, or otherwise restricted area of a building or grounds where a person protected by the Secret Service is or will be temporarily visiting."

The Government is wrong to state that the defendant is seeking a different instruction. To the contrary, Defendant seeks to enforce the instruction exactly as it is written.

In *United States v. Bingert*, et. al., Case No. 1:21-cr-00091-RCL, ECF No. 163 (D.D.C. May 18, 2023), Judge Lamberth applied the natural reading of the statute. Judge Lamberth's reading is consistent with the instruction given by this Court.

Judge Lamberth simply made it clear that the government cannot choose to separate out one portion of the "restricted building or grounds" definition from the rest of the words that follow; the Government cannot choose to prove only a select portion of the "restricted building or grounds" definition — it must prove it all. "[T]o prove that defendants 'knowingly' committed the relevant acts in a 'restricted building or grounds' for purposes of [counts under 18 U.S.C. § 1752], the government must prove not only that the defendants knew they were in a 'posted, cordoned off, or otherwise restricted area,' but also that they knew that it was such an area 'of a building or grounds where the President or other person protected by the Secret Service is or will be temporarily visiting.'" *United States v. Bingert*, et. al., Case No. 1:21-cr-00091-RCL, ECF No. 163 (D.D.C. May 18, 2023). Judge Lamberth isn't doing anything revolutionary, he is simply implying that we cannot stop reading the definition of "restricted building or grounds" at the word "area" because there is no period there; that sentence goes on to say, without any punctuation or separation, "of a building or grounds where the President or other person protected by the Secret Service is or will be temporarily visiting."

There is no instruction in Mr. DaSilva's case that allows the Government to choose which portion of the "restricted building or grounds" definition the Government may prove; the definitions are all-encompassing. There is no limiting instruction in Mr. DaSilva case that allows the Government to only prove that the defendant knew he was in a "posted, cordoned off, or otherwise restricted area," and to exclude applying the knowing element to the second portion of the definition of "restricted building or grounds," contrary to the Government's assertions in ECF No. 102. The term "restricted building or grounds" is defined in the *DaSilva* bench instructions, in its entirety, three times— with each iteration noting that the definition of "restricted building or grounds" encompasses a "posted, cordoned off, or otherwise restricted area of a building or grounds where the President or other person protected by the Secret Service is or will be temporarily visiting." *See* ECF No. 76 at *10-14. The words "area" and "of" are not separated from one another. While we may discuss these as two separate components, they are nonetheless but one inseparable concept — a restricted area where a person protected by the Secret Service is or will be temporarily visiting. Per the instructions in this case, the Government must prove that the defendant acted knowingly with respect to that element in its entirety. Mr. DaSilva is asking for the Government to be held to the full burden of proof.

The Government's extensive arguments about a statutory construction that excludes the application of the *mens rea* term *knowingly* do not apply in this particular case because this case is about parsing a definition into two, not the applicable term itself, and this Court has already applied the term *knowingly* to the entirety of the prohibited conduct in the instructions. What the Government is arguing for is a different set of bench instructions. But the bench instructions in *United States v. DaSilva* already apply the term *knowingly* to "restricted building or grounds."

The Government's arguments really indicate that they wish that *knowingly* did not apply to "restricted buildings or grounds." But alas, the bench instructions in this case already hold that it does.

Stated from a different perspective, the Defendant seeks enforcement of the bench instructions precisely as they are written, while the Government seeks a limitation and alteration of the bench instruction, where the definition of "restricted building or grounds" includes only the part about a "posted, cordoned off, or otherwise restricted area" and excludes the part about "where a person protected by the Secret Service is or will be temporarily visiting." In essence, the Government is asking this court to apply a limiting instruction where there is none, or to employ a limiting construction without an instruction allowing the court to do so.

At the end of the day, the Government simply did not present evidence that the acts prohibited under § 1752 occurred *knowingly* "in a restricted building or grounds," which means occurred *knowingly* in "any posted, cordoned off, or otherwise restricted area of a building or grounds where a person protected by the Secret Service is or will be temporarily visiting." The Government presented no evidence that the defendant knew the building or grounds is of the type where a person protected by the Secret Service is or will be temporarily visiting.

