UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Case No. 1:21-cr-564 (CJN) |
| : | |
| MATTHEW DASILVA, : | |
| Defendant. : | |

**GOVERNMENT'S REPLY IN SUPPORT
OF ITS RENEWED BRIEF IN OPPOSITION TO THE DEFENDANT'S
MOTIONS FOR JUDGMENT OF ACQUITTAL ON COUNTS 3, 4, and 5**

The United States, by and through its attorney, respectfully files this reply in support of its renewed response in opposition to Defendant Matthew DaSilva's various motions for acquittal. The defendant's motions should be denied for all of the reasons explained in the government's Renewed Response, Doc. 113, and the government's prior response, Doc. 102.

To begin, the government is aware of this Court's adverse decision in *United States v. Elizalde*, 23-cr-170-CJN, Doc. 39, and respectfully objects to the Court's interpretation of 18 U.S.C. § 1752 in that case. In light of *Elizalde*, the government assumes for the purposes of this brief, but in no way concedes, that § 1752 requires evidence that the defendant was aware of the former Vice President's presence at the Capitol on January 6, 2021.

*First*, even if the legal instructions here encompassed the Court's new understanding of § 1752 (as the defendant argues), there is sufficient evidence in the record to sustain the defendant's convictions under § 1752 under the Rule 29 standard. At this stage, the Court must consider the evidence "in the light most favorable to the government" to determine if "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Shi*, 991 F.3d 198, 205 (D.C. Cir. 2021) (citations omitted) (emphasis in original). Only when there is "*no evidence* upon which a reasonable mind might fairly conclude guilt beyond

a reasonable doubt" should a verdict be overturned. *United States v. Watkins*, 519 F.2d 294, 297 (D.C. Cir. 1975) (emphasis added).

Here, there was sufficient evidence in the record from which a rational factfinder could conclude that the defendant was aware that the former Vice President was present at the Capitol on January 6, 2021. *See generally*, Gov't Renewed Resp., Doc. 113 at 22-28. The evidence at trial showed that the defendant joined a riotous and violent mob intent on breaching several police lines on the west front of the Capitol Building while Congress and the Vice President attempted to certify the 2020 Presidential Election. And the defendant remained as an active participant in the violent mob for *hours*, over the course of which he heard chants of "Hang Mike Pence" and saw signs encouraging all to "Stop the Steal." The defendant was no innocent bystander without a clue as to the objectives of his co-rioters; he joined this mob while wearing a Japanese language "MAGA" hat and carrying a pro-Trump flag. The defendant then assaulted a line of officers protecting a direct entrance into the Capitol Building. Given the context of his conduct, there was sufficient evidence for a rational factfinder to conclude that the defendant was aware that the former Vice President would be temporarily at the Capitol on January 6.

*Second*, despite the defendant's framing of the issue in his motions, the defendant's complaints about his § 1752 convictions are properly understood as a belated challenge to the legal instructions in this case. As the Court observed at oral argument, "this is really new to all of us." OA Tr. 45:13-14; *see also id.* at 16:16-18 (Court: "[I]t is the case that this question is new."). No one in this case understood either the statute or the Court's legal instructions to require the proof that the defendant now demands.[1] By claiming otherwise, the defendant engages in revisionist

---

[1] The defendant's claim regarding the general awareness of Judge Lamberth's ruling, *see* Doc. 114 at 10, is unavailing. Judge Lamberth's decision was a non-published unexplained decision and not binding on this Court. Regardless, to the extent the defendant is implying that undersigned counsel

2

history to suggest that the legal instructions in this case have always encompassed the Court's new understanding of § 1752. *See United States v. Reynoso*, 38 F.4th 1083, 1090-91 (D.C. Cir. 2022) ("Reynoso attempts to cast the district court's instructional error under *Rehaif* as an insufficiency-of-the-evidence error, but that type of claim is unavailable here. … No participant in Reynoso's trial—neither the trial judge, the prosecution, the jury, nor Reynoso himself—recognized knowledge of felon status as an element the government needed to prove. In that situation, a sufficiency claim is a non sequitur.").

*Third*, given that the Court's recently announced interpretation of § 1752 is "new," the Court need only review its legal instruction for plain error, and any hypothetical error here was not plain. *See United States v. Hale-Cusanelli,* 628 F. Supp. 3d 320, 329 (D.D.C. 2022) (holding that post-verdict review of unobjected-to jury instructions must be conducted for plain error) (citing Fed. R. Crim. P. 30(d)); *see also United States v. Khatallah*, 41 F.4th 608, 627-628 (D.C. Cir. 2022), cert. denied, 143 S. Ct. 2667 (2023). This Court's decision in *Elizalde* is the first reasoned decision in this district so holding, so any error in the legal instructions was not "so obvious" that "the court should have intervened *sua sponte*." *United States v. Weaver*, 281 F.3d 228, 232 (D.D.C. 2002). More, by failing to respond to the government's arguments regarding the proper standard of review for reviewing an un-objected to legal instruction, the defendant has effectively conceded this point. The Court's directive in this round of briefing was to engage with the series of hypotheticals raised at oral argument, and the defendant has refused to do so.

*Fourth*, even if the Court's legal instructions included a plain error, the defendant has also effectively conceded that the appropriate remedy for a trial error is a new trial. But, the defendant

---

was not forthcoming with the Court, the undersigned counsels were unaware of Judge Lamberth's ruling at the time this trial occurred.

has again expressly disclaimed any interest in a new trial at this stage. *See* Doc. 114 at 7 ("The defense has not claimed error at trial or requested a new trial. This was made clear in all Defense filings and at the oral hearing. The Defendant has not sought a Rule 33 motion for a new trial."). Accordingly, even if the Court were to conclude that there was legal error at trial, the Court is without authority to order a new trial at this time. *See* Doc. 113 at 37-40.

For all the foregoing reasons, and the reasons articulated in the government's prior responses, the government respectfully requests that the Court deny DaSilva's Motions for Acquittal in all respects.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney

By:   /s/ *Katherine E. Boyles*
Katherine E. Boyles
Assistant U.S. Attorney
D. Conn. Fed. Bar No. PHV20325
United States Attorney's Office
601 D Street NW
Washington, D.C. 20001
Phone: 203-931-5088
Email: Katherine.Boyles@usdoj.gov

/s/ *Eric W. Boylan*
Eric W. Boylan
Assistant U.S. Attorney
Texas Bar No. 24105519
United States Attorney's Office
601 D Street NW
Washington, D.C. 20001
Phone: 202-815-8608
Email: Eric.Boylan@usdoj.gov