UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Case No. 1:21-cr-564 (CJN) |
| : | |
| MATTHEW DASILVA, : | |
| Defendant. : | |

## GOVERNMENT'S RESPONSE TO COURT'S ORDER

The United States of America files this brief in response to the Court's 12/20/23 Minute Order directing the government to file a brief addressing whether the Court can reconsider its guilty verdicts on Counts 3, 4, and 5, "particularly in light of the position the government has appeared to take in other cases, where reconsideration favored the prosecution. *See* Brief of Amicus Curiae United States in Support of Respondent at 12-15, *Smith v. Massachusetts*, 543 U.S. 462 (No. 03-8661)[.]" 12/20/23 Minute Order.

*First*, it is not clear that the Court has the authority to reconsider its verdict. *Smith* involved a trial court's reconsideration of a mid-trial acquittal. The United States argued that reconsideration was proper there based on "the recognition that the trial context is highly fluid and frequently compels the court to rule without the benefit of adequate deliberation." *Smith* Brief at 13. The Supreme Court disagreed and held that the trial court's mid-trial acquittal was a final ruling, not subject to revision. *See Smith*, 543 U.S. at 473 ("If, after a facially unqualified midtrial dismissal of one count, the trial has proceeded to the defendant's introduction of evidence, the acquittal must be treated as final, unless the availability of reconsideration has been plainly established by pre-existing rule or case authority expressly applicable to midtrial rulings on the sufficiency of the evidence."). Thus, regardless of the position it took in *Smith*, the government is now bound by the Supreme Court's decision in that case.

Moreover, in contrast to the facts at issue in *Smith*, this Court's bench verdict was not a hastily considered, mid-trial ruling. The Court issued its lengthy verdict, including substantial reasoning, the day after the close of evidence and several hours after closing arguments. If a jury were to return a guilty verdict and the court subsequently determined that it had instructed the jury incorrectly, the court would not recall the jury, reopen the verdict, and ask the jury to deliberate again based on new jury instructions. It is unclear why that approach would be appropriate in a bench trial where it plainly would not apply in a jury trial.[1]

Though the case is not precisely on point, *Carlisle v. United States*, 517 U.S. 416 (1996) provides helpful guidance. There, the defendant moved for judgment of acquittal one day later than the rules at the time permitted, and the trial judge denied the motion both on the merits and as untimely. *Id.* at 418. At sentencing, the trial court reversed course and entered a judgment of acquittal. *Id.* The Supreme Court held this was improper. *Id.* at 433. In so ruling, the Court rejected the defendant's arguments that Federal Rule of Criminal Procedure 2 "vests the court with the supervisory power to enter judgment of acquittal" and that the trial court's "inherent supervisory power" provided such authority. *See id.* at 420-28. The Court explained: "Whatever the scope of this 'inherent power,' . . . it does not include the power to develop rules that circumvent or conflict with the Federal Rules of Criminal Procedure." *Id.* at 426. Relevant here, the government is unaware of any Rule of Criminal Procedure that would allow a district court to reopen a guilty verdict entered at the conclusion of a bench trial.

---

[1] *See People v. Maharaj*, 679 N.E.2d 631, 657 (N.Y. 1997) ("Simply because the court was acting as both fact finder and Judge of the law does not allow for a result different from that dictated when a court presiding over a jury trial [made a legal error]. . . . After formal rendition of a verdict at a bench trial, a trial court lacks authority to reweigh the factual evidence and reconsider the verdict.") (citations omitted).

When the government attempted to find cases in which a trial court had vacated or reconsidered its own bench verdict following a contested criminal trial, there was scant authority confirming that this procedure is permissible. Indeed, some state appellate courts have expressly prohibited such a procedure.[2] The government located only one federal case, *United States v. Mendoza*, 390 F. Supp. 2d 925 (N.D. Cal. 2005), in which the district court did what the Court here is considering. There, the district court "reconsidered its guilty verdict, vacated its finding of guilty, and dismissed the indictment" in an illegal re-entry case based on an intervening change in circuit law between the original verdict and the dismissal. *See id.* at 928. In the government's appeal of the dismissal, the Ninth Circuit did not directly address the propriety of the district court's reconsideration, because the Ninth Circuit had reheard en banc the case that had purportedly changed the law. *See United States v. Tafoya-Mendoza*, 232 F. App'x 675 (9th Cir. 2007), *as amended on denial of reh'g and reh'g en banc* (Aug. 17, 2007). Accordingly, the Ninth Circuit reversed the district court's decision invalidating the indictment and remanded. *Id.*

The government found a handful of habeas decisions and one court martial case discussing a trial court's ability to reconsider its own guilty verdict. Those cases, however, appear to rest on language in the trial courts' criminal rules authorizing such a procedure. *Compare Rivera v. Sherriff of Cook Cnty*, 162 F.3d 486, 488 (7th Cir. 1998) (recognizing "that in Illinois judges have

---

[2] *See People v. Dobson*, 25 N.Y.S.3d 313, 315 (N.Y. App. Div. 2016) ("A Trial Judge who has rendered a guilty verdict after a nonjury trial has neither inherent power nor statutory authority to reconsider his [or her] factual determination. Although he [or she] may correct clerical or ministerial errors, he [or she] is without authority to reassess the facts and change a guilty verdict to not guilty." (quotations omitted)); *State v. Williams*, 891 So. 2d 26, 30 (La. Ct. App. 2004) ("We conclude that filing a motion for post verdict judgment of acquittal in a bench trial was procedurally improper. Here the trial court had heard the case as the trier of fact and found the defendant guilty of the lesser included offense of sexual battery. Then a few months later without additional evidence, the trial court granted the motion to reconsider verdict and enter verdict of not guilty, vacated the prior guilty verdict, and found the defendant not guilty.").

