# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v.    ) | Criminal Case No: 1:21-cr-00564 |
| ) | |
| **MATTHEW DASILVA,** ) | |
| ) | |
| Defendant. ) | |

## Motion for Release Pending Sentencing

Matthew DaSilva hereby moved for release from custody pending sentencing under 18 U.S.C. § 3143(a)(1), and in support thereof, states as follows:

1. On February 8, 2024, this court reversed the finding of guilt on three counts charged under 18 U.S.C. § 1752 and found Mr. DaSilva not guilty of Counts Three, Four, and Five. *See* ECF No. 118.

2. Mr. DaSilva thus remains guilty of Count One, *Civil Disorder*, Count Two, *Assaulting, Resisting, or Impeding Officers — through the physical contact prong*, and Count Seven, *Act of Physical Violence in the Capitol Grounds*.

3. A new sentencing date has not been set in this matter, and revised Sentencing Guideline re-calculations have not yet been ordered.

4. Mr. DaSilva is currently incarcerated in the DCDOC. He has been incarcerated since July 26, 2023— for 6 months and 2 weeks. *See* ECF No. 86.

5. This Court found that Count Seven is a crime of violence and Mr. DaSilva was ordered detained pursuant to 18 U.S.C. § 3143(a)(2)'s detention requirement for a crime of violence.

6. The statutory maximum penalty for Count Seven is 6 months. Mr. DaSilva has now been incarcerated for 6 months and 2 weeks, more than the statutory maximum for the crime of violence on which he was detained post-trial.

7. Mr. DaSilva's Count One and Count Two convictions are not crimes of violence that require detention pursuant to 18 U.S.C. § 3143(a)(2).

8. In his Sentencing Memorandum, Mr. DaSilva argued that an appropriate sentence, citing comparable conduct cases, is 3 months of incarceration. *See* ECF No. 108. He has now served more than double the sentence that was argued by the defense as sufficient under 18 U.S.C. § 3553(a).

9. To summarize — Matthew DaSilva is a 51-year-old man with no prior criminal history who had been fully compliant with this court's conditions of pretrial release for the duration of two years while his charges were pending. Mr. DaSilva's character is fully explored in his Sentencing Memorandum, which is incorporated by reference herein. *See* ECF No. 108. The Defense relies on the Sentencing Memorandum to be used to determine this motion for pre-sentence release.

10. In order to avoid unjust punishment in violation of 18 U.S.C. § 3553(a), and because this court can find clear and convincing evidence that Mr. DaSilva will not flee and does not pose a danger, Mr. DaSilva should be released pending sentencing.

Respectfully submitted,

By Counsel:

/s/
Marina Medvin, Esq.
*Counsel for Defendant*
MEDVIN LAW PLC
916 Prince Street
Alexandria, Virginia 22314
Tel:  888.886.4127
Email: contact@medvinlaw.com

**CERTIFICATE OF SERVICE FOR CM/ECF**

I hereby certify that on February 9, 2024, I will electronically file the foregoing with the Clerk of the Court for the United States District Court for the District of Columbia by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users, and that service will be accomplished by the CM/ECF system.

/s/
Marina Medvin, Esq.