UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** )<br>)<br>    v.                                                                                  )<br>)<br>**MATTHEW DASILVA,**                                     )<br>)<br>       Defendant.                                                    )<br>                                                                                    ) | Criminal Case No: 1:21-cr-00564<br><br>Sentencing: April 23, 2024 |

**Defendant's Supplemental Memorandum on Disputed Sentencing Factors—
Lesser Included Offense Analysis**

Matthew DaSilva hereby augments his legal arguments for sentencing to assert Double Jeopardy protection under the Fifth Amendment.

In summary, since Mr. DaSilva has already served the maximum sentence for one of his three remaining charges, and because the offense on which he served, 40 U.S.C. § 5104(e)(2)(F), is a lesser included offense of another one of his charges of conviction, 18 U.S.C. § 111(a), a sentence on § 111(a) is precluded by Mr. DaSilva's completed penalty for § 5104(e)(2)(F). The lesser included offense analysis through *Blockburger* is achieved when the jurisdictional elements of the two statutes are set aside, and only the substantive elements of the statutes are compared. Similarly, this analysis yields the finding that 18 U.S.C. § 231(a)(3) is also a lesser included offense of 18 U.S.C. § 111(a) when only the substantive elements of the statutes are compared. As a result, punishment is only permissible for one of these charges.

The defense analysis results in the request that the District Court vacate any count of conviction that is multiplicitous with another. *See Rutledge v. United States*, 517 U.S. 292 (1996)

(an accused cannot be convicted of both a greater offense and a lesser-included offense because "the second conviction, even if it results in no greater sentence, is an impermissible punishment").

Mr. DaSilva hereby presents his analysis.

## I. The Fifth Amendment Precludes Punishment for Both a Lesser Included Offense and a Greater Offense

The Fifth Amendment forbids "cumulative punishment for a greater and lesser included offense." *Brown v. Ohio*, 432 U.S. 161, 169 (1977); *Rutledge v. United States*, 517 U.S. 292 (1996). The prohibition is triggered when "the same act or transaction" is punished by two separate statutes. *Blockburger v. United States*, 284 U.S. 299, 304 (1932). Under *Blockburger*, if two offenses have the same elements, those offenses are the same. *United States v. Dixon*, 509 U.S. 688, 696 (1993). "[W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied . . . is whether each provision requires proof of a fact which the other does not." *Blockburger,* 284 U.S. at 304. If the lesser included offense requires no proof beyond that required for the greater offense, the two are the same offense for purposes of the Double Jeopardy Clause analysis. *See Brown v. Ohio*, 432 U.S. at 169.

## II. Jurisdictional Elements are Distinct from Substantive Elements of an Offense

Only substantive elements of a statute should be compared during a *Blockburger* analysis; jurisdictional elements should be disregarded. *United States v. Gibson*, 820 F.2d 692 (5th Cir. 1987) (holding that jurisdictional elements are excluded during a *Blockburger* analysis

because they have no substantive component); *United States v. Rice*, 80 M.J. 36 (C.A.A.F. 2020) (adopting the holding of *Gibson*). *See also Grafton v. United States*, 206 U.S. 333 (1907) (rejecting the notion that the accused "committed two distinct offenses—one against military law and discipline, the other against the civil law"); *Lewis v. United States*, 523 U.S. 155, 165 (1998) (differentiating between substantive elements and jurisdictional elements); *Torres v. Lynch*, 136 S. Ct. 1619 (2016) (holding that a state crime was an aggravated felony like its federal counterpart, even though it lacked the jurisdictional element). *But see United States v. Hairston*, 64 F.3d 491, 496 (9th Cir. 1995) (declining to adopt the reasoning in *Gibson*); *United States v. Medley*, 972 F.3d 399 (4th Cir. 2020) (same).

The distinction between substantive elements and jurisdictional elements was first discussed by the Supreme Court in *Grafton v. United States*, without the Court using these exact terms. *See Grafton v. United States*, 206 U.S. 333 (1907) (rejecting the notion that the accused "committed two distinct offenses—one against military law and discipline, the other against the civil law").

In 1998, in *Lewis v. United States*, the Supreme Court specifically differentiated between substantive elements and "elements of the crimes reflect jurisdictional, or other technical, considerations, or where differences amount only to those of name, definitional language, or punishment." *Lewis v. United States*, 523 U.S. 155, 165 (1998).

In 2016, in *Torres v. Lynch*, the Supreme Court clearly distinguished between substantive and jurisdictional elements of a federal criminal statute when comparing it to a state statute. *Torres v. Lynch*, 136 S. Ct.

> ignore jurisdictional elements: When the "differences among elements" of the state and federal crimes "reflect jurisdictional, or other technical, considerations" alone, then the state law will have no effect in the area. *Lewis* v. *United States*, 523 U. S. 155, 165 (1998); see also *id.*, at 182 (KENNEDY, J., dissenting) (agreeing that courts should "look beyond . . . jurisdictional elements," and focus only on substantive ones, in determining whether "the elements of the two crimes are the same"). In such a case, we reasoned—just as we do now—that Congress meant for the federal jurisdictional element to be set aside.

1619 (2016) (holding that a state crime was equivalent to its federal counterpart even though it lacked the jurisdictional element). In explaining how courts should approach comparing two statutes, the Supreme Court noted that courts should ignore jurisdictional elements and focus only on substantive elements. *Id*. at 1631.

Most recently, in *Rehaif v. United States*, the Supreme Court ruled that *mens rea* elements do not extend to jurisdictional elements because they "do not describe the 'evil Congress seeks to prevent,'" but instead simply ensure that the Federal Government has the constitutional authority to regulate the defendant's conduct. *Rehaif v. United States*, 139 S. Ct. 2191, 2196 (2019).

Considering these cases as a body of law, the most rational conclusion is the one announced in *United States v. Gibson,* that only substantive elements of a statute should be compared during a *Blockburger* analysis and that jurisdictional elements should be disregarded.

**III. Blockburger Review of the Elements of the Statutes of Conviction**

Matthew DaSilva's remaining Guilty verdicts after a bench trial are 18 U.S.C. § 231(a)(3), 18 U.S.C. § 111(a)(1) under the assault with physical contact prong, and 40 U.S.C. § 5104(e)(2)(F) for assault as the act of physical violence.

    **A) The Civil Disorder Charge**

The charge known colloquially as "civil disorder," 18 U.S.C. § 231(a)(3), consists of a joint *actus reus / mens rea* element, a victim element, and a jurisdictional element. The joint *actus reus / mens rea* element is "any act to obstruct, impede, or interfere with." This portion is then followed by a qualifier that the victim be a fireman or law enforcement officer. Based on the

reasoning in *United States v. Feola*, 420 U.S. 671 (1975) (discussing the victim clause of Section 111 as a jurictional element), the victim portion of the statute might be jurisdictional only. However, the jury instructions for this case suggest that this element may be joint substantive-jurisdictional. *See* ECF No. 76 at *2.

The victim portion is then followed by a wordy jurisdictional-only element — that the fireman or officer be "lawfully engaged in the lawful performance of his official duties" that are being performed "incident to and during the commission of a civil disorder which in any way or degree obstructs, delays, or adversely affects commerce or the movement of any article or commodity in commerce or the conduct or performance of any federally protected function." *See also United States v. Phomma*, 561 F. Supp. 3d 1059, 1065 (D. Or. 2021) (discussing the jurisdictional elements of civil disorder). These elements serve a purely jurisdictional purpose — the defendant need not participate in or have any knowledge of the "civil disorder," nor the nature of the officer's performance of his duties incident thereto, in order to be convicted of the offense. *See* ECF No. 76 at *2; *Torres v. Lynch*, 136 S. Ct. 1619,1631 (2016) ("courts have routinely held that a criminal defendant need not know of a federal crime's interstate commerce connection to be found guilty"); *United States v. Pugh*, 90 F.4th 1318 (11th Cir. 2024) (discussing portions of the civil disorder clause as a jurisdictional-only element).

B) The Felony Assault Charge

18 U.S.C. § 111(a)(1) lists a joint *actus reus / mens rea* element as acts of assault, resistance, opposition, impediment, intimidation, or interference — which must be done forcibly. This portion is followed by the victim qualifier, which the Supreme Court has interpreted as a

jurisdictional element, that states that the victim must be "any person designated in section 1114 of this title" — defined in Section 114 as "any officer or employee of the United States or of any agency in any branch of the United States Government (including any member of the uniformed services)." *See United States v. Feola*, 420 U.S. 671 (1975) (discussing the victim clause of Section 111 as part of the jurisdictional element). This victim-jurisdictional section is then followed by a more typical jurisdictional element —"while such officer or employee is engaged in or on account of the performance of official duties, or any person assisting such an officer or employee in the performance of such duties or on account of that assistance."

### C. Civil Disorder is a Lesser Included Offense of § 111(a)(1)

The joint *actus reus / mens rea* element of 18 U.S.C. § 231(a)(3) is a lesser included offense of the joint *actus reus / mens rea* element under 18 U.S.C. § 111(a)(1). Compare: "any act to obstruct, impede, or interfere with," with the 111(a) acts of assault, resistance, opposition, impediment, intimidation, or interference, each of which must be done forcibly.

The victim elements of both code sections are likely jurisdictional. Still, they can be compared as substantive as well, with the victim elements of § 231(a)(3) being a lesser-included version of § 111(a)(1). Compare: "a fireman or law enforcement officer lawfully engaged in the lawful performance of his official duties" with "any officer or employee of the United States or of any agency in any branch of the United States Government (including any member of the uniformed services) while such officer or employee is engaged in or on account of the performance of official duties, or any person assisting such an officer or employee in the performance of such duties or on account of that assistance." Neither § 231(a)(3) nor § 111(a)(1)

require the defendant to have known that the officer was engaged in the performance of his duties.

The remaining portions of 18 U.S.C. § 231(a)(3) and 18 U.S.C. § 111(a)(1) are purely jurisdictional elements, as discussed above.

### D. The Misdemeanor Act of Physical Violence Charge

40 U.S.C. § 5104(e)(2)(F) punishes the *actus reus* of "engaging in an act of physical violence." The *mens rea* is willfully and knowingly. The jurisdictional element for this code section is "in the Grounds or any of the Capitol Buildings."

An "act of physical violence" is defined in the same statute as "an assault or other infliction or threat of infliction of death or bodily harm on an individual; or damage to, or destruction of, real or personal property." 40 U.S.C. § 5104(a)(1). Mr. DaSilva was found guilty of the assault prong of this definition.

### E. § 5104(a)(1) Assault is a Lesser Included Offense of § 111(a) Assault

Section 111(a) proscribes three offenses: misdemeanor forcible assault, felony forcible assault with physical contact, and, according to this court's decision to agree with Judge Moss' *Cua* Opinion, a separate felony charge that does not require proof of an assault. This Court's findings on July 19, 2023, show that Mr. DaSilva was found guilty of felony forcible assault with physical contact prong under Section 111(a).

Section 5104(a)(1) prohibits assault as well as destruction of property. Mr. DaSilva was found in violation of § 5104(a)(1) for assaultive conduct.

This analysis will focus only on the assaults proscribed under each code section, disregarding the other crimes proscribed under each code section.

The *mens rea* required for § 5104(a)(1) is "willfully and knowingly." The *mens rea* of Section 111(a) is not explicitly written in the statute. Nonetheless, this court found that the *mens rea* required for Section 111(a) is "voluntarily and intentionally." *See* ECF No. 76 at *6; *see also United States v. Connell*, Crim. No. 21-0084 (D.D.C. June 30, 2023); *United States v. GossJankowski*, Crim. No. 21-0123 (D.D.C. Mar. 17, 2023). According to these Supreme Court decisions, the definition of willfulness encompasses intentionality and voluntariness associated with committing an act. *See United States v. Pomponio*, 429 U.S. 10, 12-13 (1976); *Cheek v. United States*, 498 U.S. 192, 201 (1991); *Bryan v. United States*, 524 U.S. 184, 197-99 (1998) (accepting a definition of wilfulness as purposeful and intentional conduct). Accordingly, the *mens rea* elements "willfully and knowingly" and "voluntarily and intentionally" are effectively the same. At a minimum, there is no meaningful distinction between the proof required for the two in the context of assault. *See Bryan v. United States*, 524 U.S. 184, 197-99 (1998) (accepting a definition of wilfulness as purposeful and intentional conduct).

The misdemeanor assault under § 5104(a)(1) requires the *actus reus* of assault, while Section 111(a) has two additional *actus reus* components for the assault: that the assault be done forcibly and that there be physical contact with the victim.

The jurisdictional elements are disregarded for this analysis.

Accordingly, assault under Section 5104(a)(1) is a lesser included offense of assault under § 111(a). *See also Whalen v. United States*, 445 U.S. 684 (1980) ("Congress ordinarily does not intend to punish the same offense under two different statutes").

**IV. Penalty Preclusion on 18 U.S.C. § 111(a)**

A court cannot impose multiple punishments for the same offense. *Brown v. Ohio*, 432 U.S. 161, 165 (1977); *Whalen v. United States*, 445 U.S. 684 (1980). This has long been the law in the United States. In 1873, the Supreme Court ruled that the Fifth Amendment's Double Jeopardy clause forbade multiple punishments for the same offense once a penalty for the offense had been satisfied in full. *Ex parte Lange*, 85 U.S. 163, 173-76 (1873) ("when the prisoner, as in this case, by reason of a valid judgment, had fully suffered one of the alternative punishments to which alone the law subjected him, the power of the court to punish further was gone").

In the case of Mr. DaSilva — who has suffered the penalty on a lesser included charge in full upon conviction for § 5104(a)(1)— can he still be sentenced on the greater included offense, § 111(a)?

In *Short v. United States*, the D.C. Circuit considered an issue of a somewhat similar nature and stated in relevant part:

> The events which constituted the attempted robbery were the same events which led to the conviction of robbery, that is, the attempted robbery was a lesser included offense in the indictment for robbery. It was not an attempt to commit a different robbery. Accordingly, that part of the sentence served under the conviction of robbery, including the imprisonment prior to sentence for want of bail, should be taken into account in calculating the period of imprisonment necessary to equal the maximum sentence imposed for the lesser included offense.

*Short v. United States*, 344 F.2d 550, 556-57 (D.C. Cir. 1965) (holding that a defendant's sentence must consider the total time he served in prison so that it does not exceed the maximum statutory punishment for an offense).

Mr. DaSilva was detained by this court upon conviction under 40 U.S.C. § 5104(e)(2)(F). *See* ECF No. 98. He has already served the maximum statutory penalty for this offense of six months in jail.[1] *See* ECF No. 119. Mr. DaSilva has thus been punished to the full extent of the law for 40 U.S.C. § 5104(e)(2)(F). *See* 40 U.S.C. § 5109(b). Although Mr. DaSilva's time served was not on an *imposed* sentence through a final judgment but instead due to the revocation of pretrial release upon conviction and pursuant to 18 U.S.C. § 3143, his time served must nonetheless be considered as (1) punishment already exacted, (2) imprisonment in connection with a conviction, and (3) he receives full credit for his time of incarceration. *See* 18 U.S.C § 3585(b); 18 U.S. Code § 3624(a); *Mont v. United States*, 139 S. Ct. 1826 (2019); *North Carolina v. Pearce*, 395 U.S. 711, 718 (1969); *Sell v. United States,* 539 U.S. 166, 186 (2003)(discussing, in dicta, the importance of Courts considering time already served in confinement in connection to a crime due to the credit that is due for that time); *Short v. United States*, 344 F.2d 550, 556-57 (D.C. Cir. 1965) (holding that a defendant's sentence must consider the total time he served in prison so that it does not exceed the maximum statutory punishment for an offense). In this case, Mr. DaSilva has served the penalty on 40 U.S.C. § 5104(e)(2)(F) in full, and this Court must take account of that when imposing a sentence.

The facts underlying his conviction for 40 U.S.C. § 5104(e)(2)(F) are the same as his conviction for 18 U.S.C. § 111(a). The assault offense under 40 U.S.C. § 5104(e)(2)(F) serves as a lesser included offense for 18 U.S.C. § 111(a) when jurisdictional elements are set aside. Mr. DaSilva has already been punished for 40 U.S.C. § 5104(e)(2)(F). Accordingly, Mr. DaSilva can no longer be punished for violating 18 U.S.C. § 111(a). *See In re Bradley*, 318 U.S. 50, 52 (1943)

---

[1] By his April 23, 2024 sentencing, Mr. DaSilva will have served approximately nine months.

(once the judgment of the court was "executed so as to be a full satisfaction of one of the alternative penalties of the law, the power of the court was at an end"); *Short v. United States*, 344 F.2d 550, 556-57 (D.C. Cir. 1965).

### V. Penalty Preclusion on Both Civil Disorder and Felony Assault

Since 18 U.S.C. § 231(a)(3) is a lesser included offense of 18 U.S.C. § 111(a)(1) based on the analysis in Section III *supra*, a defendant can only be punished for one of these offenses, but not both. *See Brown v. Ohio*, 432 U.S. 161, 169 (1977); *Ball v. United States*, 470 U.S. 856 (1985); *United States v. Dale*, 991 F.2d 819 (D.C. Cir. 1993). Therefore, the Government also cannot use 18 U.S.C. § 231(a)(3) as a penalty enhancement for 18 U.S.C. § 111(a).

### VI. Counts of Conviction Violative of Double Jeopardy Must Be Vacated

Pursuant to this Court's Order dated February 8, 2024, this Court retains the inherent power to reconsider the guilty verdicts on any count of conviction as long as the district court has jurisdiction over the case. *See* ECF No. 118. The Supreme Court has also held that the district court retains the power to vacate a conviction on either the greater or lesser included offense when both result in a conviction. *See Ball v. United States*, 470 U.S. 856 (1985) ("the only remedy consistent with the congressional intent is for the District Court, where the sentencing responsibility resides, to exercise its discretion to vacate one of the underlying convictions").

If this Court determines that a count of conviction is a lesser-included offense of another, then the Court *must* vacate one of the counts. *See Ball v. United States*, 470 U.S. 856 (1985) (a District Court must "exercise its discretion to vacate one of the underlying convictions");

*Rutledge v. United States*, 517 U.S. 292 (1996) (an accused cannot be convicted of both a greater offense and a lesser-included offense, "the second conviction, even if it results in no greater sentence, is an impermissible punishment"); *United States* v. Williams, 782 F. Supp. 7 (D.D.C. 1992) (vacating a count of conviction at the time of sentencing); *United States v. Dale*, 991 F.2d 819 (D.C. Cir. 1993)(remanding the case back to the district court to vacate one of the overlapping counts of conviction). *Accord United States v. Anderson*, 39 F.3d 331 (D.C. Cir. 1994); *United States v. Edmond*, 52 F.3d 1080 (D.C. Cir. 1995); *United States v. Baylor*, 97 F.3d 542 (D.C. Cir. 1996); *United States v. Clark*, 184 F.3d 858 (D.C. Cir. 1999); *United States v. Flores*, 995 F.3d 214 (D.C. Cir. 2021). The District Court retains discretion on which count to vacate. *United States v. Cooper,* 886 F.3d 146 (D.C. Cir. 2018).

> Respectfully submitted,
> By Counsel:
>
> /s/
> _____
> Marina Medvin, Esq.
> *Counsel for Defendant*
> MEDVIN LAW PLC
> 916 Prince Street
> Alexandria, Virginia 22314
> Tel:  888.886.4127
> Email: contact@medvinlaw.com

**CERTIFICATE OF SERVICE FOR CM/ECF**

I hereby certify that on April 9, 2024, I will electronically file the foregoing with the Clerk of the Court for the United States District Court for the District of Columbia by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

/s/
_____
Marina Medvin, Esq.