The Government did not present the requisite evidence and the Court, acting as factfinder, did not have a basis on which to make such a conclusion. The Government does not dispute this absence of evidence. Accordingly, Counts Three, Four, and Five should be issued a judgment of acquittal because any conclusion on this element is entirely speculative. *See Cooper v. United States*, 218 F.2d 39, 41 (D.C. Cir. 1954) (a judgment of conviction was set aside

because a factfinder was permitted to "speculate without evidence adequate in law" and in the "total absence of any semblance of direct proof").

## II. *Otherwise Restricted* in § 1752

As the defendant argued in prior filings, the statute's plain text requires a similar type of visible and physical restriction to one of posting or cordoning off — something that physically and objectively defines a perimeter or its boundaries as restricted. The Government does not contest this definition and instead concentrates on the facts of the case as constituting the requisite perimeter.

The Government discusses the various restrictions that were in place at the start of the day on January 6 and acknowledges that the crowd interfered with the restrictions. As defense exhibits revealed, the various outer fencing restrictions were taken down hours before Mr. DaSilva's arrival. Even the bike racks close to the Capitol Building itself were taken down before Mr. DaSilva's arrival. The video of the time period around 2:30 PM that the Government references for the last physical restriction being removed, happened at the length of *an entire crowd of people* before Mr. DaSilva made his way to that area — with maybe 100 or so people being ahead of him. As the FBI agent testified on cross-examination, one could not know what Mr. DaSilva was seeing from his ground perspective in a crowd. There is no evidence establishing that Mr. DaSilva observed any of the physical restrictions that were taken down prior to his arrival in those areas. There is not a single photo or video of Mr. DaSilva standing next to a physical restriction, be it erect or fallen.

Therefore, the Government relies on Mr. DaSilva's presence in front of the officers at the tunnel entry. But the problem that the Government has for Counts Three and Five is that the prohibited acts must take place *in* a restricted building or grounds — *in*. *Cf.* Count Four (prohibiting "conduct in, or in proximity to, any restricted building or grounds.")

*In* does not mean outside of, nor in proximity to. *In* means within, or inside of — a preposition expressing a relation of presence — "inclosed or surrounded by limits." *See In*, Black's Law Dictionary (4th ed. 1968).

For purposes of the line-of-officers restriction argument, Mr. DaSilva's interaction with the officers happens outside of the perimeter, not within it. Count Three would require Mr. DaSilva to enter or remain *in* the area being restricted by the officers. This would require for Mr. DaSilva to get past the officers establishing that perimeter. That did not happen. Similarly, Count Five would require an act of physical violence to have taken place *within* the restricted area as well — again this did not happen; Mr. DaSilva's interaction with the officers was *outside* of the perimeter they were guarding. The Government simply did not prove that the defendant committed the proscribed offenses *in* a restricted perimeter for Counts Three and Five.

The Government can technically proceed under the line-of-officers physical restriction argument for Count Four, under the "in proximity to" theory that is unique to Count Four. However, Count Four still fails to have been committed *knowingly*, as argued in Section I, *supra*.

### III. Resting on Prior Pleadings

The defendant rests on the arguments made in his prior pleadings — ECF No. 88, 90, 92, and 93— in response to the Government's other contentions in ECF No. 102.

**IV. Request for Acquittal**

The defendant respectfully requests aquittal on Counts Two through Five and on Count Seven.

Respectfully submitted,

By Counsel:

_____/s/_____
Marina Medvin, Esq.
*Counsel for Defendant*
MEDVIN LAW PLC
916 Prince Street
Alexandria, Virginia 22314
Tel:  888.886.4127
Email: contact@medvinlaw.com

**CERTIFICATE OF SERVICE FOR CM/ECF**

I hereby certify that on September 5, 2023, I will electronically file the foregoing with the Clerk of the Court for the United States District Court for the District of Columbia by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users, and that service will be accomplished by the CM/ECF system.

_____/s/_____
Marina Medvin, Esq.