*three* options following a bench trial: conviction, acquittal, or a new trial (because of legal errors in the first trial, or in the interest of justice)." (emphasis in original)) *with* Fed. R. Crim. P. 33 ("If the case was tried without a jury, the court may take additional testimony and enter a new judgment.").

For example, in *Huss v. Graves*, 252 F.3d 952 (8th Cir. 2001), the Eighth Circuit granted habeas relief where, after a bench trial, the state trial court refused to issue a verdict, declared a mistrial, and ordered a second trial before a jury. *See id.* at 956. At the bench trial, both the defense and the prosecutor argued and presented evidence in favor of a not guilty by reason of insanity verdict. *Id.* at 954. At the subsequent jury trial, the prosecution put on more evidence than it had at the original trial, and the jury convicted. *See id.* In holding that the trial court's procedure was not manifestly necessary and therefore inconsistent with the Double Jeopardy Clause, the Eighth Circuit highlighted that rather than ordering a second trial before a jury, the trial judge could have heard additional evidence: "*Under Iowa law*, moreover, a judge in a bench trial is allowed to reopen the evidence even after the entry of judgment." *Id.* at 956 (citing Iowa R. Crim. P. 23(2)(c)) (emphasis added).

Also noteworthy is *United States v. Cooper*, 35 C.M.R. 294, 1965 WL 4667 (Court of Military Appeals 1965). There, the law officer had indicated that it would give a particular mitigation instruction, and then failed to do so before instructing the court martial. *Id.* at 296. After the guilty verdict, the law officer recalled the court, provided the instruction, and instructed the court to re-consider its findings. *See id.* On appeal, the government argued that the Manual for Courts-Martial permitted this procedure, because the Manual provided that "a 'court may also reconsider any finding of guilty on its own motion at any time before it has first announced the sentence in the case.'" *Id.* at 297. The appellate court reversed, observing that "the Manual

4

provision is not designed as a substitute for declaration of a mistrial." *Id.* In other words, even where the governing rules permitted some degree of reconsideration, wholesale reconsideration of a guilty verdict, outside of the formal grant of a mistrial, was error. *See id.* "There is not the slightest indication that this lack of finality to a verdict of guilty was intended in any way to serve the law officer as a device whereby he might correct earlier instructional omissions through causing reconsideration, nunc pro tunc, of findings which had been earlier announced." *Id.* at 297.

*Second*, *even if* the Court may have some inherent authority to reconsider its bench verdict, reconsideration of the Court's verdict at this time is inappropriate because it would deprive the United States of "one full and fair opportunity to present [its] evidence." *Smith* Brief (quoting *Arizona v. Washington*, 434 U.S. 497, 505 (1978); citing *Schiro v. Farley*, 510 U.S. 222, 230 (1994); *Ohio v. Johnson*, 467 U.S. 493, 501 (1984)). As discussed in the government's prior briefing, the proper remedy to any purported error at this stage is appeal. *See* Gov't Opp, Doc. 113, Sections IV, V, at 28-40.

*Third*, if the Court is inclined to treat its own considered verdict as non-final, logically, the trial cannot be considered final, either. Accordingly, the government would seek to reopen its case to present additional evidence on the defendant's knowledge of the Vice President's presence at the Capitol on January 6, 2021. If the Court is correct about its authority to reconsider its verdict, then reopening the trial proceedings would not violate the Double Jeopardy Clause either. Under the Court's hypothetical procedure raised at oral argument, the defendant will not have been put in jeopardy twice, but rather would be subjected to one, ongoing trial before the same tribunal. *See, e.g., United States v. Rouse*, 111 F.3d 561, 573 (8th Cir. 1997) ("The trial court has broad discretion to allow the prosecution to reopen to establish an element of an offense after the defendant has moved for judgment of acquittal.").

        Respectfully submitted,

        MATTHEW M. GRAVES
        United States Attorney

By:    /s/ *Katherine E. Boyles*
        Katherine E. Boyles
        Assistant U.S. Attorney
        D. Conn. Fed. Bar No. PHV20325
        United States Attorney's Office
        601 D Street NW
        Washington, D.C. 20001
        Phone: 203-931-5088
        Email: Katherine.Boyles@usdoj.gov

        /s/ *Eric W. Boylan*
        Eric W. Boylan
        Assistant U.S. Attorney
        Texas Bar No. 24105519
        United States Attorney's Office
        601 D Street NW
        Washington, D.C. 20001
        Phone: 202-815-8608
        Email: Eric.Boylan@usdoj.